UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN et al.,

    Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE FOR DEFENDANTS TO PRODUCE DOCUMENTS PURSUANT TO THE COURT'S SCHEDULING ORDER OF APRIL 1, 2015**

Defendants James Risen, Houghton Mifflin Harcourt Publishing Company, and Houghton Mifflin Harcourt Company (collectively, "Defendants") respond to Plaintiff Dennis Montgomery's Motion for Order to Show Cause for Defendants to Produce Documents Pursuant to the Court's Scheduling Order of April 1, 2015 (the "Motion"). ECF No. 45.

## I.  BACKGROUND

On April 14, 2015, immediately after Judge Martinez held a status conference in this action,[1] Plaintiff's counsel and Defendants' counsel met in person for a pre-arranged scheduling

---

[1] Plaintiff requested the status conference to "discuss methods of expediting this lawsuit at the earliest practicable date to ensure that crucial information in the form of Plaintiff's testimony is not lost as a result of his failing health." Pl.'s Emer. Mot. Status Conf. 1, ECF No. 9. The most recent document that Plaintiff has provided about his health is a January 6, 2015, letter stating that he had sustained "multi-infarct strokes," completed "Swedish inpatient rehab," and was then "in outpatient PT, OT to work" on related health concerns. *See* Letter from Paul Chuwn Lim (Jan. 6, 2015), ECF No. 9-1. Since then, Plaintiff has participated, or has recently sought to participate, in three different actions in courts—including one appellate court—across the country. *See Ortega Melendres v. Arpaio*, No. 07-cv-02513 (D. Ariz. May 7, 2015), ECF Nos. 1057–58 (Dennis L. Montgomery's Mot. for Intervention of Right & Mem. Law in Support of Mot. to Recuse/Disqualify Judge G. Murray Snow Under 28 U.S.C. § 144); Emergency Petition

conference as required by paragraph four of Judge Martinez's April 1, 2015, order (the "April 1 Order"). ECF No. 16. Paragraph four required the parties to "accomplish" four things at that conference:

> (1) determine the appropriate case management track for the action; (2) exchange documents and witness lists in compliance with Local Rules 16.1B [sic]; (3) develop a case management plan which sets deadlines in compliance with paragraphs A, B, and C of this Order; and (4) discuss settlement, in good faith, after reviewing the opposing parties' disclosed documents and witness lists in compliance with Local Rule 16.1B(1) [sic].

April 1 Order ¶ 4. The parties' counsel discussed and endeavored to accomplish each of these items to the extent practicable at that time. Counsel discussed the case-management track (item 1) and the development of a case-management plan (item 3). Neither party at that conference exchanged any documents or provided witness lists to the other (item 2). The parties also agreed to comply with the Local Rules and to make initial disclosures on April 24. Before the time of this conference, Defendants had filed two motions to dismiss and attached as exhibits thereto approximately 300 pages of documents in support thereof. *See* ECF Nos. 25–26.

After the scheduling conference, Defendants' counsel considered the extent of the "documents and witness lists" required to be exchanged on April 24. In so doing, Defendants' counsel noticed that the April 1 Order inaccurately cited the Local Rules. Again, the April 1 Order required the parties at the scheduling conference to "exchange documents and witness lists in compliance with Local Rules 16.1B," although neither party attempted to do so. Upon further

---

for Writ of Mandamus for Recusal Pursuant to 28 U.S.C. § 445 and/or 28 U.S.C. § 144, *Montgomery v. U.S. District Court* (*In re Dennis L. Montgomery*), No. 15-71433 (9th Cir. May 11, 2015), *petition denied* (9th Cir. May 12, 2015); *Klayman v. Obama*, No. 13-cv-851-RJL (D.D.C. Mar. 20, 2015), ECF No. 129 (Plaintiff's motion for in chambers and ex parte interview of witness Dennis Montgomery"); *Montgomery v. Risen*, No. 15-cv-20782-JEM (S.D. Fla. filed Feb. 24, 2015). Plaintiff has also allegedly moved to Florida—and even registered to vote. *See* Decl. Pl. Dennis Montgomery in Support of Pl.'s Opp'n to Defs.' Mot. Challenging Fla. Jrsd. & Venue ¶¶ 8–10, ECF No. 38-1. Plaintiff's health may indeed be failing. But, based on his activities just this year, one could be forgiven for having doubts.

consideration, Defendants' counsel realized that there currently is no Local Rule 16.1B. And although there is a Local Rule 16.1(b), it is silent on exchanging documents and witness lists.

Defendants' counsel nonetheless sought in good faith to comply with the April 1 Order by following the Federal Rules of Civil Procedure (Rule 26), the Local Rules (Rule 16.1), and by meeting their commitment to make initial disclosures on April 24. Similar to what paragraph four of the April 1 Order states, Local Rule 16.1(b)(1) states that the parties' counsel "*must* meet in person … for the purposes prescribed by Federal Rule of Civil Procedure 26(f)." And Rule 26(f)(2) states that in conferring "the parties must … make or arrange for the disclosures required by Rule 26(a)(1)." And Rule 26(a)(1), which is the initial-disclosures rule, requires that the parties provide "a copy—*or a description by category and location*—of all documents … that the disclosing party has … and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added).

Based on this straightforward reading of the Local Rules and the Federal Rules, and based on the comments to Local Rule 16,[2] Defendants' counsel reasonably concluded that the April 1 Order required only that the parties at the scheduling conference arrange for the making of the initial disclosures, which the parties did. Defendants' counsel concluded that Defendants were not required at the scheduling conference to produce any or all documents that they might use in support of their defenses, or that their initial disclosures needed to be other than as prescribed by Rule 26(a)(1)(A).[3]

---

[2] The comments to Local Rule 16.1 show that the Local Rule has been amended at least ten times, and they repeatedly refer to Federal Rule of Civil Procedure 26. To Defendants' counsel, this further suggested that the April 1 Order should be interpreted consistent with Local Rule 16.1 and Rule 26.

[3] Providing only a "description by category and location" of the documents is more common, as the drafters of Rule 26 recognized. *See* Fed. R. Civ. P. 26 advisory committee notes (1993 Amendments) ("Unlike subparagraphs (C) and (D), subparagraph (B) does not require

After so concluding, and in an abundance of fair play, Defendants' counsel, on Tuesday, April 21, 2015, e-mailed Plaintiff's counsel informing him of their understanding of the April 1 Order. *See* Pl.'s Mot. Ex. 1, ECF No. 45-1. Defendants' counsel wrote that on April 24, 2015, Defendants would be providing "a description by category and location" of their documents, but not the documents themselves, in compliance with Federal Rule of Civil Procedure 26. *See id.* And Defendants did just that—they served their initial disclosures on April 24, 2015.[4]

## II. PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE SHOULD BE DENIED

Unsatisfied with Defendants' complying with the letter and spirit of the Federal Rules of Civil Procedure, the Local Rules, and their understood intent of the April 1 Order, Plaintiff has moved, under "this Court's inherent authority to enforce its Orders," for "an order to show cause for Defendants to produce documents pursuant to" the April 1 Order. Pl.'s Mot. 1. Plaintiff claims that "Defendants have violated [the April 1] Order and have prejudiced Plaintiff." *Id.* 2. Plaintiff states that, although "settlement is unlikely," he "in good faith wishes to review the documents." *Id.* 3. Plaintiff further states that he would need the documents to "respond adequately to any of [Defendants'] voluminous motions to dismiss." *Id.*

For at least three reasons, the Court should deny the Motion.

*First*, Plaintiff has not established that he is entitled to relief. Plaintiff seeks relief based on *Plaintiff's* interpretation of a provision of the April 1 Order, which requires the exchange of "documents and witness lists" "in compliance with Local Rules 16.1B." But as even Plaintiff

---

production of any documents. Of course, in cases involving few documents a disclosing party may prefer to provide copies of the documents rather than describe them, and the rule is written to afford this option to the disclosing party. If, *as will be more typical*, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests." (emphasis added)).

[4] Defendants' Initial Disclosures served on April 24, 2015, are attached hereto as Exhibit A.

4

seems to agree, Local Rule 16.1B does not exist, and Plaintiff has put forth no cogent reason why his interpretation of the provision, as opposed to Defendants', is correct. Where, as here, a party seeks relief based on another's alleged noncompliance with a court order, the burden is on the party seeking relief to show noncompliance. *See Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 814, 821 (11th Cir. 2010) ("On a contempt motion, the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's noncompliance with a court order." (internal quotation marks omitted)). Plaintiff has not done so. And he has therefore not shown that he is entitled to the relief he seeks—in effect, an order compelling the production of (unspecified) documents.[5]

*Second*, Plaintiff's interpretation of paragraph four of the April 1 Order is problematic, and there are good reasons why the Court should not interpret it as Plaintiff would. To begin with, Plaintiff seeks to interpret it in a way that is inconsistent with its plain terms, as well as with how even Plaintiff has interpreted it. For example, paragraph four states that "*[a]t this conference* the parties shall accomplish" four tasks, including to "exchange documents and witness lists in compliance with Local Rules 16.1B," and to "discuss settlement … after reviewing the opposing parties' disclosed documents and witness lists in compliance with Local Rule 16.1B(1)." April 1 Order ¶ 4 (emphasis added). But not even Plaintiff contends that the parties were required to exchange documents or discuss settlement "*[a]t this conference*." And neither did. Instead, Plaintiff is content to have done both later on, which would appear to

---

[5] Plaintiff's interpretation is based in part on the 1996 comment to Local Rule 16.1. *See* Pl.'s Mot. 2–3. It is unclear why. That comment states that the Local Rule was "amended to require that a party producing documents … at the conference either uniquely stamp the materials produced or provide a particularized list of what is being produced." S.D. Fla. L.R. 16.1 cmt. (1996)[B.1.] But Local Rule 16.1 currently has no such requirement, which further suggests that any requirement to produce documents at the scheduling conference has been deleted from the Local Rules. Plaintiff's citation to the 1996 comment hurts—not helps—his interpretation.

contradict the plain language. For another example, Plaintiff would apparently ignore the phrase that comes after "exchange documents and witness lists," which is "in compliance with Local Rules 16.1B." But that phrase is important, for it modifies the "documents and witness lists" to be exchanged. Without it, the scope of just what "documents and witness lists" are to be exchanged is left to an educated guess. Finally, there is inherent ambiguity in the phrase "documents and witness lists." The plural of "lists" would appear to modify both "documents" and "witness" requiring lists of both, consistent with Rule 26. The ambiguity arises because "documents," like "lists," is also in the plural. Any ambiguity should be resolved consistent with Rule 26.[6]

Further, interpreting paragraph four of the April 1 Order as requiring at the scheduling conference the exchange of actual documents makes the April 1 Order inconsistent with Federal Rule of Civil Procedure 26. To be sure, Rule 26(f)(2) requires only that the parties "make or arrange for the disclosures required by Rule 26(a)(1)," and Rule 26(a)(1) requires only a

---

[6] Plaintiff states that on April 24 he "produced initial disclosure documents and a witness list … pursuant to this Court's Order." Pl.'s Mot. 2. He did not, and he mischaracterizes his own limited effort to produce documents here. Plaintiff produced about 60 pages of documents, consisting of e-mails, medical letters, a voter-status print-out, an order for supplies or services, and some corporate records. But those documents hardly constitute all "initial disclosure documents"—i.e., "a copy … of *all* documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). In large part, Plaintiff alleges in this action that Defendants defamed him by writing that he falsely sought to get rich off the federal government in the post–September 11 era by pushing alleged bogus counterterrorism software. *See* Am. Compl. ¶¶ 97–159, ECF No. 44. To prevail, Plaintiff will have to prove the falsity of Defendants' statements; he will have to come forward with this software and show that it works, with governmental reports analyzing his software, with the video allegedly showing his work, with data produced by the software, and with any correspondence he has had with the government about the software, among many other items referenced in his declaration filed in this case. *See* Decl. Pl. Dennis Montgomery in Support of Pl.'s Opp'n to Defs.' Mot. Challenging Fla. Jrsd. & Venue ¶¶ 7, 28, 30. Yet Plaintiff's "initial disclosure documents" included none of these things, and did not provide even a "description" of them. If anyone has failed to provide initial disclosures, it is Plaintiff.

"description" of certain categories of documents to be produced. Thus, interpreting the April 1 Order as *requiring* the production of actual documents—instead of, as Rule 26(a)(1)(A)(ii) permits, only a "description by category and location" thereof—would be inconsistent with the Federal Rules of Civil Procedure. And that interpretation is impermissible, for a "judge may regulate practice in any manner *consistent with* federal law, rules … , and the district's local rules." Fed. R. Civ. P. 83(b) (emphasis added); *accord* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3152 (2d ed. 2015) ("Under Rule 83(b), standing orders of individual judges *must be* consistent with federal law, national rules, and local rules." (emphasis added)).[7]

*Third*, the principal reason that Plaintiff states he needs documents is for "use … in opposition to [Defendants'] renewed motions to dismiss." Pl.'s Mot. 3. But this, also, is no reason to grant the Motion. To begin with, after Defendants filed their initial motions to dismiss, *see* ECF Nos. 25–26, Plaintiff did not seek to obtain any discovery in order to oppose those motions. Indeed, Plaintiff filed fulsome oppositions even though the motions were rendered moot by Plaintiff's seeking leave to file an amended complaint. *See* ECF Nos. 38–44. Further, Plaintiff is speculating. Defendants have (and will) move to dismiss chiefly on Rule 12(b) grounds. But any documents that Defendants would produce in accordance with Rule 26 would only be those that Defendants "may use to support [their] … defenses." Thus, even if Defendants had produced documents, they would be required to produce only those documents that Defendants may use to support their defenses, and Plaintiff would not necessarily use any of them to defeat Defendants' forthcoming motions to dismiss. Last, Plaintiff already has received from Defendants many

---

[7] The 2000 amendment to Rule 26 further shows that courts may not through standing orders alter the initial-disclosure requirements. *See* Fed. R. Civ. P. 26 advisory committee notes (2000 Amendment) ("The amendments remove the authority to alter or opt out of the national disclosure requirements by local rule, invalidating not only formal local rules but also informal 'standing' orders of an individual judge or court that purport to create exemptions from—or limit or expand—the disclosure provided under the national rule." (citing Fed. R. Civ. P. 83)).

documents. Attached to Defendants' initial motion to dismiss or transfer are over 300 pages of exhibits—many that Defendants may use to support their defenses. *See* ECF No. 25-1 to -24.[8]

## III. CONCLUSION

For these reasons, the Court should deny the Motion.

---

[8] As stated elsewhere, *see* Defs.' Notice at 2, ECF No. 29, Defendants maintain that no discovery should commence pending resolution of their forthcoming motions to dismiss. Indeed, Defendants requested a stay of discovery by their Special Motion to Dismiss the Complaint Under the D.C. Anti-SLAPP Statute, ECF No. 26, and will be renewing that request by a renewed special motion to dismiss.

Dated: May 15, 2015                                    Respectfully submitted,

                                                    s/Brian W. Toth
Sanford L. Bohrer
Florida Bar No. 160643
sbohrer@hklaw.com
Brian W. Toth
Florida Bar No. 57708
brian.toth@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799

– and –

Laura R. Handman (admitted *pro hac vice*)
laurahandman@dwt.com
Micah J. Ratner (admitted *pro hac vice*)
micahratner@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., NW, Suite 800
Washington, D.C.  20006
Tel.: (202) 973-4200
Fax: (202) 973-4499

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 15, 2015, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

                                                    s/Brian W. Toth

#35552891_v4