UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS L. MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN, HOUGHTON MIFFLIN
HARCOURT PUBLISHING CO., MIFFLIN
HARCOURT CO., HMH HOLDINGS, INC.,

    Defendants.

_____/

# DEFENDANTS' RENEWED SPECIAL MOTION TO DISMISS UNDER THE APPLICABLE ANTI-SLAPP STATUTE AND MEMORANDUM IN SUPPORT

| **HOLLAND & KNIGHT LLP** | **DAVIS WRIGHT TREMAINE LLP** |
|---|---|
| Sanford L. Bohrer | Laura R. Handman (admitted *pro hac vice*) |
|   Sandy.Bohrer@hklaw.com |   laurahandman@dwt.com |
| Brian W. Toth | Micah J. Ratner (admitted *pro hac vice*) |
|   Brian.Toth@hklaw.com |   micahratner@dwt.com |
| 701 Brickell Avenue, Suite 3300 | 1919 Pennsylvania Ave., NW, Suite 800 |
| Miami, Florida  33131 | Washington, D.C.  20006 |
| Tel: (305) 374-8500 | Tel.: (202) 973-4200 |
| Fax: (305) 789-7799 | Fax: (202) 973-4499 |

*Counsel for Defendants*

**TABLE OF CONTENTS**

                                                          **Page**

I.    PRELIMINARY STATEMENT ........................................................................................ 1

II.   ARGUMENT .................................................................................................................... 2

        A.    Under Florida's Choice-of-Law Principles, the D.C., Washington, California, or Nevada Anti-SLAPP Statute Applies ................................................................ 2

        B.    Anti-SLAPP Statutes Provide Substantive Protections Against Claims Targeting the Exercise of Free Speech About Issues of Public Concern ............... 5

        C.    Plaintiff's Claims Fall Within the Scope of the Anti-SLAPP Statute, and He Cannot Demonstrate a "Probability of Prevailing" or "Likelihood of Success" on the Merits ...................................................................................................... 9

        D.    The Anti-SLAPP Statute's Stay of Discovery Should Apply Pending Decision on the Anti-SLAPP Motion .................................................................. 10

III.  CONCLUSION ............................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Abbas v. Foreign Policy Grp.*,
   2015 WL 1873140 (D.C. Cir. Apr. 24, 2015) ................................................................. 6, 7

*Adelson v. Harris*,
   774 F.3d 803 (2d Cir. 2014) .......................................................................................... *passim*

*Aeroplate Corp. v. Arch Ins. Co.*,
   2006 WL 3257487 (E.D. Cal. Nov. 9, 2006) ...................................................................... 10

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................ 10

*Aronson v. Dog Eat Dog Films, Inc.*,
   738 F. Supp. 2d 1104 (W.D. Wash. 2010) ........................................................................... 6

*Atigeo LLC v. Offshore Ltd.*,
   2014 WL 239096 (W.D. Wash. Jan. 22, 2014) ............................................................ 4, 5, 9

*Batzel v. Smith*,
   33 F.3d 1018 (9th Cir. 2003) ............................................................................................... 5

*Beckham v. Bauer Publ'g Co.*,
   2011 WL 977570 (C.D. Cal. Mar. 17, 2011) ................................................................. 8, 11

*CanaRx Servs. v. LIN Television Corp.*,
   2008 WL 2266348 (S.D. Ind. May 29, 2008) ...................................................................... 8

*Card v. Pipes*,
   398 F. Supp. 2d 1126 (D. Or. 2004) .................................................................................... 8

*Castellanos v. Pfizer, Inc.*,
   2008 WL 2323876 (S.D. Fla. May 29, 2008) ...................................................................... 2

*Davis v. Avvo, Inc.*,
   2012 WL 1067640 (W.D. Wash. Mar. 28, 2012) ................................................................ 6

*Global Relief v. N.Y. Times Co.*,
   2002 WL 31045394 (N.D. Ill. Sept. 11, 2002) .................................................................... 4

*Godin v. Schencks*,
   629 F.3d 79 (1st Cir. 2010) .............................................................................................. 7, 9

*Haack v. City of Carson City*,
    2012 WL 3638767 (D. Nev. Aug. 22, 2012) ..................................................................6, 11

*Henry v. Lake Charles Am. Press, LLC*,
    566 F.3d 164 (5th Cir. 2009) ................................................................................................7

*Jaisinghani v. Capital Cities/ABC, Inc.*,
    973 F. Supp. 1450 (S.D. Fla. 1997) ...................................................................................3, 4

*Liberty Synergistics Inc. v. Microflo Ltd.*,
    718 F.3d 138 (2d Cir. 2013)..................................................................................................4

*Makaeff v. Trump Univ., LLC*,
    736 F.3d 1180 (9th Cir. 2013) ...........................................................................................7, 9

*Michel v. NYP Holdings, Inc.*,
    2015 WL 1285309 (S.D. Fla. Mar. 4, 2015), *appeal docketed*, No. 15-11453
    (11th Cir. Apr. 3, 2015) .......................................................................................................3

*Price v. Stossel*,
    620 F.3d 992 (9th Cir. 2010) ................................................................................................9

*Ranbaxy Labs., Inc. v. First Databank, Inc.*,
    2014 WL 982742 (M.D. Fla. Mar. 12, 2014) ...............................................................1, 2, 3

*Royalty Network, Inc. v. Harris*,
    756 F.3d 1351 (11th Cir. 2014) ............................................................................................7

*Smith v. Payne*,
    2012 WL 6712041 (N.D. Cal. Dec. 26, 2012).....................................................................10

*Thomas v. L.A. Times Commc'ns LLC*,
    189 F. Supp. 2d 1005 (C.D. Cal.), *aff'd*, 45 F. App'x 801 (9th Cir. 2002) ..........................7, 8

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999) .......................................................................................6, 7, 9

**State Cases**

*Bishop v. Fla. Specialty Paint Co.*,
    389 So. 2d 999 (Fla. 1980)................................................................................................2, 3

*Jensen v. City of Boulder City*,
    2014 WL 495265 (Nev. Jan. 24, 2014)..................................................................................6

*John v. Douglas Cnty. Sch. Dist.*,
    125 Nev. 746 (2009) .............................................................................................................5

**Constitutional Provisions**

U.S. Const. amend. V ...........................................................................................................10

**State Statutes**

Cal. Code Civ. Proc. § 425.16 ...................................................................................5, 6, 10

D.C. Code § 16-5501 ...................................................................................................5, 6, 9

D.C. Code § 16-5502(a) .............................................................................................5, 6, 10

D.C. Code § 16-5504(a) ..........................................................................................................5

Nev. Rev. Stat. § 41.635(4) ...................................................................................................6

Nev. Rev. Stat. § 41.650 ....................................................................................................6, 9

Nev. Rev. Stat. § 41.660 ............................................................................................5, 6, 10

Nev. Rev. Stat. § 41.670(1)(a) ..............................................................................................5

RCW § 4.24.525 ..........................................................................................................5, 6, 9

**Rules**

Fed. R. Civ. P. 11 .....................................................................................................................7

Fed. R. Civ. P. 12 .........................................................................................................*passsim*

Fed. R. Civ. P. 56 ..........................................................................................................6, 9, 10

**Other Authorities**

Restatement (Second) of Conflict of Laws § 150 .............................................................2, 3, 4

S.B. 6395, 61st Leg., 2010 Reg. Sess. (Wash. 2010) ................................................................5

**SPECIAL MOTION TO DISMISS AND REQUEST FOR HEARING**

Defendants James Risen ("Risen"), Houghton Mifflin Harcourt Publishing Company ("HMH"), and Houghton Mifflin Harcourt Company ("HMHC"), improperly sued as HMH Holdings, Inc., (together "HMH Companies"), respectfully renew their special motion to dismiss under the applicable anti-SLAPP ("Strategic Lawsuits Against Public Participation") statute granting dismissal with prejudice and awarding reasonable attorneys' fees, costs, and all other awards authorized by the relevant anti-SLAPP statute, including a stay of discovery while this motion is pending. Defendants request a hearing due to the complexity and number of issues involved.

## I.  PRELIMINARY STATEMENT

Plaintiff Dennis Montgomery brings this libel action against Pulitzer Prize-winning author James Risen, and his publisher, arising from statements in Chapter 2 ("Chapter") of his book, *Pay Any Price: Greed, Power, and the Endless War* (the "Book") that report allegations that Montgomery perpetrated a fraud on the federal government. The Defendants have concurrently filed motions to dismiss or transfer. If those motions are not granted, the Court should nonetheless dismiss because Plaintiff cannot show that he is likely to succeed on the merits, as required under the applicable anti-SLAPP statute, designed to dispose swiftly of meritless claims brought to chill speech on matters of public concern.

***First***, under Florida's choice-of-law rules, the substantive law of D.C. has the most significant relationship with this lawsuit, with Washington a close second. Other states with significant relationships include California and Nevada. All of these states have enacted anti-SLAPP statutes. Florida law, lacking a significant relationship, does not apply.[1] ***Second***, this

---

[1] Florida does not currently have an anti-SLAPP law.

1

Court should follow the weight of authority and hold that anti-SLAPP statutes provide substantive protections that apply in this diversity action under *Erie* principles. ***Third***, the Book is protected expression on an issue of public interest – alleged fraud in national-security contracting – well within the scope of the relevant anti-SLAPP statute. ***Fourth***, for the same reasons Montgomery cannot state a claim under Rule 12(b)(6), he cannot show a likelihood of success on the merits required to survive a special motion to dismiss under the anti-SLAPP statute.[2]  Thus, the Court should dismiss the Amended Complaint with prejudice, and award Defendants attorneys' fees and costs as authorized by the applicable anti-SLAPP statute.

## II. ARGUMENT

### A. Under Florida's Choice-of-Law Principles, the D.C., Washington, California, or Nevada Anti-SLAPP Statute Applies

"A federal district court sitting in diversity applies the choice-of-law rules of the forum state." *Castellanos v. Pfizer, Inc.*, 2008 WL 2323876, at *3 (S.D. Fla. May 29, 2008).  In tort cases, Florida courts apply the "significant relationship" test, which provides that "[t]he rights and liabilities of the parties . . . are determined by the local law of the state which . . . has the most significant relationship to the occurrence and the parties[.]" *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980).  Where, as here, the claim involves allegedly defamatory statements circulated nationwide, the state with the most significant relationship "will usually be the state where the person was domiciled at the time, if the matter complained of was published in that state." Restatement (Second) of Conflict of Laws § 150(2).  *Cf. Ranbaxy Labs., Inc. v. First Databank, Inc.*, 2014 WL 982742, at *5 (M.D. Fla. Mar. 12, 2014) (citing Restatement (Second) of Conflict of Laws § 150(1)).  Other considerations include: "(a) the state or states where the defendant did his act or acts of communication, such as assembling, printing and

---

[2] Defendants incorporate by reference the facts stated in support of Defendants' concurrently filed motions to dismiss and/or transfer ("Motion to Dismiss").

2

distributing a magazine or book and (b) the state or states of the defendant's domicil[e] . . . ." *Id.* § 150(2) cmt. e.  D.C. bears the most significant relationship to this lawsuit, with Washington a close second.  If the Court decides neither applies, it should choose California or Nevada law.

The location of conduct giving rise to the alleged injury weighs heavily in favor of D.C.  In *Michel v. NYP Holdings, Inc.*, this District recently applied New York law where an allegedly libelous article was researched, authored, and published in New York about events involving plaintiff that occurred in New York, even though plaintiff was a Florida resident.  2015 WL 1285309, at *3 (S.D. Fla. Mar. 4, 2015), *appeal docketed*, No. 15-11453 (11th Cir. Apr. 3, 2015).  Similarly, this action stems from the Chapter researched and written in or near D.C., where Risen lives and works.  Further, the court applied New York law to a New York publication to encourage "certainty, predictability and uniformity of result" and "ease in the determination and application of the law to be applied," interests served here by applying D.C. law to an author working in D.C.  *Id.* (quoting *Bishop*, 389 So. 2d at 1001); (Risen Decl. ¶¶ 2, 8.)

The place where the parties' relationship is centered also favors D.C., or in the alternative, Washington, California, or Nevada.  Courts consider the location where: (1) the author researched for the publication; (2) the author contacted the plaintiff; (3) and the plaintiff's actions in the publication occurred.  *Jaisinghani v. Capital Cities/ABC, Inc.*, 973 F. Supp. 1450, 1453 (S.D. Fla. 1997).  Risen researched for the Chapter in or near D.C. and interviewed Montgomery while he lived in California and Washington.  Events discussed in the Chapter occurred in Nevada (Book at 41-42), California (*id.* at 52)), and in or near D.C. (*id.* at 41-42, 45).

The place of injury also points to D.C. or Washington.  "Plaintiff does not show how this damage is unique to Florida." *Jaisinghani*, 973 F. Supp. at 1452.  Plaintiff claims the Chapter defamed him by reporting he defrauded federal government agencies (the White House, CIA,

3

Pentagon, NSA) based in and around D.C., thus Montgomery cannot credibly claim "damage unique to Florida." In addition, "Plaintiff has not shown that [his] business opportunities were pending at the time of the publication." *Id.* His most recent opportunities have been in Arizona. (*See* Motion to Dismiss at 20 & n.22.) Allegations about his contracting fraud were publicized eight years before the Book, so any impact occurred long before the Book. And, if Plaintiff's claims are credited, his illness would prevent him from actively working anyway.

Plaintiff was domiciled in Washington at the time of publication, which favors Washington law. *See id.* (holding that California libel law applied because plaintiff never established a domicile in Florida after moving here from California years before); Restatement (Second) of Conflict of Laws § 150(2). Whether or not Montgomery is now domiciled in Florida, he was not domiciled here at the time of the events in the Chapter, when Risen interviewed him for the Book, or when the Book was published. (*See* Motion to Dismiss at 4-6.) Even if his domicile post-publication were relevant,"[t]he burden is on Plaintiff to demonstrate that he changed his domicile to Florida; the presumption is that it remained in" Washington. *Jaisinghani*, 973 F. Supp. at 1454. All Montgomery can point to is registering to vote, literally on the eve of filing the Complaint, so his domicile remained in Washington. (*See* Motion to Dismiss at 6-7.)

Courts routinely apply another state's anti-SLAPP statute as substantive law.[3] Indeed, in a libel suit filed against Montgomery which was transferred to the Western District of Washington, Montgomery invoked the California anti-SLAPP statute by filing a special motion to strike the libel claim. *See Atigeo LLC v. Offshore Ltd.*, 2014 WL 239096, at *7 (W.D. Wash.

---

[3] *See Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014) (applying Nevada anti-SLAPP statute); *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 143-44 (2d Cir. 2013) (applying California anti-SLAPP statute); *Global Relief v. N.Y. Times Co.*, 2002 WL 31045394, at *11 (N.D. Ill. Sept. 11, 2002) (applying California anti-SLAPP statute).

Jan. 22, 2014) ("California's anti-SLAPP statute appl[ies] to Plaintiffs' libel claim.").[4] If this case is not transferred or dismissed, this Court should similarly apply the D.C., Washington, California, or Nevada anti-SLAPP statute.

### B. Anti-SLAPP Statutes Provide Substantive Protections Against Claims Targeting the Exercise of Free Speech About Issues of Public Concern

D.C., Washington, California, and Nevada have enacted anti-SLAPP statutes to mitigate the chilling effect of meritless lawsuits brought not with the expectation of winning, but of harassing, retaliating against, and silencing those who speak and publish on matters of public interest.[5] These anti-SLAPP statutes expedite a court's finding that a SLAPP suit is not viable and reallocates the burdens of cost to winnow out such meritless suits.

These statutes allow defendants to file an anti-SLAPP motion, called a "special motion to strike" or "special motion to dismiss" against "any claim arising from an act in furtherance of the right of advocacy on issues of public interest." D.C. Code § 16-5502(a); Wash. Rev. Code ("RCW") § 4.24.525(4)(b); Cal. Code Civ. Proc. ("CCCP") § 425.16(b)(1); Nev. Rev. Stat. ("NRS") § 41.660(2). A presumptive stay of discovery applies, absent a showing of good cause (*see infra*, section II.D).[6] These statutes call for expeditious consideration of the anti-SLAPP motion.[7] A prevailing defendant may be entitled to attorneys' fees and costs.[8]

---

[4] After the court applied California's anti-SLAPP statute, it ultimately denied Montgomery's anti-SLAPP motion because the plaintiff showed a probability of prevailing on the merits against Montgomery. *Id.* at *8.
[5] *See* D.C. Code § 16-5501; S.B. 6395, 61st Leg., 2010 Reg. Sess. (Wash. 2010); *Batzel v. Smith*, 33 F.3d 1018, 1024 (9th Cir. 2003); *John v. Douglas Cnty. Sch. Dist.*, 125 Nev. 746, 752 (2009).
[6] D.C. Code § 16-5502(c); RCW § 4.24.525(5)(c); CCCP § 425.16(g); NRS § 41.660(e).
[7] D.C. Code § 16-5502(d); RCW § 4.24.525(5)(b); CCCP § 425.16(f).
[8] D.C. Code. § 16-5504(a). An award of attorneys' fees is discretionary under the D.C. statute, but is mandatory under California, Washington, and Nevada's statutes. RCW § 4.24.525(6)(a)(i); CCCP § 425.16(c)(1); NRS § 41.670(1)(a).

5

The court considers the anti-SLAPP motion in two steps. First, the moving party bears the initial burden of demonstrating, by a preponderance of the evidence, that the claims concern an action within the scope of the statute.[9] Second, the burden then shifts to the non-movant to establish a "likelihood of success the merits" or "probability of prevailing" on his claims.[10]

The D.C. statute, modeled on California's, applies to "[a]ny . . . expression or expressive conduct that involves . . . communicating views to members of the public in connection with an issue of public interest." D.C. Code § 16-5501(1)(A), (B). The Washington, California, and Nevada statutes are similarly broad and clearly reach speech such as at issue here.[11] These statutes effectively apply *immunity from suit* – not just immunity from liability.[12]

For more than fifteen years, the Ninth Circuit and federal district courts have applied California's anti-SLAPP statute to state-law claims as substantive law.[13] Federal courts have also repeatedly applied the Washington[14] and Nevada[15] anti-SLAPP statutes. Federal district courts applied D.C.'s anti-SLAPP statute until April 24, 2015, when a panel of the D.C. Circuit held that the D.C. anti-SLAPP statute does not apply in federal court reasoning that "likelihood of success" imposes a higher standard than Federal Rules of Civil Procedure 12 and 56 and therefore conflicts with these rules. *Abbas v. Foreign Policy Grp.*, 2015 WL 1873140 (D.C. Cir. Apr. 24, 2015). Other than the D.C. Circuit, those "federal appellate courts that have addressed

---

[9] D.C. Code § 16-5502(b); RCW § 4.24.525(4)(b); CCCP § 425.16(b); NRS § 41.660(3).
[10] *Id.* The responding party must show a probability of prevailing "by clear and convincing evidence" under Washington and Nevada law. RCW § 4.24.525(4)(b); NRS § 41.660(3)(b).
[11] RCW § 4.24.525(2)(d), (e); CCCP § 425.16(e)(3), (e)(4); NRS §§ 41.650, 41.635(4).
[12] NRS § 41.650; *Jensen v. City of Boulder City*, 2014 WL 495265, at *1 (Nev. Jan. 24, 2014).
[13] *See, e.g.*, *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999).
[14] *See, e.g.*, *Davis v. Avvo, Inc.*, 2012 WL 1067640 (W.D. Wash. Mar. 28, 2012); *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1111-14 (W.D. Wash. 2010).
[15] *See, e.g.*, *Adelson*, 774 F.3d at 809; *Haack v. City of Carson City*, 2012 WL 3638767 (D. Nev. Aug. 22, 2012).

whether they must enforce these state anti-SLAPP statutes in federal proceedings have concluded that they must." *Godin v. Schencks*, 629 F.3d 79, 81 (1st Cir. 2010). The D.C. Circuit's opinion thus explicitly creates a circuit split with the First, Second, Fifth, and Ninth Circuits following reasoning explicitly rejected by the Ninth Circuit sitting *en banc*.[16] Indeed, the Ninth Circuit recently reaffirmed its commitment to applying state anti-SLAPP laws in federal court, declining a request that the *en banc* court reconsider (and reverse) its longstanding precedent. *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180 (9th Cir. 2013).

The Eleventh Circuit has not decided whether D.C., Washington, California, or Nevada's anti-SLAPP statutes apply in federal court but suggested that they would. *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1361-62 (11th Cir. 2014). This Circuit decided that a complaint-verification requirement, peculiar to Georgia's anti-SLAPP statute, did not apply because it conflicted with Rule 11. *Id.* But it expressly distinguished this case "from the cases considered by other circuits that have found state anti-SLAPP laws applicable in federal court," because those other statutes – such as D.C., Washington, California, and Nevada's – do not include a verification requirement. *See id.*

Recognizing that state anti-SLAPP statutes add an "additional, unique weapon to the pretrial arsenal" (*Newsham*, 190 F.3d at 973), federal courts regularly grant anti-SLAPP motions alongside Rule 12(b)(6) motions where the plaintiff cannot show a probability of prevailing on the merits, because the libel claim is barred, as here, by the fair report privilege, opinion, and plaintiff cannot plausibly plead actual malice as a matter of law.[17] For example, in *Adelson v.*

---

[16] *Abbas*, 2015 WL 1873140, at *3-4 (citing *Godin*, 629 F.3d at 81, 92; *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 168-70 (5th Cir. 2009); *Newsham*, 190 F.3d at 973. *See also Adelson*, 774 F.3d at 809.

[17] *See, e.g.*, *Thomas v. L.A. Times Commc'ns LLC*, 189 F. Supp. 2d 1005, 1009-10 (C.D. Cal.) (granting anti-SLAPP motion, "akin to a Rule 12(b)(6) motion to dismiss," arising out of article

7

*Harris*, a New York federal court applied Nevada's anti-SLAPP law and Rule 12(b)(6) to dismiss libel claims brought by a casino magnate and well-known political contributor, finding that the statements were non-actionable opinion and protected by the fair report privilege. *Adelson*, 973 F. Supp. 2d at 471, 501-02.  Applying cases dismissing under Rule 12(b)(6) for failure to plausibly plead actual malice, the court also held that plaintiff failed to show defendants knew that calling on presidential candidate Mitt Romney to reject casino billionaire Sheldon Adelson's "tainted," "dirty" money was false, given allegations in a lawsuit and an ongoing investigation. *Id.* at 501-02.

As in *Adelson*, other federal courts routinely grant anti-SLAPP motions where, as here, the reporter's newsgathering plainly demonstrates a lack of actual malice.  For example, a California federal court granted a pre-discovery special motion to strike soccer star David Beckham's libel action over an article reporting on his alleged tryst with a call girl.  *Beckham v. Bauer Publ'g Co.*, 2011 WL 977570 (C.D. Cal. Mar. 17, 2011).  The court found that the plaintiff would not be able to show the publisher acted with actual malice as a matter of law since, when it published, it had "interviewed the woman who claims to have had the encounter with" Beckham and had given Beckham an opportunity to respond.  *Id.* at *1.[18]

Where the parties attach material outside the pleadings not otherwise subject to judicial notice, the anti-SLAPP statutes establish a "summary-judgment-like procedure available at an

---

questioning plaintiff's claims that he was a war hero, finding as a matter of law that defendant did not intend to convey the impression that plaintiff lied about his past), *aff'd*, 45 F. App'x 801 (9th Cir. 2002); *Card v. Pipes*, 398 F. Supp. 2d 1126, 1136-37 (D. Or. 2004) (granting author's Rule 12(b)(6) and anti-SLAPP motion against libel claim where statements were non-actionable opinion or not substantially false based on plaintiff's admissions).

[18] *See CanaRx Servs. v. LIN Television Corp.*, 2008 WL 2266348 (S.D. Ind. May 29, 2008) (granting anti-SLAPP motion against claims brought by pharmaceutical distributor over news report on safety of pharmaceuticals, because statements were substantially true and plaintiff could not establish actual malice given reporter's newsgathering efforts).

8

early stage of litigation that poses a potential chilling effect on speech-related activities." *Makaeff*, 736 F.3d at 1183 (quotation marks omitted). Thus, contrary to the D.C. Circuit's opinion, the anti-SLAPP law functions, "at worst," "merely as a mechanism for considering summary judgment at the pleading stage as is permitted under Rule 12(d)." *Id.*

Particularly here, where the anti-SLAPP motion also turns on official records and news reports, all subject to judicial notice (*see* Mot. to Dismiss at note 8), there is no conflict. Thus, this Court should follow the weight of authority to hold that "Rules 12 and 56 'can exist side by side'" with the anti-SLAPP statute, "without conflict." *Godin*, 629 F.3d at 91 (quoting *Newsham,* 190 F.3d at 972). The result is especially appropriate because Montgomery himself invoked an anti-SLAPP statute in federal court. *Atigeo*, 2014 WL 239096, at *7 n.3.

C. **Plaintiff's Claims Fall Within the Scope of the Anti-SLAPP Statute, and He Cannot Demonstrate a "Probability of Prevailing" or "Likelihood of Success" on the Merits**

Defendants easily meet their threshold burden to show that the claims fall within the scope of the anti-SLAPP statutes, which broadly extend protection to any statement made "in connection with an issue of public interest." D.C. Code § 16-5501(1)(B); RCW § 4.24.525(2)(d) & (e); CCCP § 425.16(e)(3)-(4); NRS § 41.650. One can hardly imagine an issue of greater public interest than alleged fraud by government contractors protecting national security.

Thus, Montgomery must establish a likelihood of success on the merits or a probability of prevailing on a claim. *Price v. Stossel*, 620 F.3d 992, 1000 (9th Cir. 2010). Just as if opposing a motion for summary judgment, "[t]he plaintiff must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id*. Here, for reasons discussed more fully in Defendants' Motion to Dismiss § III.D, Montgomery cannot show likelihood of success or

9

probability of prevailing on the merits because: (1) the statements are protected under the fair report privilege; (2) as protected opinion, and (3) Plaintiff cannot plausibly plead fault. Even if not dismissible under Rule 12(b)(6), the claim is not likely to succeed on the merits under the higher standard imposed on plaintiffs to come forward with evidence to support each element of the claim. In the face of court records with damning statements from his former business partner, employees and lawyer, FBI and Air Force investigations, congressional testimony of high-ranking officials, Plaintiff's repeated invocation of the Fifth Amendment to the very question at issue in this suit, and prior articles in reputable publications, Plaintiff cannot come forward with the showing of "clear and convincing" evidence of actual malice.[19]

### D. The Anti-SLAPP Statute's Stay of Discovery Should Apply Pending Decision on the Anti-SLAPP Motion

The anti-SLAPP laws include a stay of discovery pending consideration of the motion and federal courts routinely enforce such stays.[20] The stay under anti-SLAPP statutes can be lifted upon a showing of good cause where plaintiff needs targeted discovery to respond to the motion.[21] But even then, courts will not permit discovery where, as here, no amount of discovery could suffice to establish a viable claim.[22] So here, a stay under the applicable anti-SLAPP law should be put into place.

---

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986) (public figure cannot show "genuine issue if the evidence presented in the opposing affidavits is of insufficient caliber or quantity to allow a rational finder of fact to find actual malice by clear and convincing evidence").

[20] *Aeroplate Corp. v. Arch Ins. Co.*, 2006 WL 3257487, at *9 (E.D. Cal. Nov. 9, 2006) (stay under anti-SLAPP statute appropriate when "(1) the factual basis of the case has been developed through discovery or similar prior proceedings to the extent a motion for summary judgment would be appropriate"; (2) "the parties agree"; or (3) "the only issue presented by the motion is an issue of law" under Rule 12(b)(6)); *Smith v. Payne*, 2012 WL 6712041, at *4 n.7 (N.D. Cal. Dec. 26, 2012) (applying discovery stay where defendants' anti-SLAPP motion "challenges the legal sufficiency of Plaintiffs' claims . . . in the nature of a Rule 12(b)(6) motion to dismiss").

[21] D.C. Code § 16-5502(c)(2); RCW § 4.24.525(5)(c); CCCP § 425.16(g); NRS § 41.660(e).

[22] *See Adelson*, 973 F. Supp. 2d at 503 n.26 (denying Rule 56(d) motion for discovery to oppose Nevada anti-SLAPP motion because "Plaintiff has not alleged knowledge of falsity, facts

10

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay discovery, grant their special motion to dismiss under the relevant anti-SLAPP statute, and award reasonable attorneys' fees, costs, and all other awards authorized by the anti-SLAPP statute.

Dated: May 15, 2015

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: s/ Sanford L. Bohrer
    Sanford L. Bohrer
    Brian W. Toth
    701 Brickell Avenue, Suite 3300
    Miami, Florida  33131
    Tel.: (305) 374-8500
    Fax: (305) 789-7799

DAVIS WRIGHT TREMAINE LLP

By: s/ Laura R. Handman
    Laura R. Handman (admitted *pro hac vice*)
    Micah J. Ratner (admitted *pro hac vice*)
    1919 Pennsylvania Ave., NW, Suite 800
    Washington, D.C.  20006
    Tel.: (202) 973-4200
    Fax: (202) 973-4499

*Counsel for Defendants*

---

supporting such a finding, or a reasonable, non-conclusory basis for believing that discovery will create a genuine issue of material fact"); *Haack*, 2012 WL 3638767, at *6 (granting Nevada anti-SLAPP motion without discovery); *Beckham*, 2011 WL 977570 (denying discovery and granting dismissal under California's anti-SLAPP law).

11

## CERTIFICATE OF SERVICE

I certify that on May 15, 2015, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

s/Sanford L. Bohrer