IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-20782-Martinez/Goodman

DENNIS MONTGOMERY,

               Plaintiff,

v.

RISEN, ET AL.

               Defendants.

_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' BLANKET PROTECTIVE ORDER

### I.      INTRODUCTION

Defendants James Risen, Houghton Mifflin Harcourt Publishing Company, and HMH Holdings Inc., renowned and wealthy individuals and corporations represented by two mega law firms, have predictably moved this Court for a protective order which will allow them to designate any document that they deem confidential as "off limits" from public scrutiny. A simple review of the so-called protective order Defendants propose demonstrates that it is completely inappropriate and not based in law. If implemented, Defendants' proposed protective order is so complex and potentially contentious that it will result in "litigation within litigation," chewing up not only Plaintiff's valuable time and resources but also this Court's.

First, rather than determining confidentiality on a document-by-document basis by agreement, Defendants and their counsel want the right to unilaterally designate documents as confidential; this is ironic and offensive, particularly since Plaintiff, Mr. Dennis Montgomery, was severely libeled and slandered publicly. Thus, to mitigate the damage, it is important that this case be tried in the public forum in order to afford Plaintiff the opportunity to clear his name.

1

Paragraph 5 of the Defendants' proposed protective order puts significant, albeit illegal, restrictions on public disclosure. *See* Exhibit 1.

Second, while Plaintiff recognizes under limited circumstances that confidentiality may be required,[1] Defendants cannot be given an unbridled right to stamp anything they deem confidential, putting in motion a very costly, time-consuming and unnecessary procedure to remove the document from confidential status.[2] *See* Exhibit 1 at ¶¶ 7, 14, 15. In this regard, there is little to nothing that Defendants can produce or testify to that is confidential, including their financial information, which in the case of the two corporate Defendants, is publicly available through filings with the U.S Securities and Exchange Commission. Plaintiff agrees to keep Defendant Risen's tax returns confidential, but this does not justify a blanket protective order on virtually everything else.

Third, it is clear that Defendants and their counsel want a blanket protective order because it will slow down discovery, drastically increasing costs to Plaintiff, an individual party whose resources mount to pennies in the pockets of the Defendants. Indeed this is a Washington, D.C. strategy of large defense law firms as Plaintiff respectfully submits this Court can appreciate.

Finally, case law supports what Plaintiff proposes; that is, a cooperative approach on a document-by-document basis. This is in the interest of adhering to the law and the general concept of the legal system that cases are not to be tried in secret. Transparency of our legal system is a fundamental part of justice.

---

[1]     Indeed, Plaintiff has already agreed to keep a contract between Defendant Risen and the two publisher Defendants confidential.

[2]     It is the law and the practice of this Court that blanket protective orders are disfavored and rarely granted. A transcript will be supplemented of a recent proceeding in the U.S. District Court for the Southern District of Florida, which underscores this principle.

## II.     THE LAW

There is no doubt that a common law right of public access exists as to civil proceedings. Indeed, it is deeply rooted and an inherent part of this nation's justice system that "[w]hat transpires in the courtroom is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947). Maintaining open records to the public creates a "check[] on the integrity of the system," insured by that access. This case is no exception.

The Federal Rules of Civil Procedure state that before a protective order may issue, the movant must show good cause why justice requires an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). To establish the heightened standard of good cause, a party seeking the protective order must set forth particular and specific demonstrations of fact, as distinguished from stereotyped and conclusory statements. *United States v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)

In this regard, federal courts have universally held that the burden on the moving party to establish "good cause" for a protective order is a hefty load to lift. *Cipollone v. Ligget Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1988) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

## III.    ANALYSIS

There is no question that Defendants must show good cause for the issuance of a protective order, armed with more than conclusory allegations. Here, there is no good cause for the granting of a blanket protective order, especially the one proposed by Defendants. In addition, the evidence weighs against Defendants in that they have failed to enter into good faith negotiations and refused to exact relief offered by Plaintiff, which is to have Plaintiff's counsel

and Defendants' counsel agree to seal a document on a case-by-case basis. Under these

circumstances, Defendants' attempt to have this Court order a protective order can be but for two

purposes – to delay and to increase expense to Plaintiff, strategically bogging down the case in a

cumbersome procedure. Additionally, other than delay of discovery in the case, there is a

detrimental effect on Plaintiff and Plaintiff's counsel; they are required to prepare challenges to

Defendants' likely wholesale designations of documents as "confidential." While it is common

for defense counsel to "run the clock and run up the bill," here, it is unnecessary and in bad faith,

since Defendants and their counsel are aware of Plaintiff's dire health restraints and limited

resources. A blanket protection order, with the ensuing challenges to the designation of

confidentiality, would also consume the Magistrate Judge's and the Judge's time and

unnecessarily waste scarce judicial resources.

Moreover, "'[g]ood cause'" is [only] established when it is specifically demonstrated that

disclosure will cause a clearly defined and serious injury." *Glenmede Trust Co. v. Thompson*, 56

F.3d 476, 483 (3d Cir. 1995). Here, Defendants cannot prove to this Court that without their

blanket protective order, Defendants would suffer annoyance, embarrassment, oppression, undue

burden or expense. In addition, to the extent Defendants claim annoyance or embarrassment, a

public figure, such as Defendant James Risen, and two large and public publishing firms, cannot

simply proffer embarrassment or annoyance as a shield – it must rise to a protectable level. Put

succinctly in another court, "negative press . . . standing alone, does not amount to good cause for

the issuance of a protective order." *Marisol A. v. Giuliani*, 1997 WL 630183, *7 (S.D.N.Y 1997).

This Court should be guided by *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th

Cir. 1985). There, the court ruled:

> [trial] courts hold that only the most compelling circumstances can overcome the
> presumption [of access] because a number of factors may militate against public

> access. Other courts have based the presumption in favor of openness on the importance of preserving the public's right to monitor the functioning of the courts. Thus, it is the rights of the public, an absent third party, that are preserved by prohibiting closure of public records unless ***unusual circumstances exist.***

*Id*. at 1570 (emphasis added). Moreover, the court held that a simple "showing that information would harm a company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to the trial record." *Id*. at 1570-71. Where a Defendant seeks to deny access, "it must be shown that the denial is necessitated by a compelling governmental interest and the denial is narrowly tailored to that interest." *Id*. at 1571.

Defendants have not – and cannot – demonstrate the requisite "compelling interest" necessary for a protective order. They simply want this honorable Court to give them free range to rubberstamp anything they deem "confidential," putting into motion an intentionally long and costly process to "declassify" documents. The proposed protective order would also turn this case into a "star-chamber" proceeding. Defendants' strategy flies in the face of the paramount principle that public access to documents (and testimony) is an integral part of American jurisprudence.

## IV.    CONCLUSION

A blanket protective order, such as the one Defendants seek here, should not be considered by the Court as Defendants have not – and cannot – meet their burden of showing good cause for a protective order. In addition, the procedure that Defendants propose is overly restrictive and threatens to inhibit the administration of the case. The public has a legitimate interest in the issues presented in this case and in having access generally to the materials. Therefore, this Court should deny Defendants indiscriminate and blanket protective order.

Dated:  July 8, 2015

Respectfully submitted,
/s/ *Larry Klayman*
Larry Klayman, Esq.
Florida Bar No. 246220
7050 W Palmetto Park Rd. #15-287
Boca Raton, FL 33433
(310) 595-0800
leklayman@gmail.com

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s):

 /s/ *Larry Klayman*
Larry Klayman, Esq.
Florida Bar No. 246220
7050 W Palmetto Park Rd. # 15-287
Boca Raton, FL 33433
(310) 595-0800
leklayman@gmail.com

Attorney for Plaintiff