# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

**CASE NO. 15-20782-CIV-MARTINEZ/GOODMAN**

DENNIS L. MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN, et al. ,

    Defendants.

_____/

## PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION[1]

This Protective Order ("Protective Order") governs this action (the "Action").

## Introduction and Background

Defendants in this defamation lawsuit want a protective order concerning confidential information, while Plaintiff does not. Plaintiff prefers to address confidentiality issues on a document-by-document, page-by-page (for deposition transcripts) basis. The Undersigned held a hearing on July 10, 2015, and now **grants, in part,** Defendants' request for a protective order. However, as explained at the hearing, the Undersigned is not entering the protective order proposed by Defendants. Instead,

---

[1] Because the Undersigned revised several aspects of the Defendants' proposed protective order, including dates and deadlines, the Parties are urged to carefully review this Order (and not simply assume -- incorrectly -- that all provisions have been incorporated, because they have not all been adopted).

the Undersigned is modifying the proposed order so that Plaintiffs' concerns are more appropriately addressed.

To the extent that any party wishes to file objections to this Protective Order, the party must order and obtain a copy of the hearing transcript, as it reflects in further detail the basis for the Court's ruling.

For purposes of providing a succinct outline of the Undersigned's reasoning, there is no public right of access to private material collected during discovery but not filed with the Court. Similarly, private litigants have protectable privacy interests in confidential information disclosed through discovery (but not filed with the Court). On the other hand, documents filed with the Court are subject to a different analysis; material filed with discovery materials is not subject to a public right of access, while discovery material filed in connection with pretrial motions requiring judicial resolution on the merits *is* subject to a common law right of access. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304 (11th Cir. 2001); *In re Alexander Grant & Co. Litigation,* 820 F.2d 352 (11th Cir. 1987).

From a practical perspective, when document-by-document review of discovery materials becomes impractical or not feasible, an umbrella-type protective order is often used to protect documents designated in good faith by the producing party as confidential. *In re Alexander Grant,* 820 F.2d at 356 (citing *The Manual for Complex Litigation, Second*, § 21.431 (1985)).

In his pre-hearing memorandum [ECF No. 82], Plaintiff noted that "it is important that this case be tried in the public forum in order to afford Plaintiff the opportunity to clear his name." At the hearing, defense counsel agreed in principle with this relatively sweeping statement, but added the point that certain protections need to be in place.

Framed by the overarching principles outlined above, the Undersigned hereby enters a Protective Order (albeit in a form different than the one submitted by Defendants):

This Protective Order is intended to protect from disclosure documents and information that may contain proprietary or otherwise unduly sensitive information subject to protection under Federal Rule of Civil Procedure 26(c). The Undersigned finds that Defendants have provided good cause for entry of the instant Protective Order, which provides avenues for challenge and which emphasizes that a confidentiality designation is not to be lightly or cavalierly applied.

Documents and information so designated may be disclosed or used only as provided herein. Nothing herein is intended to affect the relevance, discoverability, or admissibility into evidence of any documents or information produced during discovery in the Action. The Court being fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Any party in this Action or any third party to whom a subpoena is issued in this Action (a "Producing Party") may designate any material that it produces (including, but not limited to, exhibits, documents, and things; answers to interrogatories; responses to requests for admissions; responses to requests for production; and declarations, affidavits, and deposition testimony or transcripts, including the information contained therein whether in note or summary form) as "confidential" **only** if the material contains information that is proprietary or unduly sensitive to the Producing Party **and is not otherwise in the public domain.** By way of example, this *may* (but not necessarily) include (depending on the circumstances) publishing agreements, financial documents and information such as forecasts, records of sales and profits, records of costs of production, and records of costs of labor, and it may (but, again, not necessarily) also include information protected by any applicable shield statute or reporter's privilege, including confidential and sensitive non-confidential source and news-gathering information. As used herein, documents and other information so designated will be referred to as "Confidential Information." This Protective Order covers any use of any such Confidential Information.[2]

---

[2] Defendants mentioned Defendant Risen's income tax returns as the type of document entitled to a "confidential" designation, and the Undersigned agrees that such a designation would appear to be appropriate. On the other hand, the entire contract between Risen and the two publisher Defendants might not need to be designated as "confidential," and that contract might be susceptible to redaction, rather

2. The Protective Order is **not** intended to give any party the right to indiscriminately designate material as "Confidential." The mere fact that a party might *prefer* that a document or deposition page be deemed "confidential" is not in and of itself sufficient to justify a confidential designation. Likewise, a party may not designate material as "confidential" under the terms of this Protective Order merely because disclosure might cause discomfort or garden variety embarrassment. Instead, this Protective Order is designed to provide relief for trade secrets, proprietary information, highly or unduly sensitive information or unduly embarrassing information.

3. A Producing Party may designate documents containing information deemed confidential by that party as Confidential Information by stamping or otherwise clearly marking the same "CONFIDENTIAL," or by otherwise notifying the parties to the Action that materials must be treated as Confidential Information (e.g., if a Producing Party produces document(s) in native form such that they cannot be clearly marked "CONFIDENTIAL" or if a Producing Party inadvertently produces document(s) without a "CONFIDENTIAL" stamp, the Producing Party may thereafter notify receiving persons that any such documents are produced as Confidential Information under this Protective Order).

---

than being completely filed under seal, if a Party decided to file the contract with the Court.

4.	Any party, or any third party to whom a subpoena for testimony is issued in this Action, may designate portions of a deposition as containing Confidential Information by so indicating on the record during such deposition or by providing written notice within thirty (30) calendar days after receiving the deposition transcript from the court reporter. During any deposition that includes testimony designated as Confidential Information, any and all individuals who are not entitled access to said information under the terms of the Protective Order may be excluded from that portion of the deposition. In any event, all deposition transcripts must be treated as Confidential Information for **ten (10)** days[3] after receipt of the transcript, within which time counsel for any party, or counsel for any third party to whom the subpoena for testimony was issued, may designate a portion or all of the transcript as Confidential Information in writing to all counsel. Any party or third party designating portion(s) of a deposition or deposition transcript as Confidential Information under this paragraph will be treated as a Producing Party for purposes of this Protective Order with respect to the portion(s) of a deposition or deposition transcript so designated. If a portion of a deposition transcript is designated as confidential, the Producing Party must specify the exact pages and line numbers designated.

---

[3]	Defendants' proposed order used thirty (30) days.

5. Any person receiving Confidential Information ("Receiving Party") may only use such Confidential Information in connection with this Action. Further, a Receiving Party may not use Confidential Information in any other litigation or for any business or other purpose whatsoever. Notwithstanding this provision, a Producing Party may use its own Confidential Information in any way it deems fit.

6. Confidential Information may not be disclosed to any person except:

(i) the parties and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the Action;

(ii) outside counsel of record for the parties to this Action, and employees of their respective firms;

(iii) the Court and its personnel, and any mediator;

(iv) witnesses and persons either noticed to testify via deposition or subpoenaed to testify at trial;

(v) persons identified on the face of any Confidential Information as authors or prior recipients of the Confidential Information;

(vi) copying, document storage or imaging services, outside vendors, and court reporters associated with or retained by a party in connection with this Action;

(vii) any experts or investigators and their staff with whom counsel may consider it necessary to consult in connection with this Action ("Outside Expert(s) or Investigator(s)"); and

(viii) any other person agreed to by the parties in writing.

7. Before an Outside Expert or Investigator may receive any Confidential Information, he or she must have read a copy of this Protective Order and have signed an undertaking in the form attached as Exhibit A hereto. Counsel of record for the party that has retained an Outside Expert or Investigator must retain a copy of the Outside Expert's or Investigator's signed undertaking until the conclusion of this Action.

8. If any Confidential Information is included with, or the contents thereof are disclosed, in any pleading, motion, or other paper filed with the Clerk of this Court, the filing party must move to have such pleading, motion, or other paper sealed by the Clerk in accordance with Federal Rule of Civil Procedure 26 and with Local Rule 5.4, provided that if a party files under seal any document disclosing Confidential Information under this Protective Order, the party seeking to preserve the secrecy of any such document **must make the showing required by law in order to maintain the Protective Order as to such document**. Before seeking to maintain protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure. If the party filing a pleading,

motion, or other paper under seal is not also the same party seeking to preserve the secrecy of the document, the pleading, motion, or other paper must initially be filed under seal, and the party seeking to preserve the secrecy of the document will have three (3) calendar days[4] from the date the pleading, motion, or other paper is filed in which to make the showing required by law in order to maintain the Protective Order as to such document. In any event, any party filing a motion or any other paper with the Court under seal must also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Information itself, and not text that in no material way reveals the Confidential Information.

9. Any party wishing to file a "Confidential" document under seal (or keep the confidential status of a document it designated but which an opposing party seeks to file under seal) must establish good cause for a non-public type of filing. The mere fact that a party stamped "Confidential" on a document, even if done in good faith, will not be sufficient to justify an under-seal filing. Moreover, if a party wants the Court to substantively review a document under seal for a ruling on the merits, then the Court will consider the document presumptively public, subject to a showing that under-seal status is appropriate.

---

[4] Defendants' proposed order used ten (10) days.

10. A Receiving Party may not reveal or discuss Confidential Information to or with any person not entitled to receive such information under paragraph 6 of this Protective Order.

11. A Receiving Party must maintain all Confidential Information in a secure and safe area and must exercise due and proper care with the storage, custody, and use of all Confidential Information.

12. If a Receiving Party is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information, the Receiving Party must notify the Producing Party in writing within three (3) calendar days[5] of receipt of such subpoena, court order, or request. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Protective Order, and must cooperate with the Producing Party in order to give the Producing Party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena or the entry of an appropriate protective order in the action in which the subpoena was issued.

---

[5] Defendants used five (5) days in their proposal.

13. If Confidential Information is inadvertently disclosed to a third party other than those identified in paragraph 6 of this Protective Order, such disclosure must be reported in writing to the Producing Party within three (3) calendar days[6] of the discovery of such disclosure. Counsel for the party who made the inadvertent disclosure must make all reasonable efforts to retrieve the Confidential Information or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed.

14. Within 60 calendar days after the conclusion of this Action (including any appeal thereof), any Confidential Information must be returned to the Producing Party or destroyed. If such documents and information are destroyed rather than returned, counsel for any Receiving Party must confirm destruction of the documents and information in writing to the Producing Party.

This paragraph does not apply to pleadings, draft pleadings, or exhibits thereto created by attorneys in connection with this litigation that quote from or refer to Confidential Information. This paragraph also does not apply to Confidential Information that may be contained in attorney work product on backup servers, if return or destruction of such material would be unduly burdensome. As far as this or any other Protective Order entered in this Action restricts the use of Confidential

---

[6]  Defendants' proposal used five (5) days.

11

Information, such Protective Order(s) will continue to be binding after the conclusion of this Action.

15. If a Producing Party inadvertently fails to designate Confidential Information as "CONFIDENTIAL" in accordance with this Protective Order before or at the time of disclosure, it may notify all Receiving Parties that it intends to designate such material as confidential before trial. If the Producing Party designates Confidential Information as "CONFIDENTIAL" after disclosure but before trial, all Receiving Parties must use reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as confidential in accordance with this Protective Order without prejudice to any party challenging the designation of certain documents and information as Confidential Information in accordance with Paragraph 17.

16. This Protective Order is without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek further limits on disclosure or protection of Confidential Information beyond those provided by the terms of this Protective Order.

17. This Protective Order is without prejudice to any party challenging the designation of certain documents and information as Confidential Information. If such a dispute arises, the party challenging the designation must serve written notice of the challenge on the Producing Party, specifying the Confidential Information

being challenged and the reasons supporting the challenge. The Producing Party has three (3) calendar days[7] to respond in writing. The parties must attempt to further resolve any such dispute in accordance with Local Rule 7.1 before filing any motion with the Court. Pending resolution by the parties or by the Court regarding a dispute over a confidentiality designation, the Confidential Information will continue to be treated as such.

18.     If a Producing Party inadvertently produces or provides discovery that it believes is subject to a claim of privilege or of protection as trial-preparation material, the Producing Party making the claim may notify the Receiving Party or Parties in writing of the claim and the basis for it (and should identify the document by Bates number). Within three (3) calendar days[8] of receiving such notice, the Receiving Party or Parties must return or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the party disclosed it before being notified. Within three (3) calendar days[9] after giving such notice of inadvertent production, the Producing Party must produce a privilege log specific to such documents to the Receiving Party. The Receiving Party may move the Court for an

---

[7]     Defendants' proposal used seven (7) days.

[8]     Defendants used seven (7) days in their proposal.

[9]     Defendants' proposal was for five (5) days.

order that the material in question is not protected from discovery by the asserted privilege or immunity, and if the Receiving Party so moves the Court, the Producing Party must provide the Court with one copy of the allegedly privileged material for in camera review in connection with such a motion.

19. One final point: The parties are encouraged to be **conservative** in their use of the "confidential" designation. If a party challenges a "confidentiality" designation, then, as noted at the hearing, the Court will rule and will look to Federal Rule of Civil Procedure 37 to determine whether an attorney's fees award in favor of the prevailing party is justified. That rule generates a "loser pays" presumption, absent the existence of one or more limited exceptions. The rule also provides that a fees award may be entered against a party, that party's attorney or both. Therefore, if a party does not prevail in a confidentiality challenge (either because the Undersigned sustains the "confidentiality" status in the face of a challenge or rejects the status and rules in favor of the challenger), there is a significant chance that the fees award will be entered, at least in part, against the attorney (or attorneys) who pursued the losing position.

**DONE AND ORDERED** in Chambers, at Miami, Florida, July 13, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:

The Hon. Jose E. Martinez

All counsel of record

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN et al.,

    Defendants.

_____/

**DECLARATION AND CONSENT TO BE BOUND BY PROTECTIVE ORDER**

    I, the undersigned, hereby declare under penalty of perjury and state as follows:

    My address _____. My current employer is _____. My current occupation is _____.

    I have received a copy of the Protective Order (the "Protective Order") in the above-captioned action, and I have carefully read and understand the provisions of the Protective Order. I will comply with all the provisions of the Protective Order. I will hold any information designated "CONFIDENTIAL" in confidence, I will not disclose such information to anyone not qualified under the Protective Order, and I will use such information for the purposes of this action only.

    Promptly upon termination of this action, I will return all "CONFIDENTIAL" documents and information to counsel for the party by whom I am employed or retained, or certify that I have destroyed such documents and information.

    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Dated: _____

_____    _____
Signature    Printed Name

#35777962_v3