UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS MONTGOMERY,

        Plaintiff,

v.

JAMES RISEN et al.,

        Defendants.

_____/

## DEFENDANTS' NOTICE OF LEGAL ISSUES TO ADDRESS IN THEIR PRE-HEARING MEMORANDUM

Under the Court's order of July 20, 2015, ECF No. 91, Defendants file this notice "listing the precise legal issues which they believe should be addressed" in their pre-hearing memorandum regarding the discovery dispute on the adequacy of Plaintiff's responses, objections, and production to Defendants' first set of interrogatories and request for production of documents. Additional disputes over the adequacy of Plaintiff's responses to discovery can be adequately addressed at the hearing without briefing.

**1. Failure to Produce Potentially Classified Information and Remedies for Such Failure**

Does Plaintiff's unsupported objection that relevant software, tests allegedly validating the software, information about the location of the software, and other information that may be classified, justify withholding this electronically stored information, documentation, and information, particularly when orders in Plaintiff's other cases indicate that the software is not classified and he was sanctioned for failing to produce the software?

1

If Plaintiff does not – or cannot – produce electronically stored information, documentation, or information critical to Defendants' defense because it may be classified, what is the appropriate remedy: attorney's fees; prohibiting Plaintiff from supporting his claim of falsity with the classified information; entering a finding that Defendants' defenses requiring the classified information are established; or dismissing the case since Plaintiff will not be able to carry his burden of proving falsity?

2. **Domicile.**

May Plaintiff withhold electronically stored information, documentation, and information about his alleged domicile in Florida when it is relevant to Defendant's pending motion to dismiss or transfer and to damages, and there is post-suit evidence suggesting that Plaintiff lives in Washington?

3. **Medical Records.**

Must Plaintiff provide unproduced medical records relevant to his claim for medical and emotional damages, his claim of imminent risk of death to obtain an accelerated discovery and trial schedule, and his claim of domicile in Florida – or provide Defendants with an authorization to obtain these records from his healthcare providers – where he has not produced medical records before 2011 or evidence of current medical treatment after April 2015, the only doctors he identified are in Washington, and he refused to provide medical authorizations to Defendants?

4. **Tax Returns.**

Must Plaintiff provide unproduced recent tax returns (federal 2008-14; state 2003-14) that are within his control – or provide Defendants with an authorization to obtain these returns from the government – when his Amended Complaint claims economic loss?

Dated: July 22, 2015 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/Brian W. Toth
　　　　　　　　　　　　　　　　　　　　Sanford L. Bohrer
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 160643
　　　　　　　　　　　　　　　　　　　　sbohrer@hklaw.com
　　　　　　　　　　　　　　　　　　　　Brian W. Toth
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 57708
　　　　　　　　　　　　　　　　　　　　brian.toth@hklaw.com
　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP
　　　　　　　　　　　　　　　　　　　　701 Brickell Avenue, Suite 3300
　　　　　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　　　　　Telephone: (305) 374-8500
　　　　　　　　　　　　　　　　　　　　Fax: (305) 789-7799

　　　　　　　　　　　　　　　　　　　　– and –

　　　　　　　　　　　　　　　　　　　　Laura R. Handman (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　laurahandman@dwt.com
　　　　　　　　　　　　　　　　　　　　Micah J. Ratner (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　micahratner@dwt.com
　　　　　　　　　　　　　　　　　　　　DAVIS WRIGHT TREMAINE LLP
　　　　　　　　　　　　　　　　　　　　1919 Pennsylvania Ave., NW, Suite 800
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　　　　　Tel.: (202) 973-4200
　　　　　　　　　　　　　　　　　　　　Fax: (202) 973-4499

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*

## CERTIFICATE OF SERVICE

　　　I certify that on July 22, 2015, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

　　　　　　　　　　　　　　　　　　　　s/Brian W. Toth

3