UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS MONTGOMERY,

        Plaintiff,

v.

JAMES RISEN et al.,

        Defendants.

_____/

**NOTICE OF SUPPLEMENTAL AUTHORITY CONCERNING DEFENDANTS' PRE-HEARING MEMORANDUM**

Defendants file this notice of supplemental authority concerning their pre-hearing memorandum (ECF No. 94) on the discovery dispute.

In their pre-hearing memorandum, Defendants argued that, contrary to Plaintiff's objection, Plaintiff's software that is highly relevant to the issue of falsity in this libel suit is not classified. (*Id.* at 1-3.) On August 10, Plaintiff filed in the Ninth Circuit an Emergency Motion for Stay on Appeal seeking to stay orders in the District of Arizona requiring Sheriff Joseph Arpaio's office to turn over Plaintiff's "data" and "intellectual property" to the CIA, denying Plaintiff's motion to intervene, denying Plaintiff's motion to recuse the judge, and denying Mr. Klayman's pro hac vice motion. *Melendres v. Arpaio*, No. 15-16440, ECF No. 5 (9th Cir. Aug. 10, 2015). In Plaintiff's motion, Plaintiff admits that "U.S. District Court for Nevada has already ruled that the data, documents, intellectual property, tangible objects, and personal property at issue in this case belong to Dennis Montgomery" and "none of it is classified." (*Id.* at v.) *See also* Larry Klayman Reply in Support of Pro Hac Vice Motion, *Melendres v. Arpaio*, No. 2:07-

cv-02513-GMS, ECF No. 1223 (D. Nev. Aug. 10, 2015) (same).  Plaintiff's Emergency Motion for Stay Pending Appeal is attached hereto as Exhibit 1.

In their pre-hearing memorandum, Defendants also argued that Plaintiff must produce additional documents on his alleged domicile in Florida and current evidence of his medical condition.  (ECF No. 94, at 4.)  On August 12, 2015, Plaintiff's counsel in his criminal prosecution in Nevada once again obtained a continuance by representing that Plaintiff was "still in Washington state." (*State of Nevada v. Montgomery*, No. C-268764, Tr. 2:9-21 (Nev. D. Ct., Clark Cnty. Aug. 12, 2015).)  The court also expressed its frustration over the lack of medical documentation that Montgomery was too ill to travel to appear in Nevada, stating "we were told basically the same thing back in mid-May of this year, so the Court has some concerns that we still don't have the paperwork to substantiate those medical issues." (*Id.* Tr. 2:22–25.)  The August 12, 2015 transcript is attached hereto as Exhibit 2.

Finally, on August 14, 2015, Defendants filed a motion asking Judge Martinez to modify the Scheduling Order to extend discovery and other deadlines, because, in part, this discovery dispute remains pending.  (ECF No. 100.)  In the motion, Defendants sought an August 17 or 18 hearing.  (*Id.*, at 2-3.)  Defendants expressed to Plaintiff their desire to reschedule Plaintiff's deposition scheduled for August 20 in Florida until after resolution of this discovery dispute to avoid the unfairness, inefficiency, and expense of deposing Plaintiff twice if this Court grants Defendants' motion to compel and orders Plaintiff to produce further documents.  (*Id.*)  But Plaintiff refused to reschedule the deposition and insisted that Defendants would waive their right to depose Plaintiff if they did not go forward with the deposition on August 20 (*id.*) and said they were unavailable for a hearing on August 17 or 18.  (ECF No. 102).  Thus, at the hearing on August 21, 2015, Defendants will request that, if the deposition occurs on August 20

and this Court orders Plaintiff to produce more discovery material after the August 21 hearing, the Court also order Plaintiff to sit for a continued deposition (before or, if necessary, after any applicable discovery deadline) and pay Defendants' expenses and attorneys' fees incurred in deposing Plaintiff on the newly produced material.

Dated: August 17, 2015

Respectfully submitted,

s/Brian W. Toth
Sanford L. Bohrer
Florida Bar No. 160643
sbohrer@hklaw.com
Brian W. Toth
Florida Bar No. 57708
brian.toth@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799

– and –

Laura R. Handman (admitted *pro hac vice*)
laurahandman@dwt.com
Micah J. Ratner (admitted *pro hac vice*)
micahratner@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., NW, Suite 800
Washington, D.C.  20006
Tel.: (202) 973-4200
Fax: (202) 973-4499

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I certify that on August 17, 2015, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

s/Brian W. Toth