IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-20782-Martinez-Goodman

DENNIS MONTGOMERY,

    Plaintiff,

v.

RISEN, ET AL.

    Defendants.
_____/

**PLAINTIFF'S INITIAL OPPOSITION TO DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND REQUEST FOR HEARING FOR AUGUST 17 OR AUGUST 18**

  On August 14, 2015, Defendants James Risen Houghton Mifflin Harcourt Publishing Company, and Houghton Mifflin Harcourt Company (collectively, "Defendants") filed a motion to modify this Court's Scheduling Order and requested a hearing for August 17, 2015 or August 18, 2015. For the foregoing reasons, Defendants' Motion to Modify Scheduling Order and Request for Hearing for August 17 or August 18 ("Motion to Modify") should be denied for the foregoing reasons:

  Defendants' Motion to Modify contains misrepresentations and falsities. The Motion to Modify chiefly blames Plaintiff for "steadfastly object[ing] to produc[e] important information to Defendants . . ." This is patently false. Primarily, and as discussed in detail below, even if Plaintiff had custody, possession or control of classified materials, Plaintiff cannot produce top-secret, classified information that even Plaintiff's counsel has not and cannot review. But as important, Defendants falsely contend that Plaintiff has refused to cooperate in producing other documents, such as records of domicile, health records, and tax returns. Indeed, Plaintiff

1

produced, and Defendants are in possession of, roughly 30,000 pages of documents in which they sought, including but not limited to thousands of pages of health records. These 5,641 pages of records indicate and explain from Plaintiff's doctors the severity of his illness and stroke. The medical records also include confidential information between Plaintiff and his doctors as well as a variety of test results. Defendants had possession of these documents ten (10) days before they filed their Motion to Modify claiming, "Plaintiff has refused to produce . . . health records." Plaintiff's domicile, naturally marked as confidential for security reasons, was also produced to Defendants *before* they filed their Motion to Modify. Plaintiff produced his mailing addresses since 1998 and produced his current address, confidentially, before Defendants' Motion to Modify was filed. As for Plaintiff's tax returns, they too were produced to Defendants before the filing of their Motion to Modify. In any event, Plaintiff was deposed by the Defendants' counsel yesterday and amplified his previous responses on all of these contrived issues, which are now moot in any event.

Next, Defendants complain that Plaintiff refused to produce "the most basic information, such as his communications with the government officials . . .[and] of government agencies and officials who dealt with Plaintiff's software and [] Plaintiff's former business partners and employees." This too is false. Plaintiff produced letters from government sources to this effect which he legally was able to do. Plaintiff had and believes he still has a top secret national security clearance.

Fundamentally, and despite Defendants' misrepresentations in their Motion to Modify, Defendants cannot justify the unwarranted modification of a scheduling order under Florida law. "A schedule may be modified *only* for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "This good cause standard *precludes modification unless the*

*schedule cannot 'be met* despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. advisory comment note) (emphasis added). Even the Scheduling Order of this Court plainly states, "[t]his schedule shall not be modified absent compelling circumstances."

There are no compelling circumstances here. This tactical delay has been Defendants' modus operandi since Plaintiff filed the complaints in this case, as they wasted no time in later filing a Motion to Stay all discovery. As Plaintiff's counsel set forth in his recent correspondence, as set forth below, there is plenty of time to complete discovery. Indeed, to move this case along, Plaintiff put off an operation related to his severe brain aneurism to appear for his deposition, which was mutually agreed and set for August 20, 2015 in the offices of Defendants' counsel, which was taken yesterday for the full 7 hours as provided by the rules of this Court. Plaintiff, in great pain, endured to allow Defendants counsel to complete his deposition. Correspondence from Plaintiffs' counsel to Defendants' counsel explains why postponement is not warranted and why Defendants latest attempt to delay these proceedings is simply tactical, as part of their defense strategy to drag this case out with the potential that Plaintiff will be either severely debilitated or die by the time of trial.

> We oppose your proposed modification of the pretrial and trial deadlines.
> It is also inappropriate to not take plaintiff's deposition and attempt to reset it at this late date after he and his counsel have arranged their schedules and made plans at great expense and time and agreed with you on the date. In the unlikely event you prevail on any motion to compel and we plan on filing one as well there is plenty of time to undertake further discovery within the parameters of the current and in effect discovery deadline.
>
> Accordingly your suggested modification is just your latest attempt to delay adjudication of this case attempting to take advantage of plaintiff's serious and severely debilitating and potentially fatal brain aneurism [sic] and related illnesses. Previously you tactically attempted to stay all discovery to delay not just discovery but the [sic] trial date.

3

> The judge made it clear that he wants the case to proceed expeditiously and we intend to do so. We therefore look forward to producing plaintiff for deposition In Miami in defendants' counsels [sic] offices at the previously agreed time on August 20 and will strenuously oppose your proposed modification of the pretrial and trial schedule.
> Please govern yourselves accordingly.

Attached as Exhibit 1. In addition, Plaintiff's counsel wrote:

> Dear Mr. Toth:
>
> We stand by the position outlined in our earlier email of today.
>
> In addition, we are not available on September 11 or that weekend. In the interim, our schedule changed, as is normal for litigators and trial lawyers, given our various commitments. Thus, if you do not decide to proceed with Mr. Montgomery's deposition on the previously agreed date of August 20, 2015, given that Mr. Montgomery and his counsel relied on your "good faith" representations that you would take his deposition then and he thus put off an operation for his severe medical condition to be present and we as counsel blocked off our schedule, made logistical arrangements and also rearranged commitments in various local, then it is our position that Defendants will have forfeited their "rights" to depose Mr. Montgomery.
>
> Its clear that your objective with all of this late maneuvering is to delay the trial. This has been your objective from the very first, and that became clear to the judge at the first status conference. That is why we have the pretrial and trial schedule that is currently in effect. The judge did not want any delay particularly given Mr. Montgomery's serious medical condition.
>
> Please attach this email as well to any motion you may decide to file, which in my view would be non-meritorious and frivolous as there is more than enough time to complete discovery before the current deadline.
>
> Larry Klayman, Esq.
> Counsel for Mr. Montgomery

Attached as Exhibit 2.

Defendants' contention that if the Scheduling Order is not modified, it would be "unfair" and leave them in an "awful" position is a far cry from a compelling circumstance. Moreover, the issue of whether any classified software must be produced is not even relevant, as during Mr. Risen's deposition, he effectively admitted that in writing his allegedly defamatory statements

4

about Plaintiff, he did not have access to any classified information.  Instead, it is clear that Defendant Risen made the statements up from whole cloth, claiming that in part he relied on an article written by Aram Roston of Playboy magazine. This issue is thus a red-herring designed by Defendants to try to throw a money-wrench into the trial and pre-trial deadlines.

    For the compelling reasons set forth above, Defendants' Motion to Modify Scheduling Order should be denied.  When the transcript of Mr. Montgomery's deposition becomes available, Plaintiff reserves the right to supplement this opposition, as it contains testimony relevant to Defendants tactical attempts to push off the date of trial with the obvious hope that Plaintiff will not survive the delay.

Dated: August 21, 2015

                          Respectfully Submitted,

                          */s/ Larry Klayman*
                          Larry Klayman, Esq.
                          FL Bar No. 246220
                          7050 W Palmetto Park Rd.
                          Suite 15-287
                          Boca Raton, FL 33433

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on this 21st day of August 2015, a true and correct copy of the foregoing was served via CM/ECF upon the following:

**Sanford Lewis Bohrer**
**Brian Toth**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
Email: sbohrer@hklaw.com
Email: brian.toth@hklaw.com

**Laura R. Handman**
**Micah Ratner**
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington D.C. 20006-3401
Email: laurahandman@dwt.com
Email: MicahRatner@dwt.com

*Attorneys for Defendants*

                */s/ Larry Klayman*
                Larry Klayman, Esq.