UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-20782-CIV-MARTINEZ/GOODMAN

DENNIS L. MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN, et al. ,

    Defendants.

_____/

## POST-DISCOVERY HEARING ORDER

The parties noticed [ECF Nos. 90; 104] numerous discovery issues for hearing before the Undersigned. Additionally, the Undersigned granted [ECF No. 91] the parties' request to brief certain issues before the hearing. The parties filed memoranda of law [ECF Nos. 94; 96] on those issues, and the Undersigned held the discovery hearing on August 21, 2015 [ECF No. 106]. For the reasons stated on the record,[1] the Undersigned **ORDERED** the following:

    1)    Concerning Defendants' Request for Production 21 to Plaintiff, Plaintiff's objection is overruled. Plaintiff shall, by August 28, 2015, produce the bank records indicating the location of the bank where Plaintiff's social security payments for disability are directly deposited. Plaintiff may redact the bank records, but the

---

[1] If any party appeals this Order to the District Court, then the transcript of the hearing will need to be ordered, as it outlines the Undersigned's reasoning.

unredacted portions must disclose the location of the bank and confirm that this is where the deposits are made.

2) Concerning Defendants' Request for Production 52 to Plaintiff, Plaintiff shall, by September 4, 2015, produce all responsive documents from **2003** to the present that he has in his custody or control, including, but not limited to, bank records, 1099 forms, W2 forms, etc.

3) Concerning Defendants' Request for Production 33 to Plaintiff, Plaintiff shall, by September 4, 2015, produce **all** medical records that have not yet been produced from April 2014 through the present.

4) Concerning Defendants' Request for Production 9 to Plaintiff, Plaintiff shall, by August 28, 2015, advise defense counsel of the Bates number of the document that was supposedly turned over in response to this request. If that document was not turned over already, then Plaintiff shall produce that document by August 28, 2015.

5) Concerning Defendants' Request for Production 7 to Plaintiff, Plaintiff shall, by August 31, 2015, turn over all documents concerning this request, which would now include documents related to the disclosure and production of the subject software to the FBI.

6) Concerning Defendants' Request for Production 8 to Plaintiff, Plaintiff shall, by September 4, 2015, use his self-described right of continued access to non-classified information (in relation to his turning over the subject software to the FBI)

and produce the software to Defendants. To accomplish this, Plaintiff's counsel shall, by August 26, 2015, send a letter to FBI General Counsel James A. Baker and Assistant United States Attorney Deborah Curtis, to advise these attorneys that Plaintiff has been ordered by this Court to produce the subject software and was specifically directed to use his right of continued access to non-classified information to obtain the original software (or a copy of it) from the FBI. Plaintiff shall copy defense counsel on this letter and, by August 27, 2015, shall file the letter under a Notice of Filing on the record in this case.

7) Concerning Plaintiff's request for the "20,000 pages of documents" referenced by Eric Lichtblau in the relevant email, Defendant James Risen shall, by August 28, 2015, file an affidavit or sworn statement unequivocally stating whether he was ever in possession of the thumb drive on which Mr. Lichtblau held what he described as 20,000 pages of documents, and, regardless of whether he ever was in possession of this thumb drive, if he knows the present whereabouts of this thumb drive. If he does know the current location, then he shall provide the location.

**DONE AND ORDERED** in Chambers, at Miami, Florida, August 22, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

3

<u>Copies furnished to</u>:
The Honorable Jose E. Martinez
All counsel of record