UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS MONTGOMERY,

        Plaintiff,

v.

JAMES RISEN et al.,

        Defendants.

_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY PENDING APPEAL TO THE DISTRICT COURT**

| | |
|---|---|
| **HOLLAND & KNIGHT LLP** | **DAVIS WRIGHT TREMAINE LLP** |
| Sanford L. Bohrer | Laura R. Handman (admitted *pro hac vice*) |
|   Sandy.Bohrer@hklaw.com |   laurahandman@dwt.com |
| Brian W. Toth | Micah J. Ratner (admitted *pro hac vice*) |
|   Brian.Toth@hklaw.com |   micahratner@dwt.com |
| 701 Brickell Avenue, Suite 3300 | 1919 Pennsylvania Ave., NW, Suite 800 |
| Miami, Florida  33131 | Washington, D.C.  20006 |
| Tel: (305) 374-8500 | Tel.: (202) 973-4200 |
| Fax: (305) 789-7799 | Fax: (202) 973-4499 |

*Counsel for Defendants*

The Court should deny the Plaintiff's motion to stay paragraph 5 of the June 22, 2015 discovery order (ECF No. 107).[1]  To obtain a stay of a magistrate judge's discovery order on appeal to the district court, Plaintiff must show: (1) likelihood of success on the merits of the appeal; (2) irreparable injury to Plaintiff absent a stay; (3) lack of substantial prejudice to Defendants; and (4) the stay would serve the public interest.[2]  Federal courts routinely deny such motions to stay, as the Court should do here.[3]

*First*, Plaintiff is unlikely to succeed on the merits of his objections "on various grounds including relevancy." (Pl.'s Mot. to Stay at 1, ECF No. 112.)  "A district court reviewing a magistrate judge's discovery order" may "revers[e] that order only if it is 'clearly erroneous or contrary to law.'" *SEC v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (quoting 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72).  Plaintiff's unspecified objections are unlikely to prevail; this standard of review is "a very difficult one to meet."[4]  Here, Plaintiff's objections are particularly meritless, given that Plaintiff's motion for stay ignores the basis for the Court's ruling that the software is "highly relevant" to the element of "substantial falsity of the claim in the book that the software did not work." (Hr'g Tr. 32:23-24, ECF No. 111-1.)  Contrary to Plaintiff's unsupported assertion (Mot. to Stay at 1), the Court correctly found that the falsity does not depend on whether Risen had a copy of the software at the time, but whether, in fact, the

---

[1] Paragraph 5 of the discovery order requires Plaintiff to turn over documents regarding people with knowledge of the software and its location. (ECF No. 107, ¶ 5.)  But the substance of the Motion to Stay appears to apply to paragraph 6 of the discovery order, which requires Plaintiff to produce the software. (*Id.* ¶ 6.)  This response applies equally to both paragraphs.
[2] *E.g.*, *Ameritox, Ltd. v. Millennium Labs., Inc.*, 2015 WL 1169403, at *2 (M.D. Fla. Mar. 13, 2015).
[3] *E.g.*, *Emissive Energy Corp. v. Novatac, Inc.*, 2009 WL 2834841, at *2 (S.D. Fla. Aug. 27, 2009) (denying stay pending appeal of magistrate order because movant was not prejudiced); *United States v. Certain Real Prop.*, 444 F. Supp. 2d 1265, 1266 (S.D. Fla. 2006); *Naples Cmty. Hosp., Inc. v. Med. Sav. Ins. Co.*, 2005 WL 2405840, at *4 (M.D. Fla. Sept. 29, 2005).
[4] *Manno v. Healthcare Revenue Recovery Grp., LLC*, 2012 WL 4192987, at *2 (S.D. Fla. Sept. 18, 2012) (quotation marks and citation omitted).

software works or not.  (Hr'g Tr. 24:1-20, ECF No. 111-1.)  Plaintiff is not likely to show "that the Magistrate Judge, in the exercise of his broad discretion, was clearly erroneous in concluding that the" software "is relevant" and must be produced.  *Merkin*, 283 F.R.D. at 700.

*Second*, a stay of the order to produce the software coupled with Plaintiff's refusal to agree to extend the September 16, 2015 discovery deadline, would severely prejudice Defendants.  Plaintiff's objections to the discovery order are not due until September 10.  Fed. R. Civ. P. 6(d), 72(a).  Given the expedited schedule Plaintiff sought, it is simply impossible for Defendants to oppose the objections; for the district court to rule on the objections; if overruled, for Plaintiff to produce the software; for Defendants' expert to test the software and prepare a final report[5]; for the expert to sit for a deposition; and for Plaintiff to answer additional questions based on the software before discovery closes on September 16, 2015.  This motion is but another attempt to delay producing the software, as Plaintiff has done since July 1, 2015.  But further delay would prevent Defendants from obtaining the software at all.

*Third*, Plaintiff will not be irreparably injured absent a stay.  If the district court were to sustain Plaintiff's objections after Plaintiff produced the software (which could be treated as "confidential" under the Protective Order), Defendants would return it.

---

[5] Plaintiff argues that Defendants somehow waived their right to have an expert test the software and testify, but he is wrong.  Defendants identified the expert on August 3, but told Plaintiff they could not provide an expert report because *Plaintiff* wrongly objected to producing the software.  (Mot. to Stay, Ex. 1.)  Thus, the expert had nothing to test, no opinions to offer or support with information about his qualifications without the software.  Plaintiff did not object and did not identify a rebuttal expert by the deadline of August 24.  Even if Defendants were required to produce a partial expert report, the remedy would be to provide the information in a deposition (which Plaintiff has not noticed) or serve a partial report (which Defendants served today after becoming aware that Plaintiff wanted it).  *Iacangelo v. Georgetown Univ.*, 272 F.R.D. 233, 234 (D.D.C. 2011).  Thus, any error is harmless.  The remedy is not to exclude Defendants' expert testimony "at trial or for any other purpose."  (Mot. to Stay at 2.)  None of the prerequisites for such a drastic remedy are here.  *Harvey v. District of Columbia*, 949 F. Supp. 874, 877 (D.D.C. 1996) (exclusion available only after court has ordered compliance and party has refused).

Dated:  September 3, 2015	Respectfully submitted,

 s/Brian W. Toth
 Sanford L. Bohrer
 Florida Bar No. 160643
 sbohrer@hklaw.com
 Brian W. Toth
 Florida Bar No. 57708
 brian.toth@hklaw.com
 HOLLAND & KNIGHT LLP
 701 Brickell Avenue, Suite 3300
 Miami, Florida 33131
 Telephone: (305) 374-8500
 Fax: (305) 789-7799

 – and –

 Laura R. Handman (admitted *pro hac vice*)
 laurahandman@dwt.com
 Micah J. Ratner (admitted *pro hac vice*)
 micahratner@dwt.com
 DAVIS WRIGHT TREMAINE LLP
 1919 Pennsylvania Ave., NW, Suite 800
 Washington, D.C.  20006
 Tel.: (202) 973-4200
 Fax: (202) 973-4499

 *Counsel for Defendants*

## CERTIFICATE OF SERVICE

 I certify that on September 3, 2015, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

 s/Brian W. Toth