UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-20782-CIV-MARTINEZ/GOODMAN

DENNIS L. MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN, et al. ,

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO STAY
### ONE PARAGRAPH OF A DISCOVERY ORDER

Plaintiff Dennis Montgomery has filed a motion [ECF No. 112] to stay paragraph 5 of the Undersigned's August 22, 2015 Post-Discovery Hearing Order. [ECF No. 107]. That Order memorialized the rulings made during an August 21, 2015 discovery hearing. Paragraph 5 of the Order requires Montgomery to, by August 31, 2015, turn over documents concerning category 7 of Defendants' request for production, which include "documents related to the disclosure and production of the subject software to the FBI."

Although Montgomery's stay motion mentions only paragraph 5, it is clear that he is also (and primarily) seeking a stay of the ruling requiring production of the actual software (as opposed to merely documents about turning over the software to the FBI). **Paragraph 6** of the Order is the portion requiring Montgomery to produce the software

by September 4, 2015, so the Undersigned construes Montgomery's motion as seeking a stay to paragraphs 5 and 6.

Defendants oppose the motion. The Undersigned has reviewed both the motion and the response [ECF No. 121]. For the reasons outlined below, the Undersigned denies Montgomery's motion for a stay. Montgomery shall produce by September 4, 2015 all the documents encompassed in paragraph 6 of the Discovery Order and shall also produce the software by using his self-described right of continued access to the software which he turned over to the FBI without maintaining a copy for himself.

**<u>Legal Standards</u>**

Montgomery does not cite any case law authority in his motion, nor does he articulate the appropriate legal standard which the Undersigned should use when assessing his stay motion. The only legal authority he cites to at all is Federal Rule of Civil Procedure 26.1, which he relies upon for his argument that Defendants waived their right to inspect the software and to use it at trial or for any other purpose. Montgomery contends that the software is irrelevant. He does not cite any authority for this argument, which does not specifically address the grounds for the requested stay.

Federal Rule of Civil Procedure 72 provides that a district judge may modify or set aside any part of a magistrate judge's order on a matter "not dispositive of a party's claim or defense" if objections are timely filed and if the challenged portion is "clearly erroneous or contrary to law." Similarly, 28 U.S.C. § 636(b)(1)(A), which concerns the

jurisdiction and powers of a federal magistrate judge, provides that a district judge may "reconsider any pretrial matter" like a discovery order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Finally, Local Magistrate Judge Rule 4(a)(1) for the Southern District of Florida provides that the district judge evaluating a magistrate judge's order on a non-dispositive matter "shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."

Based on these fundamental rules, and phrased from the opposite perspective, "a district court reviewing a magistrate judge's discovery order" may "revers[e] that order **only** if it is 'clearly erroneous or contrary to law.'" *SEC v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012).

In order to obtain a stay of my Discovery Order while the order is on appeal to the district court,[1] a plaintiff like Montgomery must show: (1) likelihood of success on the merits of the appeal/objection, (2) irreparable injury to Plaintiff absent a stay, (3) lack of substantial prejudice to Defendants, and (4) the stay would serve the public interest. *Ameritox, Ltd. v. Millennium Labs, Inc.*, No. 8:11-cv-775, 2015 WL 1169403, at *2 (M.D. Fla. Mar. 13, 2015) (denying motion to stay magistrate judge's order awarding

---

[1] In his August 31, 2015 motion for a stay of the August 22, 2015 Discovery Order, which was actually entered on a Saturday following a Friday afternoon discovery hearing, Montgomery advised that he "presently intends" to file an objection "with regard to production of any software on various grounds including relevancy." As of September 3, 2015, Montgomery has not yet filed his objection. The deadline to do so has not expired, however, as Montgomery has until September 8, 2015 to do so.

3

costs pending a resolution of the appeal). These are difficult hurdles to clear, and federal courts often deny motions to stay a magistrate judge's discovery orders. *See United States v. Certain Real Prop.*, 444 F. Supp. 2d 1265, 1266 (S.D. Fla. 2006) (rejecting appeal and a stay request concerning magistrate judge's order compelling claimant to provide tax records for the previous six years). In fact, one federal district court in our district noted that the standard of review for overturning a magistrate judge's non-dispositive order is "a very difficult one to meet." *Manno v. Healthcare Revenue Recovery Grp., LLC,* No. 11-61357, 2012 WL 4192987, at *2 (S.D. Fla. Sept. 18, 2012) (also noting that the district court may not "undo" the magistrate judge's determination "simply because it is convinced that it would have decided the case differently"). *See generally Holton v. City of Thomasville School Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) ("clear error is a highly deferential standard of review").

Montgomery's chief objection appears to be his theory that the software is not relevant (and therefore not discoverable) because Defendant James Risen, who wrote the book Plaintiff is challenging as defamatory, "effectively admitted that in writing his allegedly defamatory statements about Plaintiff, he did not have access to any classified information." Therefore, according to Montgomery's relevancy theory, Risen never had access to the software (which Montgomery claims is "classified") when he made the "false and defamatory statements about Plaintiff." Thus, Montgomery further argues, the software becomes irrelevant.

4

The Undersigned is not at all persuaded by Montgomery's argument. In fact, I agreed with Defendants' position that the software is "highly relevant" for the case. [ECF No. 110, p. 32].

Montgomery's complaint is based on many purported libelous statements, but, at bottom, the theme is that Risen falsely accused Montgomery of being a con man and a fraud who tricked the Government into purchasing unworkable object recognition software and who asked that tests of the software be falsified. Risen's statements are in a book titled <u>Pay Any Price: Greed, Power and Endless War</u>. The other defendants besides Risen are the publisher and the parent company of the publisher.

Plaintiff's burden to prove falsity does not hinge on whether he ever had a copy of the software. Instead, the critical fact issue is **whether in fact the software worked**. Accordingly, Defendants have the right to inspect and test the software. It is highly relevant and Montgomery must produce it.

The Court understands that Montgomery faults Defendants for not providing an expert witness report. But this argument is circular and unconvincing. Defendants could not provide an expert report because *Montgomery* refused to provide the software which Defendants have been requesting since discovery began. Moreover, the overall equities of the discovery dispute and the Discovery Order at issue further militate against Montgomery's position because he recently, and secretly, turned over the software to the FBI -- without keeping a copy, without advising Defendants of his plan

5

to do so, without advising this Court of his strategy and without seeking leave of Court to, in effect, seek to sequester what could be the most important evidence in the entire case.

So Montgomery is not going to be able to demonstrate likelihood of success on the merits of the appeal, which, based on the points raised in his stay motion, will be based on a lack of relevance theory. But, as noted, the evidence is highly relevant. In fact, it is critical.

In addition, Montgomery has not established, and has not even tried to establish, that a stay would not substantially prejudice Defendants. To the contrary, it is close to a certainty that any further delay in obtaining the software and related discovery about its eleventh-hour, covert turnover to the FBI would surely generate substantial prejudice to Defendants. Discovery closes on September 16, 2015, less than two weeks away. Defendants need to obtain the software and related discovery, arrange for their expert to examine and test the software and prepare a final report, and further arrange for the expert to give a deposition (if Montgomery wants to take the deposition). Moreover, if the stay were to be granted, then Defendants would not be able to do any of these things unless and until the objections are filed, Defendants respond to them and the District Court rules on the objections.

Montgomery has not come anywhere close to meeting his burden to obtain a stay of the Discovery Order and the Undersigned therefore denies it.

**DONE AND ORDERED** in Chambers, at Miami, Florida, September 3, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Jose E. Martinez
All counsel of record