UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 15-20782-CIV-MARTINEZ/GOODMAN**

DENNIS L. MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN, et al. ,

    Defendants.

_____/

## POST-DISCOVERY HEARING ORDER

On September 11, 2015, the parties appeared before the Undersigned concerning disputes surrounding several depositions. [ECF No. 114]. Specifically, Plaintiff sought depositions of two high-ranking officers of the two corporate Defendants, as well as a third 30(b)(6) deposition of one of the corporate Defendants' Orlando office. Defendants objected to all of these proposed depositions. Additionally, Defendants objected to certain deposition topics noticed for the 30(b)(6) depositions of the corporate Defendants. For the reasons stated on the record,[1] the Undersigned **ORDERED** the following:

(1) Defendants' objections to the proposed depositions of Linda Zecher and William Bayers are **sustained**. The proposed depositions are premature "Apex"

---

[1] If any party appeals this Order to the District Court, then the transcript of the hearing will need to be ordered, as it outlines the Undersigned's reasoning.

depositions and so Plaintiff must first exhaust less-intrusive means of acquiring the information to be gleaned from them before moving to take these depositions.

(2) Topic number 8 for Plaintiff's 30(b)(6) depositions of the corporate Defendants is **stricken without prejudice** as premature.

(3) Topic number 9 for Plaintiff's 30(b)(6) depositions of the corporate Defendants is **stricken without prejudice** as an improper subject for deposition at this time.

(4) Plaintiff's request for a separate 30(b)(6) deposition of the corporate Defendant's Orlando "office" is **denied** because the Orlando office is not a separate legal entity.

(5) Plaintiff's request for a second deposition of Defendant James Risen concerning his affidavit [ECF No. 109] about the thumb drive is **denied**.

(6) As the party losing this discovery dispute, Plaintiff (and/or his counsel) is responsible for attorney's fees under Federal Rule of Civil Procedure 37, unless one or more of a limited list of exceptions apply. Rule 37 establishes a "loser pays" scenario, and **requires** the Court to enter a costs award, including attorney's fees, unless an exception applies. No exception applies to Plaintiff's request for a 30(b)(6) deposition of corporate Defendant's Orlando office or notice of the SEC filings issue for the 30(b)(6) depositions (topic number 9).

Federal Rule 37(a)(5)(A) provides that the Court "must" require the losing party or attorney or both to pay the costs/fees award, in the absence of an exception. Moreover, the Discovery Procedures Order [ECF No. 48] and the Updated Discovery Procedures Order [ECF No. 123] both specifically caution parties about the rule and its requirement that fees be awarded unless an exception applies. The Undersigned does not believe that *Plaintiff* should pay the award, as it seems that it was his *attorney* who stridently pursued these two positions. Therefore, it is Plaintiff's counsel[2] who will pay the fees award -- of **$250** -- by September 18, 2015.

If any party (or counsel of record) objects to either the fees award or the amount of the award, then the Court will hold a hearing if an objection is filed by September 16, 2015. If the challenge is to the amount, then counsel for both sides will be required to submit their billing records for the time in question.

Finally, Plaintiff's counsel shall not, either directly or indirectly, pass on the fees award to his client. Plaintiff's counsel shall submit an affidavit of compliance, confirming that the payment was made, to the Court's e-file inbox (goodman@flsd.uscourts.gov) within three days of making the payment. This is the e-

---

[2]   The Undersigned does not consider a Rule 37(a)(5)(A) expense-shifting award to be a sanction, or the imposition of discipline, or an indication that anyone acted in bad faith. Rather, it is merely a **consequence** of taking certain unsuccessful discovery positions. Thus, this Order would not require Plaintiff's counsel to answer "yes" if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial nominating commission, by a client, or by a prospective client) if he had ever been sanctioned or disciplined.

3

file inbox, not the official CM/ECF filing protocol for pleadings, motions and other Court submissions.

      **DONE AND ORDERED** in Chambers, at Miami, Florida, September 15, 2015.

 

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
The Honorable Jose E. Martinez
All counsel of record