IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DENNIS L. MONTGOMERY

                Plaintiff,

  v.

JAMES RISEN, ET AL.,

                Defendants.

Civil Action No. 1:15-cv-20782-JEM

**PLAINTIFF'S OBJECTION TO LIMITED PORTIONS OF
MAGISTRATE JUDGE'S POST-DISCOVERY HEARING ORDER AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

     Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. Proc.") Rule 72, which govern a district court's consideration of a party's objection to a magistrate judge's order, and Rule 4 of the Local Magistrate Judge Rules of this District, Plaintiff Dennis Montgomery ("Plaintiff") hereby files this Plaintiff's Objection to Limited Portions of Magistrate Judge's Post-Discovery Hearing Order with regard to the Honorable Jonathan Goodman, Magistrate Judge's, rulings as set forth in his Post-Discovery Hearing Order (Order) of September 15, 2016 ("Order") (attached as Exhibit 1), in appeal to the U.S. District Court for the Southern District of Florida ("District Court") before the Honorable Jose E. Martinez, District Court Judge.

     For the following reasons, Plaintiff respectfully objects to Magistrate Judge Goodman's decision to exclude from the depositions the topic of the Defendants' insider trades since receiving the Plaintiff's November 2014 legal demand letter and failure to disclose the lawsuit in filing SEC reports. Further, Plaintiff respectfully objects to Magistrate Goodman's ruling that Plaintiff cannot inquire into the corporate Defendants' net worth. *See,* Order, ¶¶ 2 and 3.

## **MEMORANDUM OF LAW**

### I. GOVERNING STANDARDS

Fed. R. Civ. Proc. Rule 72 provides a procedure for appealing from the decisions of a Magistrate Judge for review by the presiding District Judge:

> **(a) NONDISPOSITIVE MATTERS**. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.
> \* \* \*

Similarly, Local Magistrate Judge Rules of this District provide:

**RULE 4. REVIEW AND APPEAL**

**(a) Appeal of Non-dispositive Matters–Government Appeal of Release Order.**

(1) *Appeal of Non-dispositive Matters—28 U.S.C. § 636(b)(1)(A)*. Any party may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) of these rules, supra, within fourteen (14) days after being served with the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically set forth the order, or part thereof, appealed from a concise statement of the alleged error in the Magistrate Judge's ruling, and statutory, rule, or case authority, in support of the moving party's position. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The objecting party may file a reply within seven (7) days after service of the response. Absent prior permission from the Court, no party shall file any objections or responses to another party's objections exceeding twenty pages in length. The District Judge shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule.

Fed. R. Civ. Proc. Rule 30 provides concerning the proper scope of depositions that depositions may be taken *without leave of court*:

> **Rule 30. Depositions by Oral Examination**
>
> (a) WHEN A DEPOSITION MAY BE TAKEN.
>   (1) *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
>   (2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>     (A) if the parties have not stipulated to the deposition and:
>     (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
>     (ii) the deponent has already been deposed in the case; or
>     (iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or
>     (B) if the deponent is confined in prison.
>         * * *

Moreover, Fed. R. Civ. Proc. Rule 30(b)(6) provides a procedure for noticing the deposition by topic of a representative of an organization or corporation:

> (6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. Proc. Rule 26(b) provides that the permissible scope of discovery is that which is relevant to any the claims in the case or the conduct of the trial such as impeachment of witnesses or which may lead to relevant evidence under Rule 401 of the Federal Rules of Evidence:

> (b) DISCOVERY SCOPE AND LIMITS.
>   (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>   (2) *Limitations on Frequency and Extent.*
>   (A) *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

Rule 401 of the Federal Rules of Evidence defines relevant evidence, and thereby informs the permissible scope of discovery:

> **Rule 401. Test for Relevant Evidence**
>
> Evidence is relevant if:
>
> **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> **(b)** the fact is of consequence in determining the action

The Federal Rules of Evidence also allow multiple ways in which a person's prior untruthfulness can be admitted into evidence. For example, Rule 608 of the Federal Rules of Evidence provides, though in somewhat back-handed phrasing, that a witness

4

may be impeached by evidence of a witness' reputation for untruthfulness or pattern of deception:

> **Rule 608. A Witness**
>
> **(a) Reputation or Opinion Evidence.** A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.
> **(b) Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>   **(1)** the witness; or
>   **(2)** another witness whose character the witness being cross-examined has testified about.
>
> By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

In addition, Rule 406 provides:

> **Rule 406. Habit; Routine Practice**
>
> Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

Finally, Rule 613 allows for evidence of prior inconsistent statements, stating:

Rule 613. Witness

> **(a) Showing or Disclosing the Statement During Examination.** When examining a witness about the witness's prior statement, a party need not show it or disclose its contents to the witness. But the party must, on request, show it or disclose its contents to an adverse party's attorney.

> **(b) Extrinsic Evidence of a Prior Inconsistent Statement.** Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires. This subdivision (b) does not apply to an opposing party's statement under Rule 801(d)(2).

## II. ARGUMENT:

As shown below, Magistrate Judge Goodman's decision to limit the topics permitted in the Plaintiff's pending depositions as set forth below was erroneous:

### A. FED. R. CIV. PROC. 30(b)(6) DEPOSITIONS ERRONEOUSLY STRICKEN

In the September 15, 2015, Order, objected to in part, at page 2, Magistrate Goodman limited the topics of Plaintiff's depositions of Defendants' Fed. R. Civ. Proc. 30(b)(6) corporate representatives about the corporate Defendants' fraudulent filings before the Securities and Exchange Commission ("SEC") and apparent insider trading, prohibited under 15 U.S. Code § 78u–1, starting immediately after the Plaintiff's private demand letter in November 2014 and again in January 2105, which trading is related to and which explains these false filings. Magistrate Goodman limited the topics allowed for the depositions, and the Plaintiff now objects and asks for the Court to reverse that decision and limitation.

Discovery is proper under Fed. R. Civ. Proc. Rule 26(b)(1) on any topic that is <u>*relevant*</u> – i.e., has any tendency to make a fact more or less probable than it would be without the evidence under Rule 401 of the Federal Rules of Evidence – to any issue in the case or the conduct of the trial such as impeachment of witnesses, but also the scope of discovery includes topics that are not admissible in themselves but could potentially lead to admissible evidence: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. Proc. Rule 26(b)(1).

6

Under SEC Regulation S-K, Item 103 (codified at 17 CFR 229.103) a publicly-traded corporation is required to report material pending legal proceedings as contingent liabilities. Although the regulation distinguishes routine litigation incidental to the business, Instruction 2 of Item 103 designates any contingent liability whose claim for damages exceeds ten percent (10%) of the current assets of the corporation as material and reportable. Regulation S-K requires this disclosure in several contexts, including in a publicly-traded corporation's quarterly (Form 10-Q) and annual (Form 8-K) filings with the SEC. *See also*, Section 10(b) of the Securities and Exchange Act ("Exchange Act") and Rule 10b-5 promulgated thereunder as well as Rule 13b2-2 of the Exchange Act.

Here, the claim for damages in both the original Complaint and the Amended Complaint is $120 million in compensatory damages plus $350 million in punitive damages. *See,* Prayer for Relief, Amended Complaint. This does exceed ten percent of the Defendant's current assets, and the requirement for disclosure under SEC regulations is triggered.

With regard to these false statements and omissions the corporate Defendants lied on the following SEC disclosure forms by not setting forth the damages that have been requested in this case, which are in excess of $470 million dollars.

> Form 8-K/A dated August 11, 2015; no mention of the lawsuit liability
> Form 10-Q dated August 6, 2015; no mention of the lawsuit liability
> Form 8-K dated August 6, 2015; no mention of the lawsuit liability
> Form 8-K dated July 23, 2015; no mention of the lawsuit liability
> Form 8-K dated May 29, 2015; no mention of the lawsuit liability
> Form 10-Q dated May 27, 2015; no mention of the lawsuit liability.
> Form 8-K dated May 20, 2015; no mention of the lawsuit liability
> Form 8-K dated May 7, 2015; no mention of the lawsuit liability
> Form 8-K dated April 29, 2015; no mention of the lawsuit liability
> Form 8-K dated April 28, 2015; no mention of the lawsuit liability
> Form 8-K dated April 24, 2015; no mention of the lawsuit liability
> Form 10-Q dated March 31, 2015; no mention of the lawsuit liability.

This liability should have been disclosed to prospective shareholders.  But rather than doing this, the corporate official who signed these SEC filings under oath, Mr. William Bayers, Esq., Vice President and General Counsel,  instead then appears to have dumped shares of corporate stock which he held after being notified of the prospective and then actual lawsuit. *See* Exhibit 2 – HMHC Insider Activity (SEC FORM 4).

After the Plaintiff sent his first legal demand letter in November, 2014, as a private communication, Mr. Bayers has sold $3,967,552 of stock in the Defendant Houghton Mifflin Harcourt Publishing Company, and all corporate insiders have sold $52,075,431 of the Defendant corporation's stock. *See,* Table, attached as Exhibit 3.  The SEC is currently investigating this likely violation of its civil and criminal statutory provisions for failure to disclose and insider trading.

Mr. Bayers is involved in this case and is a material witness in this defamation case as he was asked under Florida Statute § 770.02 to correct or retract the offending publications.  These statutory provisions governing defamation actions were directed to and dealt with by Mr. Bayers, through his subordinate.Since fraudulent filings would go to show a pattern of making untrue statements under oath – as SEC filing are sworn to under oath punishable pursuant to 18 U.S.C. § 1001 for false statements or material omission of facts – this testimony would be useful at a minimum for impeachment purposes of the corporate defendants.

Rule 608 of the Rules of Evidence provides that a reputation of untruthfulness as admissible evidence for impeachment on cross-examination of a witness.  "Rule 608(a) provides that the credibility of a witness may be attacked "by evidence in the form of Opinion or reputation ", Fed.R.Evid. 608(a) (emphasis added).  While it may be more desirable to have counsel first ask the impeaching witness about his knowledge of the defendant's reputation for

8

truth and veracity, and whether based on that knowledge he would believe the defendant under oath, Rule 608(a) imposes no such requirement:" *U.S. v. Lollar*, 606 F.2d 587 (C.A.5 (Ala.), 1979). [1] In fact, in *U.S. v. Watson*, 669 F.2d 1374 (C.A.11 (Fla.), 1982), the appellate court found that the failure to provide "compulsory process" for access to witnesses to prove reputation violated that party's constitutional rights under the Sixth Amendment. Even in a civil case as here, the importance of being able to cross-examine and impeach witnesses with evidence of truthfulness cannot be discounted as necessary for due process. The appellate court continued in *U.S. v. Watson* to analyze *U.S. v. Davis*:

> The defense called two character witnesses to impeach the informant's credibility, but they were disallowed by the trial court as a discovery sanction and under Rule 403, Federal Rules of Evidence. The Fifth Circuit found that the district court erred in excluding the witnesses and, as a result of the error, the defendants' right to compulsory process was infringed. It was not possible to find the error harmless beyond a reasonable doubt when "the role of the government's witness (was) so central and the jury's perception of his credibility so crucial to conviction." 639 F.2d at 245. Campbell occupied a similar position. He was the lynchpin to the government's case. His testimony was the only testimony to link all the appellants in a single conspiracy and it was the only direct evidence of the flight to Colombia. Campbell's credibility was critical to the government's case. The excluded "testimony would certainly be essential to a jury's decision whether to believe (Campbell's) testimony, without which the government would have no case." Id.

As a result, even in a civil case, denying the Plaintiff access to evidence of truthfulness of the opposing party's central witnesses implicates essential due process.

Even more, Rule 406 enables the Court to admit "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice."

---

[1] In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982), this Circuit adopted as precedent decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981.

### B. DEFENDANTS' NET WORTH MISTAKENLY EXCLUDED

Second, while not so stating in the Order, the Magistrate Judge ruled in the hearing that Plaintiff could not inquire into the corporate Defendants' net worth. While the Plaintiff respects and has a high regard for the Magistrate Judge, ironically his strange ruling was based on a representation by *pro hac vice* defense counsel that the information could be gleaned from public SEC filings. However, given the falsity of these filings, SEC filings cannot be used as the sole source of obtaining evidence of net worth, which is needed for Plaintiff's punitive damages claims. Thus, this ruling by the Magistrate Judge must also respectfully be reversed.

### III. CONCLUSION

Therefore, the presiding District Court Judge, Judge Jose E. Martinez, should reverse the relevant portions of the Magistrate Judge's discovery order excluding from the depositions the topic of the Defendants' failure to disclose the lawsuit in filing SEC reports and insider trades and reverse the Magistrate Judge's ruling that Plaintiff cannot inquire into the corporate Defendants' net worth.  *See,* Order, ¶¶ 2 and 3.

Dated: September 29, 2015                                              Respectfully Submitted,

 */s/ Larry Klayman*
Larry Klayman, Esq.
FL Bar No. 246220
The Klayman Law Firm
7050 W Palmetto Park Rd.
Suite 15-287
Boca Raton, Florida 33433

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this September 29, 2015 a true and correct copy of the foregoing Objection was filed with the Court through the Court's Electronic Case Filing system, and will be delivered electronically to all counsel for the Defendants who have entered an appearance in this case through the ECF system, including:

**Sanford Lewis Bohrer**
**Brian Toth**
Holland & Knight, LLP Suite 3000
701 Brickell Ave Miami, Florida 33131
Email: sbohrer@hklaw.com
Email: brian.toth@hklaw.com

**Laura R. Handman**
**Micah Ratner**
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington D.C. 20006-3401
Email: laurahandman@dwt.com
Email: MicahRatner@dwt.com
*Attorneys for Defendants*

*/s/ Larry Klayman*
Larry Klayman, Esq.