UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 15-20782-CIV-MARTINEZ/GOODMAN**

DENNIS L. MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN, et al. ,

    Defendants.

_____/

**POST-DISCOVERY HEARING ADMINISTRATIVE ORDER**

On October 16, 2015, the parties appeared before the Undersigned concerning Plaintiff's alleged failure to comply with the Court's Order [ECF No. 107] issued on August 22, 2015 concerning certain software that the Undersigned required Plaintiff to retrieve from the FBI and produce to Defendants, in addition to turning over communications related to that software. Defendants seek severe sanctions against Plaintiff, including the dismissal of the complaint with prejudice, for Plaintiff's alleged failure to comply with this Order. For the reasons stated on the record,[1] the Undersigned **ORDERED** the following:

---

[1] If any party appeals this Order to the District Court, then the transcript of the hearing will need to be ordered, as it outlines the Undersigned's reasoning.

(1) Defense counsel shall, by October 19, 2015, file a Notice of Filing on CM/ECF, attaching her October 5, 2015 email to Assistant General Counsel at the FBI, Ted Schwartz, and his October 6, 2015 response.[2]

(2) Plaintiff shall, by October 20, 2015, file a Notice of Filing on CM/ECF, attaching **all** communications between Plaintiff (and/or Plaintiff's counsel) and the FBI and/or Assistant United States Attorney Deborah Curtis concerning the turning over of the software and the efforts to retrieve it from the FBI, including all communications in response to FBI General Counsel James Baker's request for additional information that the Court was copied on from September 8, 2015 [ECF No. 126]. All of these communications shall be turned over to defense counsel as well, even if Plaintiff attempts to file the documents under seal.[3] If the documents are filed under seal, then defense counsel are reminded that they are bound by the rules of this Court concerning under-seal filings.

(3) Plaintiff shall, by October 21, 2015, send the FBI, via email to Assistant General Counsel Schwartz, a comprehensive set of instructions (the best available to

---

[2] Defendants filed these communications on October 19, 2015. [ECF No. 153].

[3] The Undersigned is by no means indicating that any such motion to seal will be granted if it is filed. This Court is a Court of public record, and so the process -- including all filings -- is presumptively open to the public, except in exceptional circumstances where good cause is shown. The communications at issue, on their face, appear to be fairly standard and innocuous; however, should a motion to file under seal be entered, then the Court will consider it and expect to see good cause for such an extraordinary remedy.

Plaintiff) as to how to pinpoint the software amidst the massive amount of data that was turned over to the FBI. If Plaintiff cannot tell the FBI exactly how to identify the software, then he shall so state in the email. Copies of that email shall be filed with the Court (publicly) on CM/ECF by October 22, 2015.

(4) Plaintiff shall, by October 26, 2015, produce the software at issue in this case to Defendants. If the software is not turned over by this date and Defendants seek significant sanctions (i.e. dismissal or an adverse inference), then Defendants may file a motion and/or memorandum of law if they are still seeking sanctions. If Defendants file a motion, then the Undersigned will issue a briefing schedule order.

**DONE AND ORDERED** in Chambers, at Miami, Florida, October 19, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Jose E. Martinez
All counsel of record