IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-20782-Martinez-Goodman



FILED by _____ D.C.

OCT 21 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

DENNIS MONTGOMERY,

        Plaintiff,

v.

RISEN, ET AL.

        Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff Dennis Montgomery hereby moves, pursuant to Rule 5.4(b) of the Local Rules for the U.S. District Court for the Southern District of Florida, for leave to file the attached sensitive documents (Exhibit 1) under seal.

On October 19, 2015, Magistrate Judge Jonathan Goodman issued the following order:

> Plaintiff shall, by October 20, 2015, file a Notice of Filing on CM/ECF, attaching all communications between Plaintiff (and/or Plaintiff's counsel) and the FBI and/or Assistant United States Attorney Deborah Curtis concerning the turning over of the software and the efforts to retrieve it from the FBI, including all communications in response to FBI General Counsel James Baker's request for additional information that the Court was copied on from September 8, 2015 [ECF No. 126]. All of these communications shall be turned over to defense counsel as well, even if Plaintiff attempts to file the documents under seal.

See Docket No. 154 – Post Discovery Hearing Administrative Order.

With full reservation of all rights, in accordance with Magistrate Judge Goodman's Order, the subject communications have already been provided to Defendants' counsel and Magistrate Judge Goodman. Plaintiff is respectfully requesting that the entirety of these documents be placed under seal. The documents at issue are sensitive for a number of reasons.

First, these are communications between Plaintiff's counsel and the Federal Bureau of Investigation ("FBI"), as well as the U.S. Attorney's Office, regarding an ongoing criminal investigation by the FBI. The FBI and the U.S. Attorney have both stated their desire that the criminal matter under investigation and this lawsuit involving Plaintiff be kept separate. Plaintiff is concerned that any ongoing working relationship and cooperation between Plaintiff and the FBI will be put at risk if the communications are released on the public record, and that this criminal investigation will be compromised.

In addition, these communications fall under the work-product doctrine and should not respectfully be disclosed publicly in this lawsuit. These communications were made specifically between Plaintiff's counsel and the FBI in regards to an ongoing criminal investigation in which Plaintiff's counsel is representing Plaintiff. Plaintiff's negotiations with the FBI began over a year ago, well before this law suit was ever filed.

Finally, the communications with the FBI contain a roadmap to finding sensitive information contained on hard drives that are now in possession of the FBI. The FBI is still in the process of determining whether any of the documents and/or software that may exist on these hard drives is classified. Information that leads to the finding of potentially classified information should not be given to the public for possible revelations of national secrets, as set forth in Exhibit 2.

With all these issues surrounding the documents at issue, Plaintiff respectfully requests that all of the documents attached as Exhibit 1 be placed under seal.

These documents have additionally been designated as confidential as provided in page 4 of Magistrate Judge Goodman's Protective Order Concerning Confidential Information (Docket No. 89). Magistrate Judge Goodman's Order Provides:

> Any party in this Action or any third party to whom a subpoena is issued in this Action (a "Producing Party") may designate any material that it produces (including, but not limited to, exhibits, documents, and things; answers to interrogatories; responses to requests for admissions; responses to requests for production; and declarations, affidavits, and deposition testimony or transcripts, including the information contained therein whether in note or summary form) as "confidential" only if the material contains information that is proprietary or unduly sensitive to the Producing Party and is not otherwise in the public domain.

Docket No. 89 -- Protective Order Concerning Confidential Information (Emphasis added).

Particularly in light of a letter/objection of Justice Department Counsel for the Central Intelligence Agency ("CIA") just obtained yesterday by Plaintiff, after Plaintiff requested it from Defendants' counsel after Plaintiff learned of it yesterday, out of an abundance of caution Plaintiff is moving to have the communications at issue placed under seal. This letter, which is an objection from the CIA over Defendants' subpoenas to the CIA and certain personnel, is self-explanatory, as it underscores the sensitive nature of these documents at a minimum, and sets forth the Department of Justice's and the CIA's position that the software at issue in this lawsuit is not relevant under the circumstances of this case, among other compelling objections. Exhibit 2.

Plaintiff requests to have these documents placed under seal in perpetuity or until such time that Plaintiff is no longer involved with communications with the FBI regarding an ongoing criminal investigation, and the U.S. Justice Department in conjunction with the FBI decides whether or not to bring prosecutions against these persons who Plaintiff Montgomery, as a government witness, has provided information showing that the National Security Agency and/or

Central Intelligence Agency illegally surveilled millions of Americans including judges, congressmen, senators, and others without probable cause. The subject documents should respectfully be filed under seal so as not to, at a minimum, compromise an on-going criminal investigation. Accordingly, exceptional circumstances and good cause have been shown.

Consistent with this, as in the case of *Washington Post v. Robinson*, 935 F.2d 282, 290 (D.C. Cir. 1991) these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the information until (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized.

Plaintiff sought consent for this motion from Defendants. Defendants do not grant consent to this motion.

Plaintiff fully respects the decisions of Magistrate Judge Goodman and complies with his orders to full extent possible while still attempting to protect his own interests in this complex and sensitive issue. If Magistrate Judge Goodman denies Plaintiff's request to file these documents under seal, Plaintiff requests that a stay of the Order be put in place until such time that Plaintiff with all due speed has the opportunity to timely file an objection with the presiding judge and such time that the objection is heard and decided by him.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that leave be granted for him to file the sensitive documents that have been attached as Exhibit 1 under seal.

Dated: October 21, 2015

Respectfully submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
Klayman Law Firm
FL Bar No. 246220
7050 W Palmetto Park Rd.
Suite 15-287
Boca Raton, FL 33433
(310) 595-0800
leklayman@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October, 2015, a true and correct copy of the foregoing (Case No. 15-cv-20782) was filed via CM/ECF and served upon the following:

**Sanford Lewis Bohrer**
**Brian Toth**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
Email: sbohrer@hklaw.com
Email: brian.toth@hklaw.com

**Laura R. Handman**
**Micah Ratner**
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington D.C. 20006-3401
Email: laurahandman@dwt.com
Email: MicahRatner@dwt.com

/s/ *Larry Klayman*

Larry Klayman, Esq.