UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN et al.,

    Defendants.

_____/

**DEFENDANTS' OMNIBUS RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTIONS TO SEAL**

| | |
|---|---|
| **HOLLAND & KNIGHT LLP** | **DAVIS WRIGHT TREMAINE LLP** |
| Sanford L. Bohrer | Laura R. Handman (admitted *pro hac vice*) |
|   Sandy.Bohrer@hklaw.com |   laurahandman@dwt.com |
| Brian W. Toth | Micah J. Ratner (admitted *pro hac vice*) |
|   Brian.Toth@hklaw.com |   micahratner@dwt.com |
| 701 Brickell Avenue, Suite 3300 | 1919 Pennsylvania Ave., NW, Suite 800 |
| Miami, Florida 33131 | Washington, D.C. 20006 |
| Tel: (305) 374-8500 | Tel.: (202) 973-4200 |
| Fax: (305) 789-7799 | Fax: (202) 973-4499 |

*Counsel for Defendants*

Plaintiff's Motions for Leave to File Under Seal (the "Motions to Seal"), ECF Nos. 159[1] and 160, seek to keep hidden from the public eye two categories of documents that the Court ordered Plaintiff to file: (1) all communications between him or his counsel and the FBI and DOJ about turning over, and trying to retrieve, the software, which is critical to his case; and (2) instructions Plaintiff sent to the FBI on how to locate the software in the massive amount of data turned over. *See* Mot. to Seal 1, ECF No. 159 (quoting Post-Disc. Hr'g Admin. Order (the "Admin. Order") ¶ 2, ECF No. 154); Mot. to Seal 1, ECF No. 160 (quoting Admin. Order ¶ 3). Plaintiff has not set forth any good factual or legal reason to keep secret the documents, which contain information central to this case and to resolving case-dispositive issues before the Court. Sealing these crucial documents would "fl[y] in the face of the paramount principle that public access to documents (and testimony) is an integral part of American jurisprudence." Pl.'s Opp'n to Defs.' Blanket Protective Order 5, ECF No. 83. The Court should deny the Motions to Seal.

## I.      BACKGROUND

At its core, this case concerns allegations that Defendants defamed Plaintiff by writing and publishing in a chapter of the book *Pay Any Price: Greed, Power, and Endless War* that Plaintiff sought to get rich off the federal government in the post–September 11 era by selling bogus counterterrorism software (the "Software"). *See generally* Am. Compl., ECF No. 52.

The Software is "'highly relevant' for the case." Order Denying Pl.'s Mot. to Stay One Para. of Disc. Order 5 ("Stay Order"), ECF No. 122. The Software has been requested by Defendants since June 1, 2015; has been the main topic of court hearings; has been ordered to be produced; has prompted contradictory testimony, argument, and declarations under oath by Plaintiff or his counsel; has been discussed in correspondence between Plaintiff's counsel and

---

[1] Plaintiff's Motion to Seal located at ECF No. 156 is the same as the Motion to Seal located at ECF No. 159, except for the form of the signatures on each Motion to Seal.

high-ranking governmental officials; is central to a case-dispositive motion for sanctions; and is necessary for Plaintiff's burden to prove substantial falsity, an element of his claim. *See* Defs.' Mem. Law Supp. Mot. for Sanctions 2–11, ECF No. 166. The Software, as the Court correctly characterized, "could be the most important evidence in the entire case." Stay Order 6.

Still, Plaintiff—for many, shifting, and inconsistent reasons—failed to produce the Software. *See* Defs.' Mem. Law Supp. Mot. for Sanctions 2–11. Here, the Court ordered Plaintiff to file "on CM/ECF": (1) "all communications" between him or his counsel and the FBI and DOJ "concerning the turning over of the [S]oftware and the efforts to retrieve it from the FBI, including all communications in response to FBI General Counsel James Baker's request for additional information that the Court was copied on from September 8, 2015," Admin. Order ¶ 2; and (2) and instructions he sent to the FBI "to pinpoint the [S]oftware amidst the massive amount of data that was turned over to the FBI," *id.* ¶ 3. Plaintiff asks to file all this under seal.

## II.     LEGAL STANDARD

"[O]perations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (alteration and citation omitted). This right "includes the right to inspect and copy public records and documents," which one may overcome only by showing "good cause." *Id.* To find good cause, courts must balance the right of access "against a party's interest in keeping the information confidential." *Id.* at 1246.

The Local Rules embody these principles: "Unless otherwise provided … , proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). If a party seeks to file a document under seal, the party must "file a motion to

seal *that sets forth the factual and legal basis* for departing from the policy that Court filings be public and that describes the proposed sealed filing with as much particularity as possible without revealing the confidential information." *Id.* 5.4(b)(1) (emphasis added).[2] Conclusory statements in support of sealing are insufficient. *See Romero*, 480 F.3d at 1247 ("These are 'stereotyped and conclusory statements' that do not establish good cause.").

### III.   ARGUMENT

Plaintiff gives three conclusory, legally unsupported reasons to seal.

#### A.   Ongoing criminal investigation

*First*, Plaintiff cites an "ongoing criminal investigation by the FBI," which, he contends, concerns alleged illegal government surveillance of "millions of Americans including judges, congressmen, senators, and others without probable cause." Mot. to Seal 3–4, ECF No. 159; *see also* Mot. to Seal 3, ECF No. 160. This provides no reason to seal here.

To begin, no "ongoing criminal investigation" exists. As the FBI's general counsel stated, the FBI and the U.S. Attorney's Office are "engaged with [Plaintiff's counsel] on the sole issue of [Plaintiff's] *allegation* that U.S. Government officials may have engaged in violations of federal criminal law," and "took possession of [Plaintiff's hard drives] with the sole understanding that the Government would be conducting a review of [Plaintiff's] allegations, and for no other purpose." James Baker Letter to Mr. Klayman 2–3 (Sept. 8, 2015) ("Baker Letter"), ECF No. 126 (emphasis added). Reviewing Plaintiff's allegations is not an ongoing criminal investigation.

*Second*, both Plaintiff's counsel and the FBI stated that the Software is separate from and unrelated to any review that the FBI may be conducting. Plaintiff's counsel stated: "The only

---

[2] The Protective Order, ironically entered over Plaintiff's objection, tracks the local rule and requires the party seeking to file under seal to demonstrate good cause. (ECF No. 89, ¶¶ 8, 9.)

3

issue ... here is the issue of Mr. Montgomery's software .... One of the things that he has that is *not part of this lawsuit*, is what appears to be unconstitutional surveillance on hundreds of millions of American citizens ...." Aug. 21 Hr'g Tr. at 6-7 (ECF No. 111-1) (emphasis added); *see* Baker Letter, ECF No. 126 ("[Y]ou indicated that your client will also be producing certain other information that is *not relevant* to this inquiry.") (quotation omitted) (emphasis added).

*Third*, even if such an investigation existed and even if information about the Software were somehow related, Plaintiff cites no legal authority to find that *he*—as opposed to the FBI or the DOJ—is the proper party to seek to keep such information under seal. At any rate, the "FBI has no objection to Mr. Klayman providing [Defendants' counsel] a copy of that email exchange [from October 1, 2015, seeking more information and clarification in response to an e-mail Mr. Klayman sent on September 24, 2015] or the other documents that [Defendants' counsel] seek[s]." (ECF No. 153, Ex. 1: E-mail from Ted Schwartz to Laura Handman (Oct. 6, 2015, 10:55 a.m. EDT)). Indeed, although fully aware of these proceedings, as evidenced by Mr. Schwartz's October 23 email that copied lawyers at DOJ and the U.S. Attorney's Office in D.C. (ECF No. 166-4), neither the FBI, DOJ, nor AUSA Curtis has sought to intervene, move to seal, or assert the state secrets privilege here.

*Fourth*, Plaintiff cites no legal support to keep this information under seal, authority which is required. *See* S.D. Fla. L.R. 5.4(a). Plaintiff's counsel already stated in open court that Plaintiff purports to be a "whistleblower" about alleged illegal governmental surveillance and that they turned over the Software to the FBI and DOJ. *See* Aug. 21 Hr'g Tr. 6:25; 7:1-10; 8:7-18 (ECF No. 111-1). And some of these communications are already public. Baker Letter (ECF No. 126); Schwartz Letters (ECF Nos. 153, 166-4, 166-5). Publicly filing the remaining communications and instructions would not cause harm. *See Romero*, 480 F.3d at 1246

4

(considering "the degree of and likelihood of injury if [claimed confidential information were] made public"); *Washington Post v. Robinson*, 935 F.2d 282, 292 (D.C. Cir. 1991) ("[D]isclosure of the contents of the plea agreement would only have confirmed to the public what was already validated by an official source" so "it could hardly have posed any additional threat to the ongoing criminal investigation").[3]

### B.      Work-product doctrine

Plaintiff next contends that these communications fall under the work-product doctrine, which is generally defined as "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Plaintiff provides no factual or legal support that any of these communications is owed work-product protection, *see* S.D. Fla. L.R. 5.4(a), and nothing on their face suggests that they are.

### C.      Sensitive information

Last, Plaintiff claims that this information provides "a roadmap to finding sensitive information contained on hard drives that are now in possession of the FBI," and "[i]nformation that leads to the finding of potentially classified information should not be given to the public for possible revelations of national secrets." Mot. to Seal 2, ECF No. 159; *see also* Mot. to Seal 2, ECF No. 160. This, too, fails. *First*, this reason makes no sense: As the FBI possesses the hard drives, information about how to find the Software on those hard drives would not assist *the public* to find anything on them. *Second*, Plaintiff cites no legal support for this non sequiter and the Government has not asserted it. *Finally*, this reason, as with the rest, is framed in "'stereotyped and conclusory statements' that do not establish good cause" to overcome the right to public access to court documents. *Romero*, 480 F.3d at 1247.

---

[3] The only legal support Plaintiff cites is *Robinson*, which is distinguishable. The court *vacated* a district judge's affirmance of a magistrate judge's sealing of a plea agreement. 935 F.2d at 283.

Dated: October 30, 2015

Respectfully submitted,

s/Brian W. Toth
Sanford L. Bohrer
Florida Bar No. 160643
sbohrer@hklaw.com
Brian W. Toth
Florida Bar No. 57708
brian.toth@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799

– and –

Laura R. Handman (admitted *pro hac vice*)
laurahandman@dwt.com
Micah J. Ratner (admitted *pro hac vice*)
micahratner@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., NW, Suite 800
Washington, D.C. 20006
Tel.: (202) 973-4200
Fax: (202) 973-4499

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on October 30, 2015, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

s/Brian W. Toth