UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN et al.,

    Defendants.

_____/

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MODIFIED NOTICE OF TELEPHONIC HEARING BEFORE MAGISTRATE JUDGE JONATHAN GOODMAN**

Defendants object to Plaintiff's Modified Notice of Telephonic Hearing Before Magistrate Judge Jonathan Goodman (the "Modified Notice"). ECF No. 171. Last week, Plaintiff noticed a hearing for November 4, 2015, at 2:30 p.m. (the "Hearing"), to address Defendants' alleged obstruction of discovery and alleged harassment of Plaintiff's family. This week, just 24 hours before the Hearing, Plaintiff filed the Modified Notice, which purports to change the subject of the Hearing so that Plaintiff may address Defendants' objections to his deposition notices of three nonparties in New York on November 9 and November 10. Because the Court's procedures do not permit Plaintiff unilaterally and at the last minute to change the subject of a duly noticed hearing, and because the dispute that Plaintiff seeks to address at the Hearing cannot, for many reasons, be resolved thereat, Defendants object to the Modified Notice.

The following background provides context to this objection:

- On October 14 and October 15, 2015, Plaintiff deposed by videoconference the 30(b)(6) representatives of Houghton Mifflin Harcourt Publishing Company ("HMH") and Houghton Mifflin Harcourt Company ("HMHC"). Certain of the testimony concerned the deponent's prior employment at Simon & Schuster, which initially was going to, but ultimately did not, publish a version of the book

that ultimately was published by Houghton Mifflin as *Pay Any Price: Greed, Power, and Endless War* (the "Book"). The deponent, Bruce Nichols, was Defendant James Risen's editor at Simon & Schuster and then at HMH.

- On October 21, 2015, Plaintiff caused to be e-mailed to Defendants' counsel three Notices of Taking Deposition Duces Tecum, which stated that Plaintiff would depose by videoconference the records custodian of Simon & Schuster, its employee Priscilla Painton, and Risen's literary agent Tina Bennett in New York on November 9 and November 10 (the "Non-party Depositions"). *See* Ex. A: Notices of Non-party Depositions.[1]

- On October 27, 2015, Plaintiff filed a Notice of Telephonic Hearing Before Magistrate Judge Jonathan Goodman, scheduling a hearing for November 4, 2015, at 2:30 p.m. to address two disputes: "obstruction of Plaintiff being able to subpoena and depose Michael Flynn, the former attorney of Plaintiff," and "Defendants' harassment of Plaintiff, his wife, his daughter and son in law." ECF No. 165.

- On October 30, 2015, Defendants sent a letter to Plaintiff objecting to the Non-party Depositions "to the extent Plaintiff intends to take the depositions … by 'videoconference,' as indicated in the [Notices]." Ex. B: Letter from Laura R. Handman to Larry Klayman (Oct. 30, 2015). Additionally, Defendants requested that Plaintiff withdraw document requests "regarding any 'communications' James Risen may have had with Priscilla Painton on 'confidential sources' and 'classified material and/or sources,' because any such communications are protected by the applicable common law and First Amendment reporter's privilege and applicable shield law." *Id.*

- On November 2, 2015, the parties' counsel participated in a meet-and-confer phone call. The parties' counsel discussed Defendants' objections to taking the Non-party Depositions by videoconference and Defendants' objections regarding the reporter's privilege and the applicable shield law.

- On November 2, 2015, counsel for Simon & Schuster, Inc. ("S&S") and Priscilla Painton sent an e-mail to Plaintiff's counsel enclosing objections to the Subpoenas to Testify at a Deposition in a Civil Action. *See* Ex. C: Letter from Andrew K. Nieh to Larry Klayman (Nov. 2, 2015). Among other objections, counsel for S&S and Painton objected "on the ground that [the subpoenas] seek[] materials which are protected from disclosure by news reporting or reporter's privileges … , as well as statutory privileges." *Id.* 4. Counsel for S&S and Painton also wrote that because "the Subpoenas were not properly served … S&S [and

---

[1] Although Plaintiff served on Defendants the Notices of Non-party Depositions, Plaintiff did not serve on Defendants the *subpoenas* commanding the Non-party Depositions and the production of documents. It was not until November 3, 2015, after requested by Defendants, that Plaintiff served on Defendants the actual subpoenas.

> Painton] do[] not have any obligation to appear for the depositions and will therefore not be producing witnesses at the noticed date and time." *Id.* 12.

- On November 3, 2015, at about 12:14 p.m. EST, Defendants' counsel e-mailed Plaintiff's counsel a follow-up meet-and-confer e-mail on Defendants' objections to the Non-party Depositions. *See* Ex. D: E-mail from Laura R. Handman to Larry Klayman (Nov. 3, 2015, 12:14 p.m. EST). Defendants' counsel wrote, among other things, that "if [Plaintiff's counsel] decide[s] to seek a court order in S.D.N.Y. regarding the video conference and reporter's privilege/shield law issues, please confer with us about scheduling." *Id.*

- On November 3, 2015, at about 2:33 p.m. EST, Plaintiff filed the Modified Notice. According to the Modified Notice, "an urgent matter has arisen involving the claim of reporter's privilege with regard to the depositions of Simon & Schuster, Priscilla Painton, and Tina Bennet," which, Plaintiff states, "are currently scheduled to take place on November 9th and 10th, 2015." Plaintiff stated nothing in the Modified Notice about the objections—both procedural and substantive—lodged by S&S and Painton.

- On November 3, 2015, at about 2:53 p.m. EST, Plaintiff's counsel responded to Defendants' counsel's earlier e-mail. *See* Ex. E: E-mail from Larry Klayman to Laura R. Handman (Nov. 3, 2015, 2:53 p.m. EST).

In the light of this background, Defendants, for three main reasons, object to the use of the Hearing to address Defendants' objections to the Non-party Depositions.

First, a party may not modify the subject of a duly scheduled hearing unilaterally and just 24 hours before the hearing. This Court has "designed … procedures to help the Parties and the Court work together to timely resolve discovery disputes without undue delay and unnecessary expense." Magistrate J. Goodman's Disc. Procedures Order 1, ECF No. 123. A party must first confer about a discovery dispute, contact Chambers, "and place the matter on the next available discovery calendar"—and must do so "no later than 5 business days preceding the discovery calendar." *Id.* 2. On the same day, the movant must file a notice of hearing, which must "briefly and succinctly identify the substance of the discovery matter to be heard." *Id.* The Court encourages parties to continue to try to resolve their disputes even after a hearing has been set. *See id.* 4. But nowhere does the Court's order permit what Plaintiff seeks to do here—substitute

3

the day before a hearing one (unresolved) dispute with an entirely separate dispute. Plaintiff, like every other litigant, must follow the Court's procedures.

Second, this is not the proper forum to resolve this dispute. Contrary to Plaintiff's assertion, it is not only Defendants' objections that "prevent Plaintiff's counsel from questioning [the Non-party Deponents]." Modified Notice 1. Counsel for S&S and Painton lodged the same objections, and has stated that the depositions will not proceed at all due to failure of proper service of the subpoenas. The third-party deponents are not before this Court. Protecting persons from, or enforcing, subpoenas is left to the "court for the district where compliance is required." Fed. R. Civ. P. 45(d)(1); *see also, e.g.*, *id.* 45(d)(2)(B)(i); *id.* 45(d)(3)(A). Here, that is the Southern District of New York.

Third, even if this were the proper forum, it is inappropriate to address this dispute in just 30 minutes, on the phone, and without proper notice to Defendants and no notice to or proper opportunity, if any in this Court, for the Non-party Deponents to participate. This dispute is factually and legally complex and may be "rare enough to bypass the standard no-motion policy." Magistrate J. Goodman's Disc. Procedures Order 3. Among other issues, the Court will have to address: (1) the threshold choice-of law-question about which state's reporter's privilege and shield law applies; (2) whether the Court can rule on reporter's privilege and shield law objections raised by third-party deponents not before the Court; and (3) the core issue of whether Plaintiff has overcome the reporter's privilege and shield law where, as here, Risen and HMH already disclosed the sources and newsgathering materials underlying the chapter of the Book in suit to Plaintiff, but asserted the reporter's privilege and shield law as to the remaining chapters of the Book and other books and articles by Risen.

In short, it is improper to raise this dispute with just 24 hours' notice—the claimed "urgen[cy of the] matter" notwithstanding. Modified Notice 1. Defendants request that the Court decline to entertain argument at the Hearing thereon. Defendants are prepared to proceed with the Hearing as originally noticed.

Dated: November 4, 2015

Respectfully submitted,

s/Brian W. Toth
Sanford L. Bohrer
Florida Bar No. 160643
sbohrer@hklaw.com
Brian W. Toth
Florida Bar No. 57708
brian.toth@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799

– and –

Laura R. Handman (admitted *pro hac vice*)
laurahandman@dwt.com
Micah J. Ratner (admitted *pro hac vice*)
micahratner@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., NW, Suite 800
Washington, D.C. 20006
Tel.: (202) 973-4200
Fax: (202) 973-4499

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on November 4, 2015, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

s/Brian W. Toth