UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-20782-CIV-MARTINEZ/GOODMAN

DENNIS L. MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN, et al.,

    Defendants.

_____/

## POST-DISCOVERY HEARING ADMINISTRATIVE ORDER

After following the appropriate procedures in the Undersigned's Discovery Procedures Order [ECF Nos. 48; 123] (i.e., contacting Chambers to arrange a hearing date, conferring with opposing counsel about the issues in dispute and the hearing date, and noticing the matters for hearing on the docket), Plaintiff filed a Notice of Hearing [ECF No. 165] concerning two distinct topics: (1) difficulty in arranging the deposition of a third party in California (who was already the subject of a motion to compel in the Southern District of California), and (2) alleged harassment of Plaintiff's family members by Defendants. The hearing was scheduled for November 4, 2015. [*Id.*].

On November 3, 2015, Plaintiff filed a "Modified Notice of Telephonic Hearing" [ECF No. 171], in which Plaintiff's counsel noticed additional topics for the November 4,

2015 Discovery Hearing that concerned the substantive objections of third-party witnesses in the state of New York who Plaintiff is scheduled to take the deposition of on November 9 and 10, 2015.  Plaintiff did not confer with opposing counsel, nor the Undersigned's Chambers, before noticing these additional topics to the agenda for the November 4, 2015 Discovery Hearing, a direct violation of the Discovery Procedures Order. Additionally, Plaintiff did not notice the third parties who were to be the subject of the very relief that Plaintiff sought.

In response to this "Modified Notice," Defendants filed a Notice [ECF No. 172] objecting to the addition of these new topics with only 24 hours' notice, without proper conferral and in the incorrect forum for resolution of the issues. Defendants' objection to this unauthorized Notice is sustained; Plaintiff noticed the hearing inappropriately and therefore the matters could not be heard substantively for the reasons stated on the record.

At the Discovery Hearing, the Undersigned provided Plaintiff's counsel the opportunity to explain why a fee-shifting award should not be imposed, but the explanation was unsatisfactory. Accordingly, as stated on the record,[1] the Undersigned considers Defendants to be the prevailing party concerning the "Modified Notice."

---

[1] If any party appeals this Order to the District Court, then the transcript of the hearing will need to be ordered, as it outlines the Undersigned's reasoning.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that the Court "must" require the losing party or attorney or both to pay the costs/fees award, in the absence of an exception. Moreover, the Discovery Procedures Order [ECF No. 48] and the Updated Discovery Procedures Order [ECF No. 123] both specifically caution parties about the rule and its requirement that fees be awarded unless an exception applies. Additionally, Plaintiff's counsel already has had such a fee-shifting award entered against him in this case [ECF No. 136] and so counsel is well aware of the Undersigned's policy concerning Rule 37.

The Undersigned does not believe that *Plaintiff* should pay the award, as it is clear that Plaintiff's *counsel* took these unjustified actions in noticing inappropriate matters for hearing without following the proper procedures, resulting in the opposing party being forced to incur fees to draft an objection to the Notice and to address these issues at the Discovery Hearing. Therefore, it is Plaintiff's counsel[2] who will pay the fees award -- of **$1,500**[3] -- by November 14, 2015.

---

[2]   The Undersigned does not consider a Rule 37(a)(5)(A) expense-shifting award to be a sanction, or the imposition of discipline, or an indication that anyone acted in bad faith. Rather, it is merely a **consequence** of taking certain unjustified positions in discovery. Thus, this Order would not require Plaintiff's counsel to answer "yes" if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial nominating commission, by a client, or by a prospective client) if he had ever been sanctioned or disciplined.

[3]   The Undersigned inquired on the record as to defense counsel's time spent addressing Plaintiff's inappropriate Notice of Hearing (i.e., time spent drafting and

If any party (or counsel of record) objects to either the fees award or the amount of the award, then the Court will hold a hearing if an objection is filed by November 9, 2015. If the challenge is to the amount, then counsel for both sides will be required to submit their billing records for the time in question.

Finally, Plaintiff's counsel shall not, either directly or indirectly, pass on the fees award to his client. Plaintiff's counsel shall submit an affidavit of compliance, confirming that the payment was made, to the Court's e-file inbox (goodman@flsd.uscourts.gov) within two days of making the payment. This is the e-file inbox, not the official CM/ECF filing protocol for pleadings, motions and other Court submissions.

**Issues Appropriately Noticed for Hearing**

Concerning the two topics that were appropriately noticed for hearing in the October 27, 2015 Notice of Hearing [ECF No. 165], the Undersigned heard argument from both sides and **denied** both of Plaintiff's requests for relief.

First, concerning the difficulty in arranging a third party's deposition in California (which was already the subject of a motion to compel in the Southern District of California): (1) this Court does not have jurisdiction over the dispute and a federal judge in California has already issued an Order on Plaintiff's motion to compel; (2) despite Plaintiff's counsel's protestations otherwise, a federal magistrate judge in

---

editing the objection to the Notice) and about the discounted billing rates for defense counsel in this case, in order to establish the amount of fees awarded.

California has ruled that service was *not* made, so the Undersigned cannot set aside that ruling; (3) Plaintiff's bald assertions and mere suspicions of collusion among defense counsel and the third-party witness -- based upon the fact that the witness used defense counsel's first name in an email -- is not sufficient for this Court to enter any sort of ruling (even if this Court had jurisdiction over the issue, which it does not); and (4) this Court will not rule that this deposition must take place in December.

Second, concerning Plaintiff's allegations that Defendants' process server harassed Plaintiff's family, based upon the explanation proffered at the Discovery Hearing, the Undersigned concludes that no inappropriate action was taken, and I therefore will not issue an Order providing any relief to Plaintiff or his family. In fact, if anyone acted improperly, it appears to be Plaintiff's daughter, who, according to defense counsel's proffer, repeatedly lied to the process server in an effort to trick him into thinking that he had the wrong address.

Because Plaintiff's son-in-law (who Defendant's process server was attempting to serve when this incident with Plaintiff's daughter occurred) allegedly contested service and faxed objections to the subpoena, defense counsel requested at the Discovery Hearing that the Undersigned enter an Order declaring that service was, in fact, proper. However, the Undersigned rejected this requested relief for several reasons, including the fact that the party contesting service was not present, the subpoena was issued in the State of Washington (and therefore was not within the Undersigned's jurisdiction),

and most prominently, Defendants (like Plaintiff's counsel did for the matters on the "Modified Notice") never properly noticed this request for relief for hearing, and so the Undersigned will not rule on a surprise issue.

**DONE AND ORDERED** in Chambers, at Miami, Florida, November 5, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
The Honorable Jose E. Martinez
All counsel of record