IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-20782-Martinez-Goodman

DENNIS MONTGOMERY,

   Plaintiff,

v.

RISEN, ET AL.

   Defendants.

_____/

FILED by _____ D.C.
NOV 17 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA – MIAMI

## PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

 Plaintiff Dennis Montgomery hereby moves, pursuant to Rule 5.4(b) of the Local Rules for the U.S. District Court for the Southern District of Florida, for leave to file the attached sensitive documents under seal. Plaintiff has previously submitted his Memorandum in Opposition to Defendants' Memorandum in Support of Motion for Sanctions (Docket No. 178) and is moving to re-file the Memorandum with the included sensitive documents (labeled as Exhibit 5 to the Memorandum) under seal as a whole for the Court's ease of review and convenience. Exhibit A.

 Plaintiff is respectfully requesting that his correspondence with the Federal Bureau of Investigation ("FBI"), including any instructions sent to the FBI (included as Exhibit 5 to the Memorandum) be placed under seal. The instructions to the FBI contain a roadmap to finding sensitive information contained on hard drives that are now in possession of the FBI.

 Plaintiff requests to have these documents placed under seal. The U.S. Justice Department in conjunction with the FBI are in the midst of an ongoing criminal investigation to

1

determine whether or not to bring prosecutions against these persons who Plaintiff Montgomery, as a government witness, has provided information showing that the National Security Agency and/or Central Intelligence Agency illegally surveilled millions of Americans including a chief justice, judges, congressmen, senators, and others without probable cause. The subject documents should respectfully be filed under seal so as not to, at a minimum, compromise an on-going criminal investigation and national security. Accordingly, exceptional circumstances and good cause have been shown.

These documents have additionally been designated as confidential as provided in page 4 of Magistrate Judge Goodman's Protective Order Concerning Confidential Information (Docket No. 89). Magistrate Judge Goodman's Order Provides:

> Any party in this Action or any third party to whom a subpoena is issued in this Action (a "Producing Party") may designate any material that it produces (including, but not limited to, exhibits, documents, and things; answers to interrogatories; responses to requests for admissions; responses to requests for production; and declarations, affidavits, and deposition testimony or transcripts, including the information contained therein whether in note or summary form) as "confidential" only if the material contains information that is proprietary or unduly sensitive to the Producing Party and is not otherwise in the public domain.

Docket No. 89 -- Protective Order Concerning Confidential Information (Emphasis added).

Consistent with this, as in the case of *Washington Post v. Robinson*, 935 F.2d 282, 290 (D.C. Cir. 1991) these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the information until (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation, which has national security implications, without substantial risk that it would be jeopardized.

Plaintiff sought consent for this motion from Defendants. Defendants do not grant consent to this motion because they demanded to see the documents before they are filed under seal. This would be inappropriate as set forth in the email correspondence. *See* Exhibit B – Emails of November 17, 2015 between Plaintiff's counsel and Defendants' counsel.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that leave be granted for him to file the sensitive documents that have been attached as Exhibit A under seal.

Dated: November 17, 2015

Respectfully submitted,

*P. Amado for Larry Klayman*
Larry Klayman, Esq.
Klayman Law Firm
FL Bar No. 246220
7050 W Palmetto Park Rd.
Suite 15-287
Boca Raton, FL 33433
(310) 595-0800
leklayman@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November, 2015, a true and correct copy of the foregoing (Case No. 15-cv-20782) was filed by hand with the U.S. District Court for the Southern District of Florida and served via U.S. Mail upon the following:

**Sanford Lewis Bohrer**
**Brian Toth**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
Email: sbohrer@hklaw.com
Email: brian.toth@hklaw.com

**Laura R. Handman**
**Micah Ratner**
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington D.C. 20006-3401
Email: laurahandman@dwt.com
Email: MicahRatner@dwt.com

_P. Amado for Larry Klayman_
Larry Klayman, Esq.