IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-20782-Martinez-Goodman

DENNIS MONTGOMERY,

        Plaintiff,

v.

RISEN, ET AL.

        Defendants.

_____/

## MOTION FOR EXTENSION OF TIME TO RESET DISCOVERY DEADLINE

    Plaintiff, Dennis Montgomery, hereby moves this honorable Court to extend the discovery deadline in this case, which is currently scheduled to close on November 19, 2015, for the reasons set forth in his recently filed Plaintiff's Opposition To Defendants' Memorandum Of Law In Support Of Their Motion For Sanctions (Docket No. 178). Such an extension, of just one month or until and including December 19, 2015, would provide more time for the Federal Bureau of Investigation ("FBI") to determine if the 47 hard drives and 600 million pages of documents and materials provided to the agency in furtherance of Plaintiff's immunity agreement – which he entered into as a whistleblower and government witness over likely criminal conduct by rogue officials of the Central Intelligence Agency ("CIA"), National Security Agency ("NSA") and other intelligence agencies, contain any software which Defendants have sought, however not relevant, as the Justice Department counsel Raphael Gomez for the CIA set forth in his recent correspondence. (See Docket No. 178). Despite, any such software being deemed classified by Mr. Gomez and his client the CIA, as set forth in the above styled pleading, and not subject to production to private persons in any event even if it

exists and is found, Plaintiff, who continues to hold a top level national security clearance, and the FBI have been working in tandem to locate any such software. Id.

The FBI, and its Director James B. Comey and his General Counsel James Baker have been collaborating to not just locate any such software which if found will require a declassification review as stated by General Counsel Baker (See Exhibit 5 to Plaintiff's Opposition To Defendants' Memorandum Of Law In Support Of Their Motion For Sanctions filed pursuant to a motion to seal), but also to further the FBI's and the U.S. Attorney for the District of Columbia's on-going criminal investigation, for which Plaintiff is a material government witness. This on-going criminal investigation has national security implications, as rogue officials of the CIA, NSA and other intelligence agencies had accessed and have continuing access to financial and other confidential information and documents concerning the chief justice, other Supreme Court justices, other federal and state judges and magistrates, member of Congress and senators, prominent businessmen and others and have used our national security surveillance apparatus which was designed to uncover terrorists to accomplish this – for whatever improper and illegal purpose --  according to Plaintiff. This access was even, according to Plaintiff Montgomery, used to influence the presidential elections in 2008 and 2012.

Plaintiff Montgomery has been collaborating diligently with the FBI and USA to analyze the materials which he provided to them under a grant of production immunity as well as to locate any software, even if it is classified and cannot be produced to Defendants in any event.

Plaintiff's counsel has held a meet and confer with counsel for Defendants and believed that they would be more than willing to agree to a modest extension of the discovery deadline, since all other pre-trial and trial dates could be left in place without prejudice to any party. This would give more time to the FBI, which has been inundated with national and international

emergencies over recent terror attacks and the on-going Hillary Clinton email scandal, but predictably Defendants and their counsel will not agree to the extension. Their strategic goal is not to obtain the alleged software, but to disingenuously create a Catch 22 by not getting the software they incorrectly claim they must have, in order that they can ask this court to dismiss Plaintiff's case, who is terminally ill and could die at any time as a result of his worsening brain aneurism. (See attachment of Defense Counsel rejecting this extension.) Exhibit 1.

     WHEREFORE in the interests of justice and in good faith, Plaintiff respectfully request that the discovery deadline of November 19, 2015, be reset to December 19, 2015, leaving all other pre-trial and trial dates in place, since Plaintiff Montgomery could otherwise not make it to any later trial given his declining health, for which he was recently hospitalized.

Dated: November 17, 2015

                                          Respectfully submitted,

                                          */s/ Larry Klayman*
                                          Larry Klayman
                                          Klayman Law Firm
                                          FL Bar No. 246220
                                          7050 W Palmetto Park Rd.
                                          Suite 15-287
                                          Boca Raton, FL 33433
                                          (310) 595-0800
                                          leklayman@gmail.com

                                          Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 17th day of November, 2015, a true and correct copy of the foregoing was served via email and U.S. Mail upon the following:

**Sanford Lewis Bohrer**
**Brian Toth**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
Email: sbohrer@hklaw.com
Email: brian.toth@hklaw.com

**Laura R. Handman**
**Micah Ratner**
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington D.C. 20006-3401
Email: laurahandman@dwt.com
Email: MicahRatner@dwt.com

*Attorneys for Defendants*

                                        */s/ Larry Klayman*
                                        Larry Klayman, Esq.