UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS MONTGOMERY,

        Plaintiff,

v.

JAMES RISEN et al.,

        Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR LEAVE TO FILE UNDER SEAL

Plaintiff's Motion for Leave to File Under Seal ("Motion"), ECF No. 180, requests an order sealing Plaintiff's "correspondence with the Federal Bureau of Investigation ('FBI'), including any instructions sent to the FBI (included as Exhibit 5 of the Memorandum [in Opposition to Defendants' Memorandum in Support of Motion for Sanctions])." Mot. 1. Plaintiff states that the instructions "contain a roadmap to finding sensitive information contained on hard drives that are now in possession of the FBI," and that there is "an ongoing criminal investigation to determine whether or not to bring prosecutions" against those responsible for alleged illegal surveillance by governmental agencies. *Id.* 1–2. According to Plaintiff, the correspondence should be sealed on national-security grounds. *Id.* 1–2.

These are the same reasons Plaintiff put forth in support of his two earlier motions for leave to file under seal. ECF Nos. 159–60. As set forth in Defendants' omnibus response in opposition to the earlier motions (the "Omnibus Response"), ECF No. 167, each of Plaintiff's reasons is conclusory and legally insufficient, and none justifies departing from the bedrock rule

that "proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). The Court should deny the Motion.

Indeed, the only new piece of information of any conceivable substance is a Dropbox hyperlink contained in an e-mail dated November 16, 2015, from Plaintiff to Plaintiff's counsel, and then forwarded by e-mail dated November 16, 2015, by Plaintiff's counsel to FBI's general counsel, James A. Baker; to Deborah Curtis and Ted Schwartz of the Department of Justice and the FBI, respectively; and (purportedly) to U.S. District Judge Royce Lamberth and to Plaintiff's counsel's assistant. The Dropbox hyperlink, however, appears to be inaccessible, and Plaintiff did not file any information purportedly contained in the Dropbox hyperlink with the Court.[1]

In any event, Plaintiff has given no "factual and legal basis for departing from the policy that [this] Court filing[]"—between Plaintiff's counsel, officials of the FBI and DOJ, and a federal judge—"be public." S.D. Fla. L.R. 5.4(a). Plaintiff—and his counsel—have repeatedly made public the fact of this inquiry and have even attached in the public record (in his Opposition to Defendants' Motion for Sanctions) the correspondence with the U.S. Attorneys' Office setting forth the terms under which he provided to the FBI the 51 million files of data, including, possibly, his one and only copy of the software at the center of this case. *See* Ex. 4 to Pl.'s Opp'n to Defs.' Mem. Law Support Mot. Sanctions, ECF No. 178-4.

---

[1] The contents of the Dropbox are among the documents that should have been provided to Defendants in accordance with the Court's order requiring production to Defendants of all communications with the FBI in connection with access to and retrieval of his software. ECF No. 107. Plaintiff's failure to provide the contents is yet another violation of the Court's orders, in addition to those detailed in Defendants' Motion for Sanctions, ECF No. 166, and a further effort to obscure what, if any, efforts Plaintiff has made to access his software—the "critical" evidence in this case.

Dated:  December 4, 2015                    Respectfully submitted,


                                           s/Brian W. Toth
                                           Sanford L. Bohrer
                                           Florida Bar No. 160643
                                           sbohrer@hklaw.com
                                           Brian W. Toth
                                           Florida Bar No. 57708
                                           brian.toth@hklaw.com
                                           HOLLAND & KNIGHT LLP
                                           701 Brickell Avenue, Suite 3300
                                           Miami, Florida 33131
                                           Telephone: (305) 374-8500
                                           Fax: (305) 789-7799

                                           – and –

                                           Laura R. Handman (admitted *pro hac vice*)
                                           laurahandman@dwt.com
                                           Micah J. Ratner (admitted *pro hac vice*)
                                           micahratner@dwt.com
                                           DAVIS WRIGHT TREMAINE LLP
                                           1919 Pennsylvania Ave., NW, Suite 800
                                           Washington, D.C.  20006
                                           Tel.: (202) 973-4200
                                           Fax: (202) 973-4499

                                           *Counsel for Defendants*


## CERTIFICATE OF SERVICE

I certify that on December 4, 2015, I filed this document with the Clerk of Court using

CM/ECF, which will serve this document on all counsel of record.


                                   s/Brian W. Toth