# Exhibit 1



**U.S. Department of Justice**

Civil Division
Federal Programs Branch

| **Mailing Address** | **Delivery Address** |
|---|---|
| *Post Office Box 883* | *20 Massachusetts Ave., N.W.* |
| *Washington, D.C. 20044* | *Washington, D.C. 20530* |

Raphael O. Gomez
*Senior Trial Counsel*

Telephone: *(202) 514-1318*
Facsimile:  *(202) 616-8460*
Email:    raphael.gomez@usdoj.gov

October 16, 2015

BY ELECTRONIC MAIL

Laura R. Handman, Esq.
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington D.C. 20006-3401

     Re:    *Montgomery v. Risen*, C.A. No. 15-cv-20782 (S.D. Fla.)

Dear Ms. Handman:

     On October 2, 2015, counsel for defendants in the above-referenced action notified the Central Intelligence Agency ("CIA") that pursuant to 32 C.F.R. Part 1905 (CIA's Touhy regulations), "(d)efendants seek discovery from the [CIA], its components, and its current and former employees."  Ratner Declaration at 1.  You also stated that pursuant to 32 C.F.R. § 1905.4(d), you offered the declaration of defendants' attorney Micah J. Ratner "as a statement regarding the scope and relevance of the requested discovery."  *Id*.  Further, as part of your *Touhy* request, you served subpoenas for documents and testimony from CIA employees upon the CIA.  As you are aware, the CIA is not a party to this action, in which plaintiff brings a "libel action against author James Risen, his publisher HMH, and its holding company HMHC arising from statements in Chapter 2 ("Chapter") of his book, *Pay Any Price: Greed, Power, and the Endless War*."  *Id*. at 1-2.

     CIA's *Touhy* regulations prohibit its employees from either producing documents or testifying without prior authorization from the proper agency official.  *See* 32 C.F.R. § 1905.3. As set forth in its *Touhy* regulations, in determining whether information can be produced in response to your requests, CIA officials will consider a number of factors in reaching a decision, including, but not limited to: whether production is appropriate in light of any relevant privilege; whether production is appropriate under the applicable rules of discovery; whether disclosure would violate a statute; whether disclosure would be inconsistent with the statutory responsibility of the Director of the CIA to protect intelligence sources and methods; and whether disclosure would reveal classified information.  32 C.F.R. § 1905.4(c).

     Your requests are currently under consideration by the CIA.  As of the date of this letter, however, a determination has not yet been made as to whether any of the information you are seeking can be produced, and therefore no production of documents or deposition testimony on the designated dates may take place.  *See id*.

In the meantime, while your subpoenas for documents and testimony are being made pursuant to the CIA's *Touhy* regulations, assuming, *arguendo*, that Rule 45 applies to your request, the CIA preserves the following additional objections to the requests:

1. As stated above, your *Touhy* subpoena requests for documents and testimony are under consideration by the CIA and as a determination has not yet been made as to whether any of the information you are seeking can be produced, no production of documents or deposition testimony on the designated dates may take place.  *See* 32 C.F.R. § 1905.3(a).

2. The CIA objects to the requests to the extent any response would risk or require the disclosure of any classified national security information or other privileged U.S. Government information.  To the extent a response to the requests would do so, no response is required or will be provided.  In addition, none of the objections set forth herein should be construed to confirm or deny that the CIA maintains or has maintained the information being sought in the request, and discussed in this response, or any statement or allegation in the request or in Chapter 2 of "Pay Any Price: Greed, Power, and the Endless War."

3. As set forth more specifically below, your requests violate Rules 26 and 45 of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 26(c), 45(d)(1), (d)(3), on the grounds, *inter alia*, that they are overly broad, unduly burdensome, unreasonably cumulative and duplicative, and fail to describe the information sought with reasonable particularity, and to the extent they call for the production of privileged information.  Compliance with these requests will impose substantial burdens that will detract from the mission of the CIA.

4. The CIA specifically objects to your deposition requests on the ground that they are overly broad, unduly burdensome, unreasonably cumulative and duplicative, and fail to describe the information sought with reasonable particularity.  The request seeks to depose 4 current or former CIA employees concerning at least 12 topic areas.  Depositions of current or former CIA officials in third party litigation impose substantial burdens on the CIA's mission in light of the need to ensure that any U.S. Government information is authorized for disclosure and that any classified national security information is not disclosed.  Again without confirming or denying any allegation or statement, you seek to depose several current or former high-ranking agency officials on an extraordinarily broad range of topics and matters in which the CIA was allegedly involved, going back over a decade.  Your deposition requests are also "unreasonably cumulative [and] duplicative," *see* Fed. R. Civ. P. 26(b)(2)(C)(i), in that many of the topics on which you seek deposition testimony are covered in your requests for agency documents.

5. The CIA also specifically objects to your document requests on the ground that they are overly broad, unduly burdensome, unreasonably cumulative and duplicative, and fail to describe the information sought with reasonable particularity, and to the extent they call for the production of classified national security or other privileged information.  In particular, many of the requests seek information that would be expected to be

    substantially duplicative of information contained in and cited by defendants in officially released public reports.  *See*, Defs. Mot. Dismiss at 36, ECF No. 25.

6. The document requests also seek information that is otherwise available from sources that are more convenient, less burdensome, and/or less expensive.  Defendants are currently seeking the same information and material in the instant action from plaintiff.  For example, defendants seek a copy of Mr. Montgomery's software from the CIA when it currently has obtained a court order in the instant action for production of such software from plaintiff.  *See* Post Discovery Hearing Order dated August 22, 2015, ECF No. 107.

7. The subpoena "fails to allow reasonable time for compliance." Fed. R. Civ. P. 45(d)(3)(A)(i).  The subpoena was served on October 2, 2015, and requests production of documents by October 21, 2015.  Given the breadth of the subpoena, 12 working days does not even come close to providing sufficient time for CIA to ascertain whether and to what extent the CIA can provide any response to the request.

8. You have not satisfied your burden of establishing that the requested information is relevant to [your clients'] defenses.  For example, you assert that the testimony sought is needed to support your clients' defenses in this action, including "information essential to answering questions that are central to the element of falsity in Montgomery's libel claim."  Ratner Declaration at 3.  The validity of these defenses turns, however, on what the defendants knew or should have known at the time of the challenged statements, not on what the government knew.  *See, Don King Prods. v. Walt Disney Co.*, 40 So. 3d 40, 43 (Fla. Dist. Ct. App. 4th Dist. 2010) (in the context of defamation, actual malice is defined as knowledge that the statement was false or reckless disregard of whether it was false or not. [*citing New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, (1964)]); in assessing "reckless disregard," the court found that a showing of "reckless disregard" requires "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Id*. (*quoting* the Supreme Court in *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).  As a result, your requests are also not "reasonably calculated to lead to the discovery of admissible evidence," and the burden and expense of providing the requested testimony would outweigh its likely benefit in the underlying action.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(iii).

    The foregoing objections are not exclusive, and the CIA reserves the right to assert further objections in response to the subpoenas requesting documents and testimony as appropriate, including, but not limited to, privileges and protections such as the attorney-client privilege, the work product doctrine, the deliberative process privilege, and the need to withhold classified information.

* * *

      For all these reasons, CIA objects to the subpoenas and has not authorized the production of the requested documents or deposition testimony at the date, time, and place specified on the subpoenas. You will be advised once the CIA has made a final decision on your requests pursuant to its *Touhy* regulations.

                                              Sincerely,

                                              _____/s/_____
                                              Raphael O. Gomez