# Exhibit 2

**CENTRAL INTELLIGENCE AGENCY**
WASHINGTON, D.C. 20505

**Office of General Counsel**

```
                              DIR-OGC-LD-50021
                              13 November 2015
```

Ms. Laura Handman
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006

    RE:  <u>Dennis L. Montgomery v. James Risen, et al.</u>, No. 15-cv-20782 (S.D.Fla.)

Dear Ms. Handman:

    We are in receipt of your October 2, 2015 subpoenas to the Central Intelligence Agency ("CIA") seeking the production of CIA documents and electronically stored information, as well as the testimony of four current or former CIA officials. For the reasons set forth below, the CIA declines to authorize CIA employees, current or former, to testify or produce information related to or based upon materials contained in the files of the CIA in connection with the above-referenced matter. In addition, the CIA declines to search its records for information that might be responsive to your demand, except for the information discussed below.

    The CIA conducted a search of its records and did not locate "a copy of Montgomery's software, including but not limited to video compression software or noise filtering software Montgomery allegedly used to detect hidden Al Qaeda messages in Al Jazeera broadcasts." <u>See</u> paragraph 7e, Ratner Declaration.

    The CIA declines to conduct a search or provide any further information in response to your demand for the following reasons. First, undertaking a search for the records you seek would unduly interfere with the orderly conduct of CIA's functions. 32 C.F.R. § 1905.4(c)(3)(vi). Such searches are carried out by intelligence professionals who must first identify the offices and databases (if any) reasonably likely to contain responsive records, and then

Laura Handman

develop search terms to be used in conducting searches for any potentially responsive information. These professionals have duties and responsibilities beyond conducting searches in response to demands from litigants in private lawsuits, and a search in this case would divert critical CIA resources away from its statutory mission to, among other things, collect, correlate, and evaluate intelligence related to the national security. Processing and producing responsive records, if any existed, would consume even more CIA resources.

    Second, the CIA is a clandestine intelligence service and most of our information is classified. Even if the CIA were to devote Agency resources to searching for records that might pertain to your private lawsuit, responsive records (if there were any) would almost certainly be classified or otherwise privileged from disclosure and hence unavailable to you. The disclosure or production of classified information or records, including any acknowledgment that such information or records exist, would violate the Executive Order governing classified information and CIA's statutory responsibility to protect intelligence sources and methods, 32 C.F.R. § 1905.4(c)(3)(ii), and reasonably could be expected to cause damage to the national security.

    Consistent with the above, the CIA will not, in response to demands from litigants in a private lawsuit, confirm or deny details concerning its intelligence operations as reflected in media reports or publications, particularly when those reports are based in part on anonymous sources, non-official disclosures, or unauthorized disclosures. Responding to demands for information in private litigation in the wake of such media reports, including where individuals who wrote the reports were subsequently sued by private parties, would impose unreasonable burdens on the Agency to frequently address media allegations concerning its mission in third-party discovery.

    Third, and for the same reasons outlined above, your demand for the testimony of four current or former employees of the Agency is also denied. As a general

2

Laura Handman

matter, the CIA cannot make current or former employees available for depositions or testimony whenever a demand for information arises – particularly in litigation to which the CIA is not a party – because to do so would unduly interfere with the conduct of CIA's mission.

   Current and former senior CIA officials and employees acquire a wide range of classified national security information as part of the performance of their official duties, and the time and resources involved in preparing them for depositions, identifying and limiting any testimony at their depositions in order to avoid the disclosure of classified information, and reviewing the resulting transcripts, would impose a significant and unreasonable burden on CIA resources.  Again, this is especially true in litigation between private parties involving a private dispute, where the matters at issue have been prompted by publications concerning alleged CIA activities based on non-official disclosures and anonymous sources.

   If you have any questions regarding this response, I can be reached at (703) 874-3146.

                                        Sincerely,

                                        JoDean Morrow
                                        Assistant General Counsel

cc: Raphael Gomez, Department of Justice