UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-20782-CIV-MARTINEZ/GOODMAN

DENNIS L. MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN AND
HOUGHTON MIFFLIN HARCOURT
PUBLISHING CO. AND HMH
HOLDINGS, INC.

    Defendants.

_____/

ORDER SCHEDULING HEARING
ON DEFENDANTS' SPOLIATION SANCTIONS MOTION
(WITH SPECIFIC, ADDITIONAL REQUIREMENTS)

*"Questions, I've got some questions."*

- Jack Johnson, from his "Questions" song[1]

Although the parties have not specifically requested oral argument concerning Defendants' spoliation sanctions motion [ECF No. 166], the Undersigned believes that such a hearing will be useful for the Court to clarify the issues raised by the motion, response [ECF No. 178] and reply [ECF No. 184]. Therefore, the Undersigned is setting oral argument for Tuesday, January 5, 2016 at 2:00 PM in the Miami Division before Magistrate Judge Jonathan Goodman.

---

[1]    From the "Curious George" soundtrack album (Brushfire, Universal, 2006).

Additionally, the Undersigned is offering the parties the opportunity to file **under-seal** five (5) specific questions which they would like the Undersigned to ask opposing counsel at the hearing. The questions may be about the factual record, the law, the exhibits, the arguments raised in the briefing or any other issue relevant to the Undersigned's analysis of the spoliation sanctions motion. To the extent that the questions (which should be precise and pinpoint) concern exhibits, the parties may attach relevant exhibits to the list of questions. However, the parties should not indiscriminately file massive numbers of exhibits, nor should they file exhibits which run on for dozens of pages. Although the Undersigned will carefully review all questions submitted, the mere fact that a party submitted a question does not necessarily mean that the Undersigned will in fact ask that specific question (or any of the questions, for that matter). The Undersigned may ask a question, may modify a question, may combine the question with another or may decide to skip the question entirely.

The Undersigned emphasizes that the submission of questions is *optional*, not mandatory. If the parties opt to submit questions, then they must be filed under seal on CM/ECF by Monday, December 28, 2015. In addition, if a party decides to take advantage of this opportunity, then that party shall also submit a courtesy copy of the under-seal questions (and related exhibits) to the Undersigned's chambers by the same deadline. The courtesy copy may be hand delivered or it may be submitted to the

Undersigned's e-file inbox. The questions and exhibits need **not** be served on opposing counsel, however.

Furthermore, the parties shall also by the same December 28, 2015 deadline submit a supplemental memorandum of law on the following issues:

1. What is the standard of proof which the Court must use to evaluate the factual predicate for the sanctions motion? Clear and convincing evidence, preponderance of the evidence or some other standard?

2. May a sanctions order be entered if there is a factual dispute on a material factual issue? For example, Montgomery initially said he submitted the software to the FBI but then later said that he does not know if the software was actually included in the material he submitted to the FBI. Is the Court required to resolve that dispute in order to enter the sanctions order Defendants request or is it prohibited from making such a factual finding?

3. Phrased differently, do spoliation sanctions orders always have to be based on a factual record containing agreed facts or unrebutted facts or non-disputed facts?

4. Can a party avoid a spoliation sanctions award by simply changing his testimony or position on the circumstances surrounding the alleged spoliation after the spoliation issue has been raised by the opposing party? If not, then are there *any* circumstances under which a party could avoid an award after modifying, clarifying or

even changing his factual position? If there are such circumstances, then what are they, and would they apply here?

5.  May the Court enter a sanctions order by determining that Montgomery is bound by his initial position and consequently cannot avoid a sanctions order by now saying he does not know if he actually turned over the software?

6.  Given the factual dispute described above, does the Court need to conclude that Montgomery *lied* in his second position (i.e., when he said he did not know if he turned over the software to the FBI) in order to enter a sanctions award?

7.  Why should I not conclude that Montgomery was merely *mistaken* when he initially advised that he turned over the software to the FBI?  On the other hand, why should I permit Montgomery to avoid a sanctions motion by simply changing his story about the software? If I allow Montgomery to avoid a sanctions motion by changing his position, then would that approach allow most, if not all, parties to escape an otherwise meritorious sanctions motion by merely saying, in effect, "Oh, never mind, I was confused or mistaken when I said what I said about the item" (which cannot now be inspected by the other side)?

8.  Is the Court able to enter a sanctions award short of a default or an order striking the Plaintiff's claim based on a non-binding finding that Montgomery rendered the software unavailable by turning it over to the FBI without maintaining a copy but permitting the jury to make the *final* determination? If so, what are the consequences

flowing from a sanctions order based on a judicial finding that Plaintiff "spoliated" the software (by giving it to the FBI without retaining a copy) and a later jury finding that Plaintiff did not actually have the software and therefore did not turn it over to the FBI?

9. Assuming that I find that Montgomery had the software and turned it over to the FBI without maintaining a copy, does that constitute spoliation (which is the "destruction, mutilation, alteration or concealment of evidence")? The software was not destroyed, mutilated or altered, as it was turned over to the FBI and presumably still exists in the same form. So could it be considered "concealed" when all parties (and the Court) know exactly where it is (i.e., with the FBI)? Can spoliation sanctions be imposed when a critical piece of evidence is intentionally made temporarily *unavailable* but not actually destroyed, altered, mutilated, or concealed?

10. Does the new, amended Rule of Civil Procedure 37(e), which is effective as of December 1, 2015, govern the spoliation sanctions motion (which is based on conduct occurring before December 1, 2015)?

11. New Rule 37(e), which concerns "failure to preserve electronically stored information," applies when ESI is "lost." The Advisory Committee Notes to the 2015 Amendment explain that "the new rule applies only" when ESI is "lost." Do the circumstances here fit into that category?

12. Concerning the burden of proof questions listed above, the Advisory Committee Notes to the 2015 Amendment discuss the severe sanctions authorized by

subsection (e)(2),[2] which requires a finding that the party "acted with the intent to deprive another party of the information's use in the litigation." The Notes explain that "[i]f a court were to conclude that the intent finding should be made by a **jury**, the court's instruction should make clear that the **jury** may infer from the loss of the information that it was unfavorable to the party that lost it only if the jury first finds that the party acted with the intent to deprive another party of the information's use in the litigation." (emphasis added). The Notes also explain that the finding may be made by "the court on a pretrial motion." How, if at all, do these Notes clarify the burden of proof questions and issues about who -- the court or the jury -- should resolve the issues?

The double-spaced memoranda may not exceed fifteen (15) pages, excluding signature block and certificate of service.

**DONE AND ORDERED** in Chambers, in Miami, Florida, December 8, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Hon. Jose E. Martinez
All Counsel of Record

---

[2] Rule 37 (e)(2) authorizes relief such as dismissal of the action, which is the type of extreme remedy Defendants seek here in their sanctions motion.