UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS MONTGOMERY,

   Plaintiff,

v.

JAMES RISEN et al.,

   Defendants.
_____/

# DEFENDANTS' RESPONSE TO
# PLAINTIFF'S MOTION TO RESET HEARING OF JANUARY 5

| **HOLLAND & KNIGHT LLP** | **DAVIS WRIGHT TREMAINE LLP** |
|---|---|
| Sanford L. Bohrer | Laura R. Handman (admitted *pro hac vice*) |
|  Sandy.Bohrer@hklaw.com |  laurahandman@dwt.com |
| Brian W. Toth | Micah J. Ratner (admitted *pro hac vice*) |
|  Brian.Toth@hklaw.com |  micahratner@dwt.com |
| 701 Brickell Avenue, Suite 3300 | 1919 Pennsylvania Ave., NW, Suite 800 |
| Miami, Florida  33131 | Washington, D.C.  20006 |
| Tel: (305) 374-8500 | Tel.: (202) 973-4200 |
| Fax: (305) 789-7799 | Fax: (202) 973-4499 |

*Counsel for Defendants*

Defendants oppose Plaintiff's Motion to Reset Hearing of January 5, 2015 [sic] (the "Motion"), ECF No. 193. "A continuance of any … hearing will be granted only on exceptional circumstances." S.D. FLA. L.R. 7.6. A court may grant a continuance only "upon written notice served and filed at the earliest practical date prior to the … hearing, and supported by affidavit setting forth a full showing of good cause." *Id.* The Motion sets forth no exceptional circumstances, and it is not supported by any affidavit—let alone one setting forth a full showing of good cause. The Motion should be denied.

On December 8, the Court entered an Order Scheduling Hearing on Defendants' Spoliation Sanctions Motion (With Specific, Additional Requirements) (the "Order"). ECF No. 191. It is clear that the Court has already given careful consideration to Defendants' motion for sanctions and Plaintiff's arguments made in response to it. Among other things, the Order requires the parties to submit supplemental memoranda of law by December 28, and it scheduled oral argument for January 5, 2016. The Court gave the parties 27 calendar days' notice of the hearing date, more than ample for counsel to manage their calendars in order to appear.

In the Motion, Plaintiff's counsel—who is admitted to practice law in Florida, who uses a business address in Boca Raton, and who, on behalf of an alleged Florida citizen, brought this action in the Southern District of Florida—asks the Court to continue the hearing because he "was scheduled to be located on the west coast for business … and it would cause added expense to Plaintiff and a rearrangement of counsel's scheduled commitments for him to travel to Miami for this hearing on this date." Mot. ¶ 2. This unadorned statement is insufficient to constitute good cause. It is neither under oath in an affidavit (as required) nor does it describe "exceptional circumstances." Plaintiff's counsel does not deign to say what that "business" entails, much less why said "business" is more important than the hearing in a case where Plaintiff's counsel has

insisted on an expedited schedule and a trial date in March. Nor does Plaintiff's counsel even say that he is unavailable on January 5. Instead, Plaintiff's counsel cites just the inconvenience that goes along with the "rearrangement" of "commitments" and "added expense to Plaintiff." But inconvenience and added expense cannot amount to "exceptional circumstances" under Local Rule 7.6, because they are nearly always present when a court schedules a hearing in a case. *See* THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 618 (5th ed. 2011) (defining "exceptional" as "[d]eviating widely from a norm"). Further, it is not apparent why counsel's travel from California to Florida, where counsel practices law and brought this lawsuit on Plaintiff's behalf, should be a cost to Plaintiff.

Plaintiff's counsel also suggests that the hearing could be reset "for the following week, as Plaintiff's counsel will be back in Florida during that time." Mot. ¶ 3. He also argues that neither party would be prejudiced by rescheduling. *Id.* ¶ 4. Counsel is wrong. The January 5 hearing—and any order entered by the Court thereafter—could influence Defendants' reply in support of their motion for summary judgment, which is due January 11. Likewise, it could affect the court-ordered case mediation, which is scheduled for January 13. Thus, rescheduling would likely prejudice Defendants (if not the Court). Further, lead Defendants' counsel, Laura R. Handman, will be arguing for the appellees in the Eleventh Circuit in Miami on January 12 and is, consequently, unavailable that day. *See Michel v. NYP Holding, Inc.*, No. 15-11453.

Plaintiff and Plaintiff's counsel chose to file this action, and they chose to file it in the Southern District of Florida. With that choice—absent exceptional circumstances, of which there is none—comes the obligation to appear at hearings when *the Court* schedules them. Plaintiff's bare-bones Motion should be denied. *See McLean v. GMAC Mortg. Corp.*, 2008 WL 938894 (S.D. Fla. Apr. 7, 2008) (denying, per Local Rule 7.6, conclusory, affidavit-less motion to stay).

Dated: December 14, 2015    Respectfully submitted,

s/Brian W. Toth
Sanford L. Bohrer
Florida Bar No. 160643
sbohrer@hklaw.com
Brian W. Toth
Florida Bar No. 57708
brian.toth@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799

– and –

Laura R. Handman (admitted *pro hac vice*)
laurahandman@dwt.com
Micah J. Ratner (admitted *pro hac vice*)
micahratner@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., NW, Suite 800
Washington, D.C.  20006
Tel.: (202) 973-4200
Fax: (202) 973-4499

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on December 14, 2015, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

s/Brian W. Toth