UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 15-20782-CIV-MARTINEZ/GOODMAN**

DENNIS L. MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN, et al. ,

    Defendants.

_____/

## POST-SANCTIONS HEARING ADMINISTRATIVE ORDER

On January 5, 2016, the Undersigned held a motion hearing concerning Defendants' Motion for Sanctions [ECF No. 166]. At the conclusion of the hearing, the Undersigned **ORDERED** the following:

1.    Plaintiff shall,[1] by January 11, 2016, submit a list of authorities (*not* a memorandum of law) to support the view espoused at the hearing that a defamation plaintiff may prove **either** falsity **or** recklessness (and that recklessness can **substitute** for falsity). The list of authorities must show only the case citations that represent this proposition and (at most) a one-sentence summary of the holding. Defendants may, by January 13, 2016, submit a reciprocal list of authorities for the proposition that a

---

[1]    If Plaintiff's counsel concludes that there is no legal authority supporting his view that a defamation plaintiff need not establish falsity if he can establish recklessness or malice by the defendant, then he shall file a succinct notice advising the Court that his position is not supportable.

defamation plaintiff must show falsity, regardless of whether recklessness is demonstrated. Defendants' reciprocal list of authorities also must show only case citations and (at most) a one-sentence summary of the holding.

2. Plaintiff shall, by January 11, 2016, file a Notice of Filing pinpointing page numbers from the transcript of the August 21, 2015 Discovery Hearing [ECF Nos. 106; 110] where Plaintiff's counsel stated that Plaintiff was not sure if he actually possessed the software at issue and/or did not know if he, in fact, had turned it over to the FBI. To the extent that Plaintiff's counsel now claims that Plaintiff merely *thought* he possessed the software and turned it over (any equivocation -- i.e., "thought," "maybe," etc.), then Plaintiff shall pinpoint those instances from the hearing transcript.

3. Defendants shall, by January 11, 2016, file the video recording of Plaintiff's deposition conventionally with the Clerk's Office. The Clerk's Office is directed to accept the video recording on behalf of the Court and to hold it in the Records Section pending further Court Order. Additionally, Defendants shall, by the same January 11, 2016 deadline, deliver courtesy copies of the video recording to the Chambers of the Undersigned and to Plaintiff's counsel.

4.       Defendants shall, by January 11, 2016, file a Notice of Filing the "page-saver" version of the entire transcript of Plaintiff's deposition on CM/ECF.

**DONE AND ORDERED** in Chambers, at Miami, Florida, January 6, 2016.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
The Honorable Jose E. Martinez
All counsel of record