IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-20782-Martinez-Goodman

DENNIS MONTGOMERY,

        Plaintiff,

v.

RISEN, ET AL.

        Defendants.

_____/

**PLAINTIFF'S LIST OF AUTHORITIES PURSUANT TO ORDER OF JANUARY 6, 2016**

Pursuant to Magistrate Judge Goodman's Order of January 6, 2016, Plaintiff Dennis Montgomery presents the following case authorities which stand for the notion that it is not necessary for a statement to be false in order for it to be defamatory, and thus it is not necessary for the plaintiff to prove falsity as a prerequisite to recover from Defendants' libelous statements:

*Finch v. Vernon*,
    **877 F.2d 1497, 1504 (11th Cir. 1989)**.

("Publication of a true statement if done with ill will can be defamatory. *See* Fla. Const. Art. I § 4 (statement not libelous if true and published with good motive).").

*Lewis v. Evans*,
    **406 So. 2d 489, 492 n. 2 (Fla. Dist. Ct. App. 1981).**

("In Florida, truth is not always an absolute defense to defamation. In order to avoid liability, a 'good motive' must also be shown.").

*Noonan v. Staples, Inc.*,
    **556 F.3d 20, 26 (1st Cir. Mass. 2009).**

("The truth or falsity of the statement is immaterial, and the libel action may proceed, if the plaintiff can show that the defendant acted with 'actual malice' in publishing the statement.").

*Salazar v. City of Albuquerque*,
    **2014 U.S. Dist. LEXIS 160250, 81-82 (D.N.M. Oct. 27, 2014)**.

("The court must first examine what defamatory inferences might reasonably be drawn from a materially true communication, and then evaluate whether the author or broadcaster has done something beyond the mere reporting of true facts to suggest that the author or broadcaster intends or endorses the inference.").

*Tannerite Sports, LLC v. NBCUniversal Media LLC*,
    **2015 U.S. Dist. LEXIS 134862 (S.D.N.Y. Oct. 1, 2015).**

("Defamation by implication is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements.").

*White v. Fraternal Order of Police*,
    **909 F.2d 512, 522-523 (D.C. Cir. 1990).**

(The defamatory meanings which the court found the letters capable of bearing were that plaintiff used illegal drugs and that he was involved in illegal conduct -- bribery -- to secure his promotion. However, nowhere did the letters directly express [false] assertions to this effect; rather the defamatory meanings are derived by implication, thus it is the defamatory implication -- not the underlying assertions giving rise to the implication -- which were examined to discern whether the statements are entitled to full constitutional protection.).

Dated: January 11, 2016

                                                Respectfully submitted,

                                                /s/ Larry Klayman
                                                Larry Klayman
                                                Klayman Law Firm
                                                FL Bar No. 246220
                                                7050 W Palmetto Park Rd.
                                                Suite 15-287
                                                Boca Raton, FL 33433
                                                (310) 595-0800
                                                leklayman@gmail.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of January, 2016, a true and correct copy of the foregoing was filed and served via CM/ECF upon the following:

**Sanford Lewis Bohrer**
**Brian Toth**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
Email: sbohrer@hklaw.com
Email: brian.toth@hklaw.com

**Laura R. Handman**
**Micah Ratner**
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington D.C. 20006-3401
Email: laurahandman@dwt.com
Email: MicahRatner@dwt.com

*Attorneys for Defendants*

                                                   */s/ Larry Klayman*
                                                   Larry Klayman, Esq.