IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-20782-Martinez-Goodman

DENNIS MONTGOMERY,

        Plaintiff,

v.

RISEN, ET AL.

        Defendants.
_____/

**PLAINTIFF'S SUPPLEMENT TO MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL AND REMOVE FROM PROTECTIVE ORDER**

In our original motion, filed earlier today, Plaintiff Dennis Montgomery advised the Court that we would seek the consent of the Defendants and the third party defendants in this case over documents produced by Simon and Shuster, Priscilla Painton (editor of Simon and Shuster) and Tina Bennett (Defendant's literary agent) with regard to whether they would consent to this motion to seal pending the Court's decision to remove the produced documents as ordered by the Honorable Denise Cole of the U.S. District Court for the Southern District of New York. See Exhibit 1 -- Attached order of Judge Cole.

These documents contain nothing confidential and are material and highly probative to the underlying issues of this case, and in particular Defendants pending dispositive motion for summary judgment. As Magistrate Judge Jonathan Goodman stated at the hearing of January 5, 2016, sealing and placing documents under protective order is extremely disfavored. Indeed, at the hearing I asked Magistrate Judge Goodman if I could discuss and provide a copy of the

1

subject documents to him and he responded as follows, underscoring that the documents should not properly be under protective order and can be discussed in any event.

> **Mr. Klayman**: We did get documentation on December 15th. That documentation's very important. I have copies of it here today, if your Honor should ask a question in that regard.
>
> The documentation that we got was from the first publisher -- presumed publisher of Mr. Risen, Simon & Schuster, and his literary agent, Tina Bennett. And the book was turned down by Simon & Schuster, rejected.
>
> That documentation shows as we read the documentation -- and we have stipulated to its authenticity -- that Mr. Risen did not have sufficient information about what he wrote concerning Mr. Montgomery. That was one of the serious concerns I interpret the documents to say in moving forward with publishing at Simon & Schuster.
>
> It also -- the documentation also shows -- and I would ask that this be put under protective order for the time being, because we've agreed that it's subject to declassification, my characterization of the documents. So if the court reporter could keep this off the record -- off the public record for right now.
>
> **The Court:** Well, Mr. Klayman, I have to tell you --I've indicated this before -- I am not a big proponent of sealing hearings, sealing documents, sealing comments merely because a party or a lawyer prefers that the comment not be available for review by the public. Quite to the contrary, the general rule is that the courts are open to the public.

Transcript of Hearing of January 5, 2015 at p. 8, Exhibit 2.

Plaintiff did not attach the documents to his opposition to Defendants summary judgment motion but, pursuant to Magistrate Judge Goodman statements believed that they could quote the key portions of the documents in the pleadings, since this did not go beyond what Plaintiffs' counsel was assured by the Magistrate Judge he could discuss at the hearing of January 5, 2016.

Defendants and the third party defendants have now advised that they do no consent to the documents either being filed under seal or removed from protective order, and ask that Plaintiff submit a redacted version of it summary judgment opposition pleadings.

The obvious reason that Defendants and the third party defendants are so "defensive" about these documents is because they are "smoking guns," which go, along with other cited evidence, that Simon and Shuster literarily threw Defendant and his book out the door, since it did not have any verifiable facts to back up the defamation of Mr. Montgomery. These documents go to the heart of the issues in this case.

Thus, to moot out this impasse with regard to these highly relevant and crucial documents, which have been authenticated as true and correct (See exhibit 3), Plaintiff respectfully requests that the documents, pursuant to Magistrate Judge Goodman's observations and statements at the hearing of January 5, 2016, be ordered to be no longer under protective order.

Dated: January 15, 2016

                                                    Respectfully submitted,

                                                    */s/ Larry Klayman*
                                                    Larry Klayman, Esq.
                                                    Klayman Law Firm
                                                    FL Bar No. 246220
                                                    7050 W Palmetto Park Rd.
                                                    Suite 15-287
                                                    Boca Raton, FL 33433
                                                    (310) 595-0800
                                                    leklayman@gmail.com
                                                    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of January, 2016, a true and correct copy of the foregoing (Case No. 15-cv-20782) was filed by hand with the U.S. District Court for the Southern District of Florida and served via CM/ECF or U.S. Mail upon the following:

Via CM/ECFL:

Sanford Lewis Bohrer
Brian Toth
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
Email: sbohrer@hklaw.com
Email: brian.toth@hklaw.com

Laura R. Handman
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington D.C. 20006-3401
Email: laurahandman@dwt.com

Via U.S. mail and email:

Bruce Steven Rosen
McCusker, Anselmi, Rosen, Carvelli, P.C.
805 Third Avenue
12th Floor
New York, NY 10022

Kevin H. Marino
Marino Tortorella & Boyle, P.C.
437 Southern Boulevard
Chatham, NJ 07928-1488

                                       */s/ Larry Klayman*

                                       Larry Klayman, Esq.