IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-20782-Martinez-Goodman

DENNIS MONTGOMERY,

    Plaintiff,

v.

RISEN, ET AL.

    Defendants.
_____/



FILED by _____ D.C.
JAN 15 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL AND TO REMOVE DOCUMENTS FROM PROTECTIVE ORDER

Plaintiff Dennis Montgomery hereby moves, pursuant to Rule 5.4(b) of the Local Rules for the U.S. District Court for the Southern District of Florida, for leave to file the documents labeled as Exhibit A under seal.

Plaintiff is moving to file the attached documents under seal as they have been designated confidential by non-parties Simon & Schuster, Priscilla Painton, and Tina Bennett pursuant to Magistrate Jonathan Goodman's Protective Order Concerning Confidential Information (Docket No. 89). These documents were produced by the non-parties pursuant to a subpoena issued by Plaintiff.

Plaintiff indicated in his Opposition to Defendants' Motion for Summary Judgement that he would be moving to file these documents under seal, as he is relying on them in his opposition to the summary judgment motion. These documents are being used as Exhibit 6 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, as we as Exhibit 10 to Plaintiff's Statement of Disputed Material Facts, as was indicated in those pleadings.

These documents have been designated as confidential as provided in page 4 of Magistrate Judge Goodman's Protective Order Concerning Confidential Information (Docket No. 89). Magistrate Judge Goodman's Order Provides:

> Any party in this Action or any third party to whom a subpoena is issued in this Action (a "Producing Party") may designate any material that it produces (including, but not limited to, exhibits, documents, and things; answers to interrogatories; responses to requests for admissions; responses to requests for production; and declarations, affidavits, and deposition testimony or transcripts, including the information contained therein whether in note or summary form) as "confidential" only if the material contains information that is proprietary or unduly sensitive to the Producing Party and is not otherwise in the public domain.

Docket No. 89 -- Protective Order Concerning Confidential Information (Emphasis added).

However, as indicated by Magistrate Judge Goodman in the hearing of January 5, 2016, sealing documents is not favored by this Court:

> **Mr. Klayman**: We did get documentation on December 15th. That documentation's very important. I have copies of it here today, if your Honor should ask a question in that regard.
>
> The documentation that we got was from the first publisher -- presumed publisher of Mr. Risen, Simon & Schuster, and his literary agent, Tina Bennett. And the book was turned down by Simon & Schuster, rejected.
>
> That documentation shows as we read the documentation -- and we have stipulated to its authenticity -- that Mr. Risen did not have sufficient information about what he wrote concerning Mr. Montgomery. That was one of the serious concerns I interpret the documents to say in moving forward with publishing at Simon & Schuster.
>
> It also -- the documentation also shows -- and I would ask that this be put under protective order for the time being, because we've agreed that it's subject to declassification, my characterization of the documents. So if the court reporter could keep this off the record -- off the public record for right now.
>
> **The Court:** Well, Mr. Klayman, I have to tell you --I've indicated this before -- I am not a big proponent of sealing hearings, sealing documents, sealing comments merely because a party or a lawyer prefers that the comment not be available for review by the public. Quite to the contrary, the general rule is that the courts are open to the public.

Transcript of Hearing of January 5, 2015 at p. 8, *see* Exhibit 18 of Plaintiff's Statement of Disputed Material Facts; *see also* Exhibit 1 of Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment.

Given Plaintiff's reliance on these documents in his opposition to Defendants' Motion for Summary Judgment, Plaintiff was left with no choice but to file them under seal for the time being. However, Plaintiff will be moving the Court to unseal the documents in a timely manner as they will be necessary for his case against Defendants.

Plaintiff sought consent for this motion from Defendants, as well as from counsel for non-parties Simon & Schuster and Tina Bennett. As of the time of the filing of this motion, Plaintiff has not heard a definitive response from Defendants' counsel or from non-parties' counsel regarding consent to this motion.

Plaintiff will therefore supplement, but wanted to file this motion on the record as soon as possible so the Court may begin full review of Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that leave be granted for him to file the documents that have been attached as Exhibit A under seal and that the documents be ordered removed from the protective order.

Dated: January 14, 2016

Respectfully submitted,

Patricia Amado on behalf of
Larry Klayman, Esq.       Larry Klayman, Esq
Klayman Law Firm
FL Bar No. 246220
7050 W Palmetto Park Rd.
Suite 15-287

3

Boca Raton, FL 33433
(310) 595-0800
leklayman@gmail.com
Attorney for Plaintiff

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January, 2016, a true and correct copy of the foregoing (Case No. 15-cv-20782) was filed by hand with the U.S. District Court for the Southern District of Florida and served via U.S. Mail upon the following:

Sanford Lewis Bohrer
Brian Toth
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
Email: sbohrer@hklaw.com
Email: brian.toth@hklaw.com

Laura R. Handman
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington D.C. 20006-3401
Email: laurahandman@dwt.com

Bruce Steven Rosen
McCusker, Anselmi, Rosen, Carvelli, P.C.
805 Third Avenue
12th Floor
New York, NY 10022

Kevin H. Marino
Marino Tortorella & Boyle, P.C.
437 Southern Boulevard
Chatham, NJ 07928-1488

*Patricia Amado*, Patricia Amado on behalf of Larry Klayman, Esq.
Larry Klayman, Esq.