UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20782-MARTINEZ/GOODMAN

DENNIS MONTGOMERY,

    Plaintiff,

v.

JAMES RISEN et al.,

    Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMOVE DOCUMENTS FROM PROTECTIVE ORDER AND CROSS-MOTION TO MAINTAIN DOCUMENTS UNDER SEAL**

On January 15, 2016, Plaintiff moved this Court pursuant to Local Rule 5.4(b) for leave to file certain non-party documents designated confidential under seal but, more critically, to remove them from the protective order entered in this case.  ECF No. 236.  On the same date, Plaintiff submitted a supplement to his motion indicating, correctly, that Defendants and the non-parties did not consent to his request.  ECF No. 235.  The documents at issue were designated confidential by Simon & Schuster ("S&S"), Priscilla Painton, and Tina Bennett, Defendant James Risen's literary agent (collectively, the "Non-Parties") pursuant to the Protective Order Concerning Confidential Information entered in this case.  *See* ECF No. 89 ¶ 1.  Defendants oppose Plaintiff's request to remove the subject documents from the Protective Order because the Non-Parties have consistently asserted that the documents contain proprietary and sensitive editorial information.  *Id*.  Defendants further request that Plaintiff be required to substitute a redacted version of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Plaintiff's Statement of Disputed Facts, and the depositions of James Risen and Bruce Nichols

1

(ECF Nos. 234-3 and 234-2, respectively) to remove those portions which are designated confidential under the Protective Order.

By way of background, Plaintiff sought testimony and documents from the Non-Parties following the deposition of Mr. Risen's editor, Bruce Nichols, as the 30(b)(6) witness for Defendants Houghton Mifflin Harcourt Publishing Company and Houghton Mifflin Harcourt Company (collectively, "HMH").  Mr. Nichols testified that he had been Mr. Risen's editor on his previous book, published by S&S, and, while there, had acquired this book.  He then left S&S and the new S&S editor who inherited Mr. Risen's book had concerns about the book's organization requiring work that could delay publication.  By that time, Mr. Nichols had joined HMH so, unsurprisingly, Mr. Risen, through his agent, decided to move the book to HMH and S&S relinquished its rights and was reimbursed for the advance it had given Mr. Risen for the book.  Nichols Dep. Tr. 20:18-30:19, ECF No. 234-2.

After a hearing in the Southern District of New York, on December 1, Judge Cote issued an order narrowing the subpoena to documents "that indicate whether [S&S] communicated its reasons for its decision not to publish Pay Any Price to Mr. Risen, Ms. Bennett, or [HMH], and, if such documents exist, they must be produced to the extent they discuss passages in the Book related to Dennis Montgomery, the timing of the publication date, or the organization of the book."  ECF No. 235-1.  On December 15, the Non-Parties produced redacted documents marked "confidential" under ¶ 1 of the Protective Order in this case and Plaintiff decided to forego depositions of the Non-Parties.  On December 30, in response to a request by Plaintiff's counsel, counsel for the Non-Parties declined to waive confidentiality.  (Attached as Exhibit A are emails dated December 30, 2015 from Bruce Rosen, as counsel for S&S and Painton, and Kevin Marino, as counsel for Bennett).  Accordingly, when Plaintiff filed on January 13 his

Opposition to Defendants' Motion for Summary Judgment, the documents produced by the Non-Parties were referenced as being filed under seal and were not included in the public filing in his Opposition.  Pl.'s Summ. J. Opp. Br. 18, ECF No. 233; Pl's Summ. J. Opp. Br., Ex. 6, ECF No. 233-6 (cover sheet notes "Documents currently under protective order.  Documents are being filed under seal subject to removal from protective order."); Pl.'s Statement of Disputed Facts, Ex. 10, ECF No. 234-10.  Notwithstanding that Plaintiff's counsel clearly understood these documents continued to be subject to the Protective Order, he included *verbatim* quotes from the sealed documents in his Opposition Brief at 17-18 and in his Statement of Disputed Facts ¶ 68, in clear violation of this Court's Protective Order.  *See* Protective Order ¶¶ 8-9, ECF No. 89.

*After* placing the unredacted pleadings in the public record, Plaintiff notified Defendants on January 14 of his intent to seek to remove the documents from the Protective Order the following day.  On January 15, counsel for the Non-Parties again confirmed their position to not waive confidentiality and, accordingly, Defendants refused to consent to Plaintiff's Motion to Remove the Non-Parties documents under seal and demanded that Plaintiff take the necessary steps to substitute a redacted version of the Opposition.[1]  (Attached as Exhibit B are emails dated January 15, 2016 from counsel for Defendants and the non-parties to counsel to Plaintiff).

The documents contain proprietary or otherwise unduly sensitive information subject to protection under Fed. R. Civ. P. 26(c).  District courts in the Eleventh Circuit routinely permit

---

[1] Plaintiff further violated the Court's Protective Order by filing entire copies of the Deposition Transcripts of James Risen and Bruce Nichols, without redacting the portions of the transcripts marked confidential by Defendants.  For example, the depositions included confidential proprietary information regarding the compensation Risen received under his publishing deal.  *See* Risen Dep. Tr. 190:20-194:19; 299:17-300:4, ECF No. 234-3; Nichols 10-14-15 Dep. Tr. 85:21-87:14, ECF No. 234-2.  The depositions also included discussion of Risen's personal wealth.  *See* Risen Dep. Tr. 346:18-348:23, ECF No. 234-3.  These documents should be withdrawn and refiled in redacted form consistent with Defendants' confidentiality designations under the Protective Order.

3

confidential or proprietary information to be filed under seal.  *See, e.g.*, *NXP B.V. v. Research in Motion, Ltd.*, No. 6:12-cv-498-Orl-22TBS, 2013 WL 4118053, at *1-2 (M.D. Fla. Aug. 12, 2013) (granting motion to seal confidential and proprietary information designated as such in accordance a protective order); *R.W.D. Innovative Specialty Trims LLC v. Oehme*, No. 4:12cv599-WS/CAS, 2013 WL 5460277, at *1 n.1 (N.D. Fla. July 18, 2013) ("Due to discussions on the record concerning proprietary business information, the transcript of the hearing has been filed under seal.").  Here, the information to be filed under seal is confidential and proprietary because the documents reflect confidential and sensitive editorial and newsgathering information for which the Non-Parties have indicated they want to maintain confidentiality and designated the material as such in accordance with Paragraph One of the Court's Protective Order.

      The Court is confronted with the problem of trying to close the barn door ***after*** the horses are gone, since the unredacted documents are already on the public record, before the Court has had a chance to review and rule – exactly what the Protective Order was designed to prevent.  Plaintiff's counsel attempts to excuse this violation by suggesting that the Court's discussion at the January 5 sanctions hearing about whether the courtroom had to be closed when Plaintiff's counsel made a general reference to these documents, led him to believe it was permissible to file in the public record unredacted pleadings with verbatim quotations from confidential documents.  But that, of course, is belied by the transcript of the January 5 hearing,[2] Plaintiff's own filing of these documents under seal, his own motion to seal.

---

[2]     Jan. 5 Hr'g Tr. 9, 11, ECF No. 233-1, (Judge Goodman:  "So the fact that you [Mr. Klayman] choose to describe certain documents the way you did – you didn't really disclose any specifics, it's just your opinion of what they showed to me – is not the kind of comment that would generate an under-seal justification."  "So far, you've just made some general, generic, somewhat vague comments about your opinions on what these documents show or not.").

In opposition to Plaintiff's motion and as relief in their cross-motion, Defendants request:

*One*, the Non-Party documents contained in Plaintiff's Exhibit 6 to his Opposition to the Motion for Summary Judgment (ECF No. 233-6) and Exhibit 10 to Plaintiff's Statement of Disputed Facts (ECF No. 234-10) continue under seal to prevent further dissemination and misuse;

*Two*, Plaintiff be ordered to substitute within 48 hours a redacted version of his Opposition Brief and Statement of Disputed Facts, or, in the alternative, in view of the public dissemination, Defendants be able to respond in their Reply to the outright misstatements and misleading omissions that Plaintiff has included in the public record, by including, where necessary, quotations from the sealed documents; and

*Three*, Plaintiff substitute within 48 hours in the public record redacted versions of the depositions of Mr. Risen and Mr. Nichols, removing the sections Defendants previously advised Plaintiff were confidential, *see* note 1.

Dated: January 19, 2016                                         Respectfully submitted,

s/_____
Sanford L. Bohrer
Florida Bar No. 160643
sbohrer@hklaw.com
Brian W. Toth
Florida Bar No. 57708
brian.toth@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799

– and –

        Laura R. Handman (admitted *pro hac vice*)
        laurahandman@dwt.com
        Lisa B. Zycherman (admitted *pro hac vice*)
        lisazycherman@dwt.com
        DAVIS WRIGHT TREMAINE LLP
        1919 Pennsylvania Ave., NW, Suite 800
        Washington, D.C.  20006
        Tel.: (202) 973-4200
        Fax: (202) 973-4499

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 19, 2016, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

s/